UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN HUDOCK AND BREANN HUDOCK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>        Defendants. | Case No.<br>0:16-cv-01220-JRT-FLN<br><br><br><br>**PLAINTIFFS' OPPOSITION TO BEST BUY CO., INC, BEST BUY STORES, L.P., AND BESTBUY.COM, LLC'S MOTION TO DISMISS** |

# TABLE OF CONTENTS

Introduction ............................................................................................................ 1

Statement of Facts................................................................................................. 1

Argument ............................................................................................................... 4

    I.    Plaintiffs Have Sufficiently Pled All Claims Against Best Buy to
    Establish Article III Standing.................................................................. 6

    II.   Plaintiffs Have Made Specific Allegations Against All Three Best
    Buy Entities.............................................................................................. 11

    III.  Plaintiffs Have Made Specific Allegations of Fraud Against All Three
    Entities to Satisfy Rule 9(b) ...................................................................... 12

    IV.  Best Buy's Affirmative Defenses of Warranty Disclaimer and Failure
    of Notice Are Inappropriate for the Instant Motion and Otherwise
    Without Merit ........................................................................................... 14

    V.   Best Buy's Contract Defense Is Without Merit......................................... 20

Conclusion............................................................................................................. 21

## Introduction

In addition to adopting the arguments presented in LG's concurrently-filed motion to dismiss, Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC (collectively, "Best Buy" or "Defendants") proffer five independent arguments in support of their motion to dismiss. These arguments primarily rely on the assumption that Best Buy cannot be treated as a collective, but must be treated as three separate and distinct entities. This argument is belied by their motion, their contrary admissions in past litigation, and the fundamental legal principles of business entities. This notwithstanding, Plaintiffs have sufficiently alleged claims against all three Best Buy entities. As detailed below and in Plaintiffs' concurrently filed response to LG's motion to dismiss, Best Buy's motion must be denied in its entirety.

## Statement of Facts

This case concerns LG's and Best Buy's deceptive and misleading marketing and advertising practices concerning certain televisions manufactured by LG. As put forth in the Complaint, a defining and material specification of a television is its refresh rate, or Hz specification. Compl. ¶ 16. Televisions are commonly offered in 60Hz, 120Hz and, less common, 240Hz. It is understood that the refresh rate corresponds exactly to the Hz specification. The refresh rate, or Hz, of a particular television is also

1

commonly understood to indicate the number of times a television is capable of displaying a unique image per second. *Id.* ¶ 15. The higher the refresh rate (Hz specification) of a television, the more unique images are displayed per second allowing the television to display moving images more clearly, resulting in better picture quality and a better overall viewing experience.

Televisions are inherently limited to a baseline refresh rate of 60Hz because the electric current in the United States runs at 60Hz. *Id.* ¶ 17. In order to legitimately manufacture a television with a refresh rate higher than 60Hz, advanced interpolation technology is used to predict, create, and insert unique images between the images carried over the 60Hz electrical current. *Id.* ¶ 18. Televisions with this technology can legitimately produce 120, or even 240, unique images per second and are superior in quality and command higher prices than televisions that simply refresh the picture the standard 60 times as allowed by the electric current. *Id.* ¶¶ 30, 31. LG markets and advertises a number of television models as having refresh rates of "120Hz" or "240Hz" that, in reality, have a true Hz specification of 60Hz (in the case of LG's "120Hz" models) or 120Hz (in the case of LG's "240Hz" models). *Id.* ¶ 20. Simply put, LG unjustifiably inflates the perceived refresh rate capabilities of these televisions by 100%.

Rather than providing the claimed "expert service" of their company motto, Best Buy joined LG in deceiving consumers and propagated LG's

misrepresentations and advertised LG's televisions with the same grossly inflated refresh rates put forth by LG.[1] *Id.* ¶ 28. Best Buy not only repeated LG's misleading representations but advertised the televisions on their website and in stores as having "Screen Refresh Rate[s]" of "120 Hz" or "240 Hz." *Id.* ¶ 29.

