**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:16-cv-01220-JRT-FLN**

| | |
|---|---|
| BENJAMIN HUDOCK AND BREANN HUDOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF BEST BUY CO., INC., BEST BUY STORES, L.P., AND BESTBUY.COM, LLC MOTION TO DISMISS** |

Plaintiffs' Opposition does not cure the many critical failings of their Complaint. It lumps the Best Buy Defendants together as an undifferentiated mass, attributes the alleged wrongdoing to them as a monolithic group, and seeks to hold them collectively responsible for purportedly causing damage to Plaintiffs – all without identifying a single alleged fact regarding the conduct of Best Buy Stores, L.P. or Best Buy Co., Inc., and all without any coherent or plausible explanation as to how Plaintiffs were deceived or harmed or how the LG LED television they purchased in a Black Friday sale from the BestBuy.com website was worth less than what they paid for it.

The Complaint falls far short of Rule 8 fact-pleading requirements, much less the more exacting requirements of Rule 9(b) which are applicable its fraud-based claims. In addition to joining the arguments set forth in the concurrently-filed reply by LG

1

Electronics U.S.A., Inc. ("LG"), the Best Buy Defendants submit the following reply arguments regarding Plaintiffs' lack of Article III standing, their failure to adequately plead fraud-based claims as to the Best Buy Defendants, and their inability to allege breach of warranty or contract.

## ARGUMENT

**I. PLAINTIFFS DO NOT PLAUSIBLY ALLEGE ARTICLE III STANDING FOR CLAIMS AGAINST BEST BUY CO., INC. AND BEST BUY STORES, L.P.**

**A. Generic "Best Buy" Allegations Are Insufficient To Confer Article III Standing**

Plaintiffs do not dispute the controlling legal standard: to plead Article III standing, they must allege facts setting forth a causal connection between the alleged harm and "*each* defendant's conduct or role in that harm." (BB Mot. 2.) Plaintiffs do not, because they cannot, point to *any* allegation in their Complaint of relevant conduct by Best Buy Stores, L.P. or Best Buy Co., Inc. As a result, all claims as to these Defendants must be dismissed.[1]

Plaintiffs purport to identify "very specific conduct" that caused their alleged injuries. (Opp. 7.) Critically, however, no such conduct is described in the Complaint. Plaintiffs fail to identify a single representation that either one of them saw – much less that deceived or injured them – in a Best Buy retail store or by Best Buy Co., Inc. They

---

[1] For the reasons discussed below and in the LG Reply, the allegations as to all defendants are insufficient under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and do not state a claim as to which relief can be granted. The arguments set forth in this section provide an additional basis to dismiss Best Buy Stores, L.P. and Best Buy Co., Inc.

2

do not allege that they purchased the LG LED television from either of those entities, or that they visited a Best Buy retail store or spoke to any salesperson, or read any printed Best Buy materials prior to their purchase. To the contrary, the few facts actually included in the Complaint do nothing more than summarily allege that Plaintiffs bought an LG LED television from the Best Buy website after reviewing representations on that website. (Compl. ¶¶ 32-37.) At most, these allegations pertain to a single defendant: BestBuy.com, LLC.

Plaintiffs argue that because they defined the term "Best Buy" to include all three entities, and then repeated that term throughout their Complaint, that they have somehow sufficiently alleged that all three entities harmed them. (Opp. 7.) They are wrong. Plaintiffs must allege "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To allege Article III standing, Plaintiffs must provide facts sufficient to establish that their injuries are fairly traceable to *each* defendant's actions. *See In re iPhone Application Litig.*, 2011 WL 4403963, at *6 (N.D. Cal. Sept. 20, 2011). Here, Plaintiffs' one-size-fits-all "Best Buy" allegations are indistinguishable from those dismissed in *iPhone*, where the Court found undifferentiated allegations regarding eight "Mobile Industry Defendants" insufficient to support Article III standing. *Id.* at *6; BB Mot. 2; *see also In re SuperValu, Inc.*, 2016 WL 81792, at *8 (D. Minn. Jan. 7, 2016) (dismissing for failure to allege specific facts demonstrating standing). The Court should dismiss Plaintiffs' claims here for the same reasons.