In late 2013, Plaintiffs, cognizant of the interplay between refresh rate and television quality, were specifically looking to purchase a television with 120Hz capability or higher. *Id.* ¶ 33. Plaintiffs purchased an LG model television from Best Buy advertised as conforming to their refresh rate requirement of 120Hz, but, in reality, refreshed images at 60Hz. *Id.* ¶¶ 37, 38. Plaintiffs subsequently noticed the difference in performance and learned, contrary to their express purpose and desire, they had purchased a 60Hz television instead of a 120Hz television. *Id.* ¶ 38.

Plaintiffs commenced suit. Best Buy now seeks dismissal of Plaintiffs claims, adopts LG's concurrently filed motion to dismiss, and further, inexplicably claims that no facts or allegations were pled against Best Buy's "distinct" corporate entities.

---

[1] This paragraph purposely uses present tense for the allegations concerning LG and past tense for the allegations concerning Best Buy. As to LG, the conduct complained of is ongoing, while Best Buy has recently changed the manner in which it advertises LG's televisions on-line and in-store.

3

Best Buy's arguments can be condensed as follows: Plaintiffs lack Article III standing to pursue their claims against all three Best Buy entities (Best Buy Br. 2); Plaintiffs' Complaint fails to plead facts, or facts at all, with particularity as to all three entities (*id.* at 3); Plaintiffs' Complaint lacks any specific allegations of fraud (*id.*); any warranty claim was disclaimed and there was a lack of notice (*id.* at 4); and Plaintiffs fail to plead breach of contract, or a contract at all, as to all three entities (*id.* at 6).

As detailed below and in Plaintiffs' concurrently filed response to LG's motion to dismiss, Defendants' motions must be denied.

## Argument

The gravamen of Best Buy's entire argument (save for the warranty issue) is that Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC are distinct legal entities that cannot, and should not, be grouped together for purposes of standing, fraud accusations, contract liability or presumably any other purpose, unless each entity was directly involved in the specifics of the transaction. It is fair to characterize this "entity issue" as a threshold matter as to the legitimacy of Best Buy's position.

Best Buy's position, while not uncommon among corporate groups, is more than curious because Best Buy has a documented history of arguing for the *exact opposite position* they ask this Court to adopt. Seemingly, when it is convenient for Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com,

LLC to be treated as one entity without independent control, Best Buy has no issue asking courts to find exactly that. *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 10-4572 SI, 2011 WL 3738968, at *2-3 (N.D. Cal. Aug. 24, 2011) (Best Buy arguing that BestBuy.com and Best Buy Stores are "technically" the same entity as Best Buy Co., Inc.; they are all "headquartered in Richfield, Minnesota… Best Buy Stores and BestBuy.com operate Best Buy's retail and online stores, and… Best Buy purchasing entities made their purchases on behalf of Best Buy Stores and BestBuy.com" establishing a "functional economic or other unity"); *Sterk v. Best Buy Stores, L.P.*, No. 11 C 1894, 2012 WL 5197901, at *3 (N.D. Ill. Oct. 17, 2012) ("Defendants [Best Buy] submit their corporate disclosure statement that demonstrates that Best Buy Co., Inc., the parent company, wholly owns Defendants, its subsidiaries [BestBuy.com, LLC and Best Buy Stores, L.P.]. Therefore, because Best Buy Co. Inc., already owns 100 percent of Defendants' assets, including all PII, there is no 'disclosure.'") (citations omitted).

As spurious as Best Buy's current position now appears, against this contrarian backdrop, Plaintiffs will fully address each of Best Buy's contentions.

## I.   Plaintiffs Have Sufficiently Pled All Claims Against Best Buy to Establish Article III Standing.

Article III standing simply requires: (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) that the injury is likely redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). This is a minimum constitutional mandate that must be resolved before the courts may entertain a suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In this case, Plaintiffs have constitutional standing by virtue of the injuries they have suffered as a result of Defendants' false and misleading advertising, detailed above and in their Complaint.

Best Buy contends that Plaintiffs have failed to "plead Article III standing" because they have not "alleged harm and each Defendant's conduct or role in that harm." Best Buy Br. 2 (internal quotation and citation omitted). In support of this allegation Best Buy claims that the Complaint is "devoid of any allegations" and alleges "no facts" concerning Best Buy, Co., Inc. or Best Buy Stores, L.P. Best Buy Br. 2, 3.