### B. Plaintiffs' Alter Ego Theory Is Insufficient To Plead Claims Against The Best Buy Defendants

Next, Plaintiffs argue that the Best Buy Defendants are "technically" the same entity, do not "observe corporate formalities," and "share common corporate control." (Opp. 9-10.) Plaintiffs apparently hope to proceed under a veil-piercing or alter ego theory of liability. As an initial matter, this argument fails because the Complaint pleads none of the facts necessary to allege alter ego liability. In considering whether to pierce the corporate veil, courts consider a number of factors: whether there is "insufficient capitalization for purposes of corporate undertaking, a failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation at time of transaction in question, siphoning of funds by dominant shareholder, nonfunctioning of other officers and directors, absence of corporate records, and existence of the corporation as merely a facade for individual dealings." *See Victoria Elevator Co. v. Meriden Grain Co.*, 283 N.W.2d 509, 512 (Minn.1979). The Complaint here fails to allege any facts remotely addressing these factors.[2] Thus, the alter ego allegations, raised for the first time in the Opposition, are not properly before the Court. *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss") (internal citation omitted).

In any event, Plaintiffs' last gasp alter ego theory, even were it pled in the

---

[2] To the contrary, the Complaint acknowledges that the Best Buy Defendants are distinct business entities (a corporation, limited partnership, and limited liability company, respectively) formed under the laws of Virginia and Minnesota. (Compl. ¶¶ 9-11.)

Complaint, is incorrect and rests largely on mischaracterizations of arguments made by the Best Buy Defendants in unrelated legal proceedings. Plaintiffs first invoke *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 3738968 (N.D. Cal. Aug 24, 2011). There, however, Best Buy Stores L.P. and BestBuy.com LLC – as plaintiffs – sought to bring Sherman Act claims against a seller of LCD screens under the "control exception" to the *Illinois Brick* doctrine, where the disputed purchases had been made by other Best Buy entities acting on their behalf. *Id.* at *2. The issue was not whether the Best Buy entities "observed corporate formalities" (Opp. 9), but whether they had some "functional or economic unity" for purposes of the alleged purchases. *TFT-LCD*, 2011 WL 3738968, at *2. The "control exception" addresses a narrow issue: whether permitting indirect purchasers to assert antitrust claims would expose defendant to a serious risk of multiple liability. *Id.* Invoking the "control exception" does nothing to establish that the Best Buy entities are alter egos or that they failed to observe corporate formalities here.[3]

Plaintiffs similarly mischaracterize *Sterk v. Best Buy Stores*, 2012 WL 5197901 (N.D. Ill. Oct. 17, 2012). There, Best Buy Stores, L.P. and BestBuy.com, LLC argued that disclosure of plaintiff's movie purchase history to Best Buy Co., Inc. did not violate the Video Privacy Protection Act ("VPPA"), because Best Buy Co, Inc. owned 100% of the assets of those two entities, including the information allegedly disclosed. *Id.* In so

---

[3] The Best Buy entities did not argue that they were "'technically' the same entity." (Opp. 4.) Plaintiffs mischaracterize a passage in the *TFT-LCD* court's opinion, which said that Best Buy Stores, L.P. and BestBuy.com, LLC acknowledged that they were "technically" indirect purchasers – in other words, that they were in fact separate and distinct legal entities that could not bring Sherman Act claims absent application of the "control exception." *Id.*

5

doing, Best Buy invoked the particular statutory requirements of VPPA, which makes a disclosure actionable only if it is "outside the holder's ownership or control," as well as the VPPA legislative history, which made clear that disclosure to a parent corporation does not violate the statute. *See* Defs.' Memo. in Supp. of Mot. to Dismiss Plf.'s Second Amended Compl., *Sterk v. Best Buy Stores*, 2012 WL 12505207 (N.D. Ill. Apr. 9, 2012).

At most, *Sterk* and *TFT-LCD* stand for the proposition that the Best Buy Defendants are part of the same corporate family and that they have business interactions with one another. Such relationships – ubiquitous in the corporate world – do not render the Best Buy Defendants a single entity for purposes of pleading injury or satisfying Article III standing requirements. In fact, it is well-established that pleading injury by a corporate subsidiary, in and of itself, is insufficient to plead standing as to a corporate parent. (*See* BB Mot. 2; *cf. Jenkins v. Marvel*, 683 F. Supp. 2d 626, 631 (E.D. Tenn. 2010) (dismissing action against parent corporation where no facts were alleged that would give rise to a direct claim against parent corporation based on alleged deceptive advertising by a subsidiary).)