In making this argument, Defendants ignore or fundamentally misconstrue the clear construct of Plaintiffs' Complaint while simultaneously making unfounded assumptions to support their position. The following

details demonstrate the very specific conduct that caused Plaintiffs' injuries and conferring standing under Article III.

The opening paragraph of Plaintiffs' Complaint identifies Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC as defendants in the action and designates the collective of these Defendants as "Best Buy" for the substantive portion of the Complaint. Compl. 1. In so doing, each and every mention of "Best Buy" from that point forward necessarily and unquestionably refers to Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC.

With this established, the body of the Complaint mentions "Best Buy" no less than nineteen times. These references include: Best Buy "advertised LG televisions using misleading and untrue specifications" (Compl. ¶ 4); "Best Buy markets and advertises . . . with . . . false refresh rates" (*Id.*); "Best Buy makes false assertions in advertisements . . . in its stores and on its website" (*Id.* ¶ 29); Plaintiffs purchased their television from Best Buy (*Id.* ¶ 6, 7); "Best Buy . . . deceiv[ed] consumers and propagated . . . misrepresentations by advertising . . . a Hz specification of two times the actual capability" (*Id.* ¶ 28); and "Best Buy adopted LG's misrepresentations in its own labeling." *(Id.)*.

To reiterate, the foregoing references to "Best Buy" in the Complaint apply, as they must, to Best Buy, Co., Inc., Best Buy Stores, L.P., and

BestBuy.com, LLC. To the extent Defendant argues that the Complaint fails to plead any allegations or any facts as it pertains to each of the entities for Article III, or any other, purposes, the argument belies accepted conventions of the written word and should be rejected out of hand.

Beyond misreading Plaintiffs' Complaint, Defendants make unsubstantiated and misleading assumptions regarding the circumstances surrounding the transaction in question and ask this Court to adopt them as true without any basis for doing so. Plaintiffs purchased the television in question from Best Buy through its website, BestBuy.com. Compl. ¶ 34. From this fact, Defendant extrapolates that Plaintiffs purchased their television only from the BestBuy.com, LLC, entity. Best Buy Br. 2, 6.  There is no basis to conclude that purchasing a television from Best Buy's website is the equivalent of purchasing a television directly from BestBuy.com, LLC, exclusive of Best Buy Co., Inc. and Best Buy Stores, L.P. In fact, as illustrated below, and in addition to Best Buy's previous litigation mentioned *supra*, the exact opposite is true.

Defendants' attempts to segregate this matter as only concerning and implicating BestBuy.com, LLC are completely contradicted by their own memorandum. Defendants joined, in its entirety, LG's Motion to Dismiss. *Id.* at 2. LG's memorandum in support of its Motion, adopted by Defendants, states that the transaction was consummated using a Best Buy credit card

and points were earned, as part of a program, that could be used toward Best Buy merchandise wherever sold – either in stores or online. LG Br. 2. Defendants' own version of events concerning the transaction clearly implicates entities other than BestBuy.com, LLC. Most notably, the method of payment (Best Buy credit card) and the program which the television was purchased under, are available for use both in-store and online.

Notably, the Conditions of Use for Best Buy's website, filed and cited by Defendants, removes all doubt regarding any claimed separation of Best Buy, Co. Inc., Best Buy Stores, L.P., and BestBuy.com, LLC, regarding transactions that occur through Best Buy's website. Mitchell Decl. Ex. 4. The Conditions of Use for the BestBuy.com state, "[r]eferences to Best Buy herein refer to Best Buy Co., Inc., BestBuy.com, LLC, or their affiliates, subsidiaries and designees…" *Id.* In addition, "Best Buy collects and remits sales tax . . . for transactions in our stores and on BestBuy.com;" and, all sales through the website "are subject to Best Buy's return policy . . . [and] to Best Buy's shipping policies." *Id.*

Finally, and most glaringly, Best Buy has admitted and asserted in court that it does not observe corporate formalities and that these entities in fact share common corporate control. In *In re TFT-LCD (Flat Panel) Antitrust Litig.*, plaintiffs Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC., among other best buy entities, sued manufacturers of liquid crystal

displays for damages arising from antitrust violations. 2011 WL 3738968 at

*1. Defendants asserted that the Best Buy Stores and BestBuy.com entities

could not assert claims because only certain other Best Buy entities,

including Best Buy Co., purchased directly from defendants. *Id*. at *2. In

response, Best Buy asserted that Best Buy Co. in fact controls Best Buy

Stores and BestBuy.com and they are "functionally the same entity." *Id*. at

*2-3. Similarly, in *Sterk v. Best Buy Stores, L.P.*, the plaintiffs alleged that