Plaintiffs' remaining arguments are equally far-fetched and without merit. Citing the Best Buy rewards program and the Best Buy Conditions of Use, Plaintiffs argue that the alleged television purchase "implicates entities other than BestBuy.com LLC." (Opp. 9.) Once again Plaintiffs are wrong. The fact that Plaintiffs used a Best Buy-branded credit card, that they received rewards points redeemable at Best Buy retail stores, or that some other (unspecified) Best Buy entity collected and remitted sales tax on the purchase,

says nothing about whether Best Buy Co. Inc. and/or Best Buy Stores, L.P. deceived or injured Plaintiffs with respect to refresh rates or contracted with Plaintiffs for the purchase of a television.  And while Plaintiffs cite to shared definitions of "Best Buy" in the Conditions of Use, (Opp. 9), that document does nothing to establish that the Best Buy Defendants are "technically the same entity."  In fact, the Conditions actually point to differences between the entities:  for example, "the policies of Best Buy retail stores may differ substantially from those applicable to your use of the Best Buy Web site …."  (D.E. 26-4.)

Because Plaintiffs have not factually and plausibly alleged any actions taken, or any injury caused, by Best Buy Co., Inc. or Best Buy Stores, L.P., their claims as to those Defendants must be dismissed.

## II. PLAINTIFFS FAIL TO PLEAD THEIR FRAUD-BASED CLAIMS WITH THE REQUISITE PARTICULARITY

The Opposition only underscores Plaintiffs' failure to plead their fraud-based claims with the particularly required by Rule 9(b).  To start, Plaintiffs still fail to identify any conduct that would amount to fraud by any Best Buy Defendant.  To the contrary, Plaintiffs acknowledge that the LG LED television's refresh rate technology did exactly what they believed it would do:  it enhanced the television's perceived motion clarity performance.  (Compl. ¶ 19.)  The Opposition removes any doubt on this issue.  In fact, Plaintiffs now admit, despite the fact that they were supposedly "cognizant of the interplay between refresh rate and television quality" at the time of purchase (Opp. 3), that they could not perceive any difference in picture quality attributable to refresh rates

until they "later … [came] to learn that their television's actual refresh rate was 60Hz." (Opp. 19).  In essence, Plaintiffs' claim boils down to subjective disappointment that the motion clarity was accomplished using backlight scanning rather than the interpolation technology described in their Complaint.  The bottom line is that Plaintiffs received a television that provided the picture quality they expected; they fail to allege fraud.

Plaintiffs also fail to plead other required details of their fraud-based claims.  They do nothing more than point to a handful of statements that they supposedly read on the Best Buy website, label them as "Best Buy" representations, and on that basis, contend that they have sufficiently alleged fraud-based claims as to all three Best Buy Defendants. (*See* Opp. 12 ("each and every mention of "Best Buy" … necessarily and unquestionably refers to Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC").)  Their allegations, however, fall far short of Rule 9(b) requirements.

Plaintiffs have no answer for controlling Eighth Circuit law.  As discussed in LG's opening papers, the Eighth Circuit has unambiguously held that allegations "attribut[ing] fraudulent representations and conduct to multiple defendants generally in a group pleading fashion" fall short of Rule 9(b) requirements.  *See Steambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015); LG Mot. 14.  Rather, in cases involving multiple defendants, plaintiffs must allege the "time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained or given up as a result."  *Steambend*, 781 F.3d at 1013.  Plaintiffs' own cited

authorities agree: "conclusory allegations that a defendant's conduct was fraudulent … are not sufficient to satisfy the rule." *See Carlson v. A.L.S. Enters.*, 2008 WL 185710, at *2 (D. Minn. Jan. 18, 2008). Indeed, *Carlson* dismissed fraud-based claims for failure to "inform each defendant of the nature of [its] participation in the alleged fraud." *See id.* at *4.

Notwithstanding these authorities, Plaintiffs insist that "referring to Best Buy, collectively, is of no consequence to the analysis." (Opp. 14.) While collective references might pass muster when combined with other, required factual substantiation, Plaintiffs provide nothing of the kind with respect to Best Buy Co., Inc. or Best Buy Stores, L.P. In 21 pages of Opposition, they still fail to identify a single representation from either entity that they saw or relied upon in connection with their television purchase. This is a fatal defect in a fraud-based claim. *Quintero Cnty. Ass'n v. FDIC*, 792 F.3d 1002, 1011-12 (8th Cir. 2015) ("Nor did appellants show how they relied on [defendant's] alleged misrepresentations and how that reliance caused them injury") (affirming Rule 12(b)(6) dismissal).