Best Buy Stores and BestBuy.com violated the Video Privacy Protection Act

by disclosing information about their purchase histories to Best Buy Co., Inc.,

2012 WL 5197901 at *3. Best Buy explained in its defense that there was no

"disclosure" because Best Buy Co. is *not* separate and distinct from Best Buy

Stores or BestBuy.com. *Id.* Best Buy submitted a corporate disclosure

statement demonstrating that "Best Buy Co., Inc., the parent company,

wholly owns" the other two entities, and that it "already owns 100 percent of

[Best Buy Stores and BestBuy.com]'s assets[.]" *Id.* Defendants cannot state in

court one day that they share common corporate control and then the next

day argue in court that they observe corporate formalities.

It is plain from Best Buy's own arguments, and prior litigation, that

"Best Buy" is the sum of its parts and those parts do not operate on their

own. Plaintiffs' Complaint is replete with allegations and facts pled as to all

three entities; Defendants' own memoranda implicates all three entities; and

Defendants' own exhibit repeatedly groups Best Buy entities together as one. In sum, even without formal discovery of any sort, it is clear that any ostensible "separation" between Best Buy Co., Inc., Best Buy Stores, L.P. and BestBuy.com, LLC, is illusory and they operate in absolute conjunction with each other, as has been admitted by Best Buy in past legal disputes.

All of the above notwithstanding, Defendants ask this Court to ignore the plain language of the Complaint, Defendants' own memoranda and supporting documents, and, most importantly, Defendants' past position on this very issue in order to accept the contention that BestBuy.com, LLC, had the only role in this transaction as to the named entities. This positon is more than merely unsupported by the facts; it is contrary to everything before the Court. All claims that refer to Best Buy adequately allege an injury in fact that is traceable to Best Buy and would be redressed by a favorable decision in this Court. As such, Plaintiffs have satisfied the minimum threshold inquiry of Article III standing that demonstrates their right to – at a minimum – seek judicial relief in this Court.

## II.   Plaintiffs Have Made Specific Allegations Against All Three Best Buy Entities.

Best Buy claims that Plaintiffs' 'broad allegations' about 'Best Buy' and the 'Defendants' collectively fail to state a claim. This redundant argument is easily dismissed. As detailed above, the opening paragraph of Plaintiffs'

11

Complaint identifies Best Buy Co., Inc., Best Buy Stores, L.P., and

BestBuy.com, LLC as defendants in the action and designates the collective

of these Defendants as "Best Buy" for the substantive portion of the

Complaint. Compl. 1. In so doing, each and every mention of "Best Buy" from

that point forward necessarily and unquestionably refers to Best Buy Co.,

Inc., Best Buy Stores, L.P., and BestBuy.com, LLC.

### III.   Plaintiffs Have Made Specific Allegations of Fraud Against All Three Entities to Satisfy Rule 9(b).

Rule 9(b) requires plaintiffs to include "factual allegations explaining

the who, what, when, where and how [the defendants'] conduct amounted to

false, deceptive, or misleading conduct." *E-Shops Corp. v. U.S. Bank Nat'l

Ass'n*, 678 F. 3d 659, 666 (8th Cir. 2012). "The level of particularity required

depends on the nature of a case." *Id.* at 663. "[C]onclusory allegations that a

defendants' conduct was fraudulent . . . are not sufficient to satisfy the rule."

*Carlson v. A.L.S. Enters., Inc.*, No. 07-3970, 2008 WL 185710, at *2 (D. Minn.

Jan. 18, 2008) (quotation omitted).