Plaintiffs generically assert that "Best Buy makes these false [refresh rate] assertions in displays to customers in its stores." (Opp. 14.) Critically, however, Plaintiffs do not allege that they saw any such representation, or that they even visited any Best Buy retail store in connection with their alleged purchase. Moreover, the cited Complaint allegations – amounting to bald assertions that unspecified refresh rate statements were made at unspecified times in unspecified places or by unidentified

9

individuals in Best Buy retail stores – contain none of the detail necessary to sustain a fraud-based claim. *See Steambend*, 781 F.3d at 1013. Indeed, these allegations do not pass muster even under the out-of-circuit authorities relied upon by Plaintiffs. *See Frederico v. Home Depot*, 507 F.3d 188, 200-01 (3d Cir. 2007) (generalized allegations that plaintiff was "informed by Defendant" of false information insufficient under Rule 9(b), absent particulars regarding conversation or speaker; affirming 12(b)(6) dismissal). Simply put, Plaintiffs seek to pin their claims against Best Buy Co., Inc. and Best Buy Stores, L.P. on nothing more than their corporate relationship to BestBuy.com LLC. But the law is well-settled that a corporate relationship alone is insufficient to plead fraud. *See, e.g.*, *Daher v. G.D. Searle & Co.*, 695 F. Supp. 436, 440 (D. Minn. 1988) (allegations that a corporate subsidiary committed fraud, even if sufficiently pled as to the subsidiary, are insufficient to plead fraud against the corporate parent absent specific alleged misconduct by the parent).

### III. THE BREACH OF WARRANTY CLAIMS MUST BE DISMISSED

Plaintiffs' claims for breach of express and implied warranty must be dismissed because Plaintiffs failed to provide the requisite pre-suit notice and because the Best Buy Conditions of Use expressly disclaimed the warranties that are the basis of Plaintiffs' Complaint.

**Plaintiffs Failed To Provide the Required Notice:** Plaintiffs' own allegations and judicially noticeable facts confirm that they purchased the LG LED television in November 2013, watched it in their home for nearly two-and-a-half years without any

complaint, and then launched a putative nationwide class action only days after their counsel mailed a purported "notice" of breach on April 29, 2016, without awaiting any response from Best Buy or providing Best Buy with any opportunity to address or remedy the alleged breach. These undisputed facts compel dismissal of the warranty claims.

Plaintiffs argue that the issue of the timing of their notice is an "affirmative defense" (Opp. 15) that cannot be resolved on the pleadings (Opp. 18). To state a breach of warranty claim under Minnesota law, however, Plaintiffs must affirmatively *plead* that they provided notice within a reasonable time after they discovered or should have discovered the alleged breach. *See Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 827 (D. Minn. 2010) ("A plaintiff in a breach of warranty case is precluded from recovery if he does not plead and prove the giving of notice within a reasonable time") (dismissing claim for breach of implied warranty); *Drobnak v. Andersen Corp.*, 561 F.3d 778, 784-85 (8th Cir. 2009) (affirming dismissal of warranty claims for failure to plead notice). Here, a two-and-a-half year delay in providing notice is patently unreasonable: courts have found much shorter delays unreasonable as a matter of law. *See Truesdale v. Friedman*, 270 Minn. 109, 132 N.W.2d 854, 862 (1965) (delay of two months to one year unreasonable).

In an apparent attempt to manufacture a fact issue, Plaintiffs now claim that "the Complaint does not allege that they noticed the low picture quality *immediately* after purchase, only that they noticed it at some point after their purchase." (Opp. 19.) In

11

other words, contradicting the central premise of their Complaint – that they were harmed by receiving a television with a picture that was "not as clear as expected" – Plaintiffs now admit that they could not discern any difference in picture quality attributable to refresh rates until they otherwise "c[a]me to learn" that the television had refresh rates lower than advertised. *Id.* There is no better illustration that this case, far from involving any genuine harm to Plaintiffs, was ginned up by lawyers in search of a lawsuit. In any event, Plaintiffs still fail to plead adequate notice. Because they do not allege *when* they discovered the alleged issue, they have not (by definition) factually alleged that the April 29, 2016 notice was provided within a reasonable period after discovery.