"To satisfy this standard, the plaintiff must plead or allege the date,

time and place of the alleged fraud *or otherwise inject precision or some

measure of substantiation* into a fraud allegation." *Frederico v. Home Depot*,

507 F.3d 188, 200 (3d Cir. 2007) (emphasis added). Under this standard, "the

Court should consider the complaint as a whole." *In re Nat'l Hockey League*

*Players' Concussion Injury Litig.*, No. MDL 14-2551, 2015 WL 1334027, at *8
(D. Minn. Mar. 25, 2015). The purpose of Rule 9(b) is to "provide notice of the
'precise misconduct' with which defendants are charged and to prevent false
or unsubstantiated charges." *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304,
319 (D.N.J. 2014) (quoting *Rolo v. City Investing Co. Liquidating Trust*, 155
F.3d 644, 658 (3d Cir. 1998)).

Best Buy suggests that Plaintiffs do not make any particularized
allegations of Best Buy's deceptive, false, or misleading conduct but this is
patently false. In fact, Plaintiffs allege that Best Buy adopted LG's
misrepresentations in its own advertising of LG televisions. Compl. ¶ 28.
Specifically, Best Buy advertised LG televisions with "Screen Refresh
Rate[s]" of "120Hz" and "240Hz," which they did not have. *Id.* ¶ 29. In
purchasing a television, Plaintiffs "relied on Defendants'"—meaning both
Defendants—"false and misleading advertisements and labeling." *Id.* ¶ 30.
Plaintiffs specifically allege that Plaintiff "Breann Hudock viewed
advertisements and specifications" of the television that Plaintiffs purchased
"on Best Buy's website, Bestbuy.com." *Id.* ¶ 34. Best Buy's website listed this
television as having a "120Hz refresh rate" when it actually had a 60Hz
refresh rate. *Id.* ¶ 35. That website even explained that the number of Hz
listed in the refresh rate means the number of unique images per second. *Id.*

13

¶ 36. Plaintiffs also allege that Best Buy makes these false assertions in displays to customers in its stores. *Id.* ¶¶ 4, 29.

These allegations meet the Rule 9(b) standard established by the cases above. Best Buy is in a position to "respond and to prepare a defense to charges of fraud," and it will not "hav[e] to guess about the precise contours of Plaintiffs' fraud claims." *Carlson*, 2008 WL 185710, at *3. A plaintiff's allegations that "retailers adopted the [manufacturer's] misrepresentations as their own by promoting and selling" the product while making those same misrepresentations on their own is sufficient to meet the pleading standard of Rule 9(b). *Dzielak*, 26 F. Supp. 3d at 335; *see also Carlson*, 2008 WL 185710, at *4 (explaining that plaintiffs should attribute false statements to each defendant to show "what role each Defendant played in the purported fraud"). As detailed above, referring to Best Buy, collectively, is of no consequence to the analysis.

## IV. Best Buy's Affirmative Defenses of Warranty Disclaimer and Failure of Notice Are Inappropriate for the Instant Motion and Otherwise Without Merit.

With regard to Plaintiffs' breach of warranty claims, Best Buy does not argue that Plaintiffs have failed to plead the basic elements for a breach of warranty. Defendants only dispute the validity of the warranties based on (1) an alleged disclaimer, and (2) the alleged failure of condition precedent (*i.e.*, reasonable notice). Best Buy Br. 4-6. Neither of these bases represents a

failure on the part of the Plaintiffs' pleading, but rather present affirmative defenses to a breach of warranty claim. These arguments should not be properly considered on a motion to dismiss and otherwise fail to allege any reasonable bases for dismissing the claims at this point in the litigation.

Best Buy's principle argument is that under BestBuy.com's Conditions of Use (allegedly in effect at the time of Plaintiffs' purchase) all warranties were effectively disclaimed. This argument fails for two reasons. First, it is axiomatic that to survive a motion to dismiss, a plaintiff need not plead all facts responsive to an anticipated affirmative defense before it is raised. *See*, *e.g., Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 601 n. 10 (8th Cir. 2009); *accord Acker v. Envtl. Res. Mgmt., Inc.*, 93 F. Supp. 3d 1060, 1066 (D. Minn. 2015). Second, the applicability and efficacy of BestBuy.com's Conditions of Use to the transactions in question are fact intensive inquiries that should be decided only on a full evidentiary record. *See*, *e.g.*, *Trinity Products, Inc. v. Burgess Steel, LLC*, 486 F.3d 325, 332 (8th Cir. 2007) (reversing and remanding summary judgment to consider whether a disclaimer was effective, that is, if it failed in its essential purpose or could be considered unconscionable).