Plaintiffs' purported "notice" was defective for a second reason: it failed to provide Best Buy with a meaningful opportunity to remedy the alleged issue. Plaintiffs do not dispute that they filed their lawsuit a mere ten days after mailing their alleged notice. But they argue that the timing is irrelevant because they were not obligated to "provide notice within a reasonable time *before* filing suit." (Opp. 20.) Plaintiffs' interpretation would render the notice requirement a dead letter. "[T]he first purpose of the notice requirement – providing the seller with an opportunity to correct or cure the product defect – can only be fulfilled if the notice given is more than a mere complaint and actually conveys the buyer's intent to claim a breach of some warranty and seek damages for that breach." *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 2007 WL 4237504, at *4 (Minn. Ct. App. Dec. 4, 2007); *see also Christian v. Sony Corp. of Am.*, 152 F. Supp. 2d 1184, 1188 (D. Minn. 2001). To accept Plaintiffs' tactics would frustrate the

underlying goal of the notice requirement and deprive sellers of statutory rights conferred under Minnesota warranty law. *See Drobnak*, 561 F.3d at 785 ("By choosing not to provide notice, [plaintiffs] deprived [manufacturer] of its opportunity to cure the alleged defect and failed to 'open the way for normal settlement through negotiation.'").[4]

**The Conditions of Use Bar Plaintiffs' Warranty Claims:** Plaintiffs' warranty claims must also be dismissed because the Best Buy Conditions of Use clearly and expressly disclaim the warranties in issue. Indeed, the Conditions expressly provide that "No oral advice or written information given by Best Buy or its Associates shall create a warranty." (*See* D.E. 26-4.) Contrary to the Opposition, then, the Conditions of Use speak directly to the existence of the alleged warranties. Plaintiffs seek to avoid the disclaimer by arguing that the Conditions of Use cannot be considered on a motion to dismiss. Alternatively, they argue that the disclaimer presents "myriad" fact issues that can only be resolved in discovery. Both arguments fail.

Plaintiffs first argue that the Court must ignore the Conditions of Use because they are not "specifically referenced" in the Complaint. (Opp. 16.) But the doctrine of judicial notice is not so limited. Under established Eighth Circuit law, the Court may take judicial notice of any matter "necessarily embraced by the pleading" or that is

---

[4] Plaintiffs cite a single case, *George v. Uponor Corp.*, 988 F. Supp. 2d 1056 (D. Minn 2013), for the proposition that "last-minute notice" does not bar a breach of warranty claim. (Opp. 20.) But *Uponor* points to no relevant authority to support its holding. It cites *Church of the Nativity of Our Lord v. WatPro, Inc.*, 491 N.W.2d 1 (Minn. 1982), but that case addressed an entirely different issue: whether timely notice to an agent of a remote seller could be deemed sufficient notice to the remote seller. In any event, neither Plaintiffs nor *Uponor* explain how requiring reasonable pre-suit notice, consistent with existing statutory and policy requirements, would deprive Plaintiffs of the opportunity to litigate their claims. (Opp. 20.)

13

"integral" to the claims asserted. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Indeed, a contrary rule would permit plaintiffs to plead around known inconvenient facts or evidence integral to their claims – and to subject defendants to the substantial burden and expense of discovery – simply by not mentioning them. Here, the Conditions of Use – which expressly disclaim the very warranties that are the basis for Plaintiffs' claims – are plainly "embraced" by their pleading and should be judicially noticed.

Plaintiffs erroneously rely on *George v. Uponor Corp.*, 988 F. Supp. 2d 1056 (D. Minn. 2013). There, the Court declined to consider an express warranty proffered by *plaintiffs* in *opposition* to a motion to dismiss where plaintiffs admitted that they did not know whether the particular version of the warranty that they submitted was the one in effect at the relevant time. *Id.* at 1072. Contrary to Plaintiffs' assertion, the court declined to consider the proffered warranty for reasons going well beyond the fact that it was not "specifically referenced" in the complaint. In fact, the court took judicial notice of *other* documents not referenced or mentioned in the complaint, including a letter allegedly notifying defendant of the warranty breach, because those documents were nonetheless "embraced" by the complaint as they "pertain[ed] directly to Plaintiffs' warranty claims." *Id.* at 1071.[5]

---

[5] Plaintiffs' remaining authorities are similarly inapposite. In *Browe v. Evenflo Co.*, 2015 WL 3915868 (D. Minn. June 25, 2015), the court exercised its discretion not to take judicial notice of a limited warranty where the asserted warranty claim failed as a matter of law for other reasons. In *Residential Funding Co., LLC v. Community West Bank, N.A.*, 2014 WL 5207485, at *11 (D. Minn. Oct. 14, 2014), this Court declined to take judicial notice where the proffered securitization agreements bore only a "thin"