Furthermore, when considering a motion to dismiss under 12(b)(6) "the court may not consider matters outside of the pleadings." *George v. Uponor Corp.*, 988 F. Supp. 2d 1056, 1067 (D. Minn. 2013). Despite this fundamental

15

rule of civil procedure, Best Buy asserts that "the Court properly may consider the BestBuy.com Conditions of Use because they are embraced by the allegations in the Complaint." Best Buy Br. 4 n.1. Best Buy cites *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 859 n.1 (D. Minn. 2012), where the court noted that "court[s] may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" In that case, however, the Court found that the complaint specifically referenced the express warranty at issue. *Id.*

Since *Thunander*, the District of Minnesota has (with consistency) clarified that a warranty that is not specifically referenced in the complaint may not be considered by the court on a 12(b)(6) motion. In *Browe v. Evenflo Co., Inc.,*, for example, the court distinguished *Thunander*, noting that the complaint, "while asserting breaches of implied warranties, does not reference, allege, or even suggest any Limited Warranty that may impact her claims. Indeed, but for [the Defendant's] submission, the Court would [not] know of the Limited Warranty. For these reasons the Court declines to exercise its discretion and will not consider the provisions of the Limited Warranty in resolving this motion." No. 14-4690, 2015 WL 3915868, at *2-3 (D. Minn. June 25, 2015); *see also Uponor Corp.*, 988 F. Supp. 2d at 1072 (refusing to consider a proffered warranty because there were no allegations in the complaint that the proffered warranty had been breached). Thus,

where Defendant cannot point to allegations in the complaint that specifically embrace the proffered document, the Court should not consider that document on a motion to dismiss.

Here, Best Buy does not point to any allegations in the complaint that refer to or reference Best Buy's Conditions of Use. Indeed, Plaintiffs' Complaint neither refers to nor references the proffered "Conditions of Use." Plaintiffs' express warranty claims are based on "Defendants['] place[ment of] the false refresh rate . . . in advertisements and spec sheets related to the LG televisions." Compl. ¶ 84. Likewise, Plaintiffs' implied warranty claims were based exclusively on Defendants' description of the LG televisions. Compl. ¶¶ 90-97. Plaintiffs have *not* alleged that the Conditions of Use were breached. *See George*, 988 F. Supp. 2d at 1072 (declining to consider warranty submitted by defendant because the plaintiff's warranty claims were not based on that specific warranty). As such, the Conditions of Use may not properly be considered in the instant motion to dismiss.

Assuming *arguendo* that the court considers the Conditions of Use, the mere existence of a potential disclaimer presents myriad fact issues that can only be resolved through discovery. By way of example, there is no indication in the Complaint that Plaintiffs were ever made aware of or agreed to be bound by the Conditions of Use. Warranty disclaimers must be "conspicuous." Minn. Stat. §§ 336.2-316(2); 336.1-201(10). The statute defines "conspicuous"

17

to mean that the warranty must be "so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." Minn. Stat. § 336.1-201(10).

Best Buy's conclusory statement that the Conditions of Use validly disclaimed all warranties is entirely without any factual support; there is no way for the Court to determine whether the purported disclaimer was a part of any agreement between the parties or otherwise conspicuously presented so that a reasonable person against which it is to operate ought to have noticed it. *See* Minn. Stat. § 336.1-201(10). Nor could Best Buy establish such conspicuousness, as that fact is neither alleged in Plaintiffs' Complaint nor apparent from the conditions themselves (even if it were to be considered by the court). Thus, without the ability to establish that the Conditions of Use were conspicuously presented to Plaintiffs, the Court must deny Best Buy's motion to dismiss Plaintiffs' breach of warranty claims.

Finally, Best Buy contends that Plaintiffs failed to give notice of the breach within a reasonable time after its discovery. Best Buy Br. 5. Best Buy argues that "Plaintiffs do not allege that they provided notice of any purported issue until *to two-and-a-half years* after they purchased their LG LED TV from BestBuy.com." *Id.* (emphasis in original). Again, this argument is based on an affirmative defense, not subject to dismissal on the pleadings. Even so, Best Buy's argument is doomed to fail because it incorrectly equates

18

Plaintiffs' "purchase" with their "discovery." Plaintiffs were required to notify Best Buy of the alleged warranty breach within a reasonable time after *discovery of the defect*, not within a reasonable time after purchase of the product. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, No. A06-2227, 2007 WL 4237504, at *3 (Minn. Ct. App. Dec. 4, 2007).