Even adopting Plaintiffs' crabbed interpretation, the Conditions of Use appear on the BestBuy.com website – a source that is repeatedly referenced in the Complaint. The Court may properly take judicial notice of those portions of the Best Buy website omitted from the Complaint, particularly where, as here, the omitted portions establish missing context for Plaintiffs' allegations. *Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1034 n.2 (N.D. Cal. 2010); *Ford v. Hotwire, Inc.*, 2007 WL 6235779, at *1 (N.D. Cal. Nov. 19, 2007) (taking judicial notice of contents of consumer travel reservation website where plaintiffs alleged that selectively quoted excerpts from the website were deceptive and violated California consumer protection statutes).

Plaintiffs next argue that the validity of the warranty disclaimer presents fact issues that cannot be resolved on a pleading motion. But where, as here, the language of the disclaimer is clear, courts can and do resolve warranty claims as a matter of law. *See Milwaukee Mut. Ins. Co. v. Deere & Co. Inc.*, 2005 WL 2105513, at *7 (D. Minn. Aug. 25, 2005) (granting motion for judgment on the pleadings on implied warranty claim because "it is clear that all the implied warranties were disclaimed as a matter of law"). Plaintiffs also purport to identify an issue of fact with regard to the conspicuousness of the disclaimer. (Opp. 18.) Whether a warranty disclaimer is sufficiently conspicuous or whether it was properly presented to Plaintiffs, however, are questions for the Court to resolve as a matter of law. *Milwaukee Mut. Ins. Co.*, 2005 WL 2105513, at *7. Here, it is undisputed that the Best Buy Conditions of Use were published on the BestBuy.com

---

relationship to the pleadings and where the agreements did not support the offering party's dismissal arguments.

15

website at the time of Plaintiffs' alleged purchase. The Court accordingly has the information it needs to dismiss Plaintiffs' warranty claims. (*See* D.E. 26-4.)

## IV. THE BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED

As noted in Best Buy's opening papers, the breach of contract claim should be dismissed because Plaintiffs 1) fail plausibly to allege that they entered into any contract with Best Buy Co., Inc. or Best Buy Stores, L.P. and 2) do not allege material contract terms. (BB Mot. 6.) Plaintiffs' Opposition offers no meaningful response.

The Complaint specifically alleges that Plaintiffs bought their LG LED television from Best Buy's website. (Compl. ¶ 37.) Plaintiffs do not allege that they bought the television from any other defendant – a failing that compels dismissal of the breach of contract claim as to Best Buy Co. Inc. and Best Buy Stores, L.P. Plaintiffs say that "the Best Buy entities may be treated as 'Best Buy' for purposes of this Complaint," (Opp. 20), but the mere existence of a corporate relationship between the Best Buy Defendants is insufficient to plead that each entity entered into a contract with Plaintiffs in connection with the alleged purchase. (BB Mot. 6.) And the wholly conclusory allegations that Plaintiffs entered into a contract with "Defendants" – contradicted by the few actual facts alleged – are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (rejecting "'naked assertion[s]' devoid of 'further factual enhancement'" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))).

Plaintiffs also fail to plead material terms of the alleged contract, including price, return policy, and other material terms. In the Opposition, Plaintiffs simply recite the

elements of breach of contract and assert that they have been pled. Because the Complaint lacks the necessary basic factual content, the breach of contract claim must be dismissed. *See Twombly*, 550 U.S. at 555 ("[F]ormulaic recitation of the elements of a cause of action will not do"); BB Mot. 6.

## CONCLUSION

The Best Buy Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice, and award all other and further relief deemed appropriate.

Dated: September 15, 2016

Respectfully submitted,

/s/   *Mitchell E. Zamoff*
Mitchell E. Zamoff (MN No. 389582)
J. Christopher Mitchell (MN No. 395128)
Alicia Paller (MN No. 397780)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
Tel: 612.402.3000
Fax: 612.402.3001
mitch.zamoff@hoganlovells.com
chris.mitchell@hoganlovells.com
alicia.paller@hoganlovells.com

Phoebe A. Wilkinson (*pro hac vice*)
A. Elizabeth Korchin (*pro hac vice*)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: 212.918.3000
Fax: 212.918.3100
phoebe.wilkinson@hoganlovells.com
elizabeth.korchin@hoganlovells.com

*Counsel for Defendants Best Buy Co., Inc.,*
*Best Buy Stores, L.P., and BestBuy.com, LLC*