Best Buy also provides no explanation for why they think Plaintiffs should have discovered the defect at the time they purchased the television. It is not enough that Plaintiffs noticed that the picture was not as clear as they had expected. First, the Complaint does not allege that Plaintiffs noticed the low picture quality *immediately* after purchase, only that they noticed it at some point after their purchase. Compl. ¶ 38. Second, low picture quality on a television could have many various causes, such as input resolution, contrast ratio, color, scaling, lighting, etc. Noticing that the picture quality was not as clear as expected is not the same as discovering that the television had a lower refresh rate than advertised (which is the defect alleged in the Complaint). Indeed, in their Complaint, Plaintiffs alleged that, although "Plaintiffs noticed that the television's images were not as clear as expected [,o]nly later did Plaintiffs come to learn that their television's actual refresh rate was 60Hz . . . —not 120Hz as advertised." *Id.* ¶ 38.

Ultimately, "sufficiency of the notice requirement for a breach of warranty claim is a jury question." *Uponor Corp.*, 988 F. Supp. 2d at 1070-71

(internal citation and quotation omitted). The notice requirement "does not require the buyer to provide the notice a reasonable time *before* filing suit." *Id.* at 1071 (emphasis in original). "To bar Plaintiffs' warranty claim due to a last minute notice would defeat [one] purpose of the statute: allowing good faith consumers to pursue relief in court." *Id.*

## V.    Best Buy's Contract Defense Is Without Merit.

Best Buy's final argument is that Plaintiffs have failed to plead a breach of contract claim against the distinct Best Buy entities, and that the pleading fails to contain the requisite "essential terms" of the contract. As discussed in Section I, *supra*, the Best Buy entities may be treated as "Best Buy" for purposes of the claims in the Complaint, and there is no evidence proffered to treat them otherwise. Further, Plaintiffs have sufficiently stated a claim for breach of contract against Best Buy, and the motion to dismiss should be denied.

In Minnesota, the elements of a breach of contract claim are (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to the right to demand performance by the defendant, and (3) breach of the contract by the defendant. *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). "The formation of a contract requires communication of a specific and definite offer, acceptance, and consideration." *Thomas B. Olson & Assocs., P.A. v. Leffert, Jay & Polglaze, P.A.*, 756 N.W.2d

907, 918 (Minn. Ct. App. 2008) (quoting *Commercial Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. Ct. App. 2006)).

Facts supporting each of those elements were explicitly alleged in Plaintiffs' Complaint. Plaintiffs alleged an offer: "Defendants offered to sell Plaintiffs a '120Hz' television." Compl. ¶ 99. Plaintiffs also allege acceptance and consideration: "Plaintiffs accepted Defendants' offer and performed under the contract by providing payment for the television at the price dictated by Defendants' offer." *Id.* ¶ 100. The only arguable condition precedent in this contract was that Plaintiffs pay for the television, a condition which Plaintiffs allege that they performed. *Id.* Thus, Plaintiffs have unequivocally alleged facts supporting each of the elements of breach of a contract, and therefore Best Buy's assertion that Plaintiffs have failed to adequately plead a breach of contract fails and their motion to dismiss should be denied.

## Conclusion

Based on the foregoing points and authorities, Plaintiffs respectfully request that the Court DENY Defendants' motion to dismiss in its entirety.

Dated: August 22, 2016                Respectfully submitted,

By: /s/ David M. Cialkowski
David M. Cialkowski (MN Lic. #0306526)
**ZIMMERMAN REED, LLP**
1100 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402
Telephone: (612) 341-0400
david.cialkowski@zimmreed.com

Daniel C. Hedlund (MN Lic. #258337)
Joseph C. Bourne (MN Lic. #0389922)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
jbourne@gustafsongluek.com

Luke P. Hudock (WI Lic. #1086264)
**HUDOCK LAW GROUP, S.C.**
P.O. Box 83
Muskego, WI 53150
Telephone: (414) 526-4906
lphudock@law-hlg.com

***Attorneys for Plaintiffs***