**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 0:16-cv-01220-JRT-FLN**

| | |
|---|---|
| BENJAMIN HUDOCK, BREANN HUDOCK, and GERALD DELOSS, individually and on behalf of all others similarly situated, <br><br>         Plaintiffs, <br><br> v. <br><br> LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC, <br><br>         Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF LG ELECTRONICS U.S.A., INC.'S PARTIAL MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................. 1

PROCEDURAL HISTORY ............................................................................. 1

STATEMENT OF FACTS ............................................................................... 2

ARGUMENT..................................................................................................... 3

I.      PLAINTIFFS HAVE AGAIN FAILED TO PLEAD AN ASCERTAINABLE
LOSS SUFFICIENT TO SUSTAIN AN NJCFA CLAIM. ..................................... 4

      A.     Plaintiffs Have Failed to Plead the Cost of Comparable Televisions
with a 60Hz Refresh Rate.............................................................. 6

      B.     The Hudock Plaintiffs Have Failed to Plead an Ascertainable Loss
Given the Deeply Discounted Price They Paid for Their Television............ 9

II.     PLAINTIFF DELOSS'S ALLEGATIONS ARE INSUFFICIENT UNDER
RULE 9(b) AND RULE 8(a). ............................................................... 13

      A.     Plaintiff DeLoss's Fraud-Based Claims Fail for Lack of Particularity....... 14

      B.     Plaintiff DeLoss's Common Law Claims Are So Lacking in Required
Content that They Fail to Meet Basic Rule 8(a) Pleading Requirements. .. 18

CONCLUSION ........................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. LaSalle Bank, N.A.*,
  No. 08-2240, 2012 WL 1898612 (D.N.J. 2012) .......................................................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................ 3, 4, 18

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................ 3, 4, 18

*BJC Health Sys. v. Columbia Cas. Co.*,
  478 F.3d 908 (8th Cir. 2007) .................................................................................. 15

*Cannon v. Cherry Hill Toyota, Inc.*,
  161 F. Supp. 362 (D.N.J. 2011) ............................................................................... 9

*Durso v. Samsung Electronics Am., Inc.*,
  No. 2:12-cv-05352, 2013 WL 5947005 (D.N.J. Nov. 6, 2013) ................................. 6, 9

*Eberhart v. LG Electronics U.S.A., Inc.*,
  188 F. Supp. 3d 401 (D.N.J. 2016) ............................................................................ 8

*E-Shops Corp. v. U.S. Bank. Nat'l. Ass'n*,
  678 F.3d 659 (8th Cir. 2012) .................................................................................. 16

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2014).............................................................................. 14, 17

*Gagnon v. Schickel*,
  983 N.E.2d 1044 (Ill. App. 1st 2010) ...................................................................... 19

*Green v. Green Mountain Coffee Roasters, Inc.*,
  279 F.R.D. 275 (D.N.J. 2011)................................................................................... 8

*Hamilton v. Palm*,
  621 F.3d 816 (8th Cir. 2010) ................................................................................. 18

*Hemy v. Perdue Farms, Inc.*,
  No. 11-888, 2011 WL 6002463 (D.N.J. Nov. 30, 2011) .............................................. 8

*In re Dynamic Random Access Memory Antitrust Litig.*,
   536 F. Supp. 2d 1129 (N.D. Cal. 2008) ...................................................... 20

*Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*,
   292 A.2d 1076 (N.J. 2007) ........................................................................... 5

*Kiefer v. Simonton Building Prods., LLC*,
   No. 16-3540, 2017 WL 1380497 (D. Minn. Apr. 17, 2017) ................................. 15, 17

*Lieberson v. Johnson & Johnson Consumer Cos. Inc.*,
   865 F. Supp. 2d 529 (D.N.J. 2011) .................................................... 4, 5, 7, 8

*Parnes v. Gateway 2000, Inc.*,
   122 F.3d 539 (8th Cir. 1997) ...................................................................... 15

*Ritchie v. St. Louis Jewish Light*,
   630 F.3d 713 (8th Cir. 2011) ........................................................................ 3

*Rosenthal v. Sharkninja Operating LLC*,
   No. 16-1048, 2016 WL 7338535 (D.N.J. Dec. 12, 2016) ..................................... 14, 15

*Select Comfort Corp. v. Sleep Better Store, LLC*,
   796 F. Supp. 2d 981 (D. Minn. 2011) .......................................................... 16

*Snyder v. Farnam Cos.*,
   792 F. Supp. 2d 712 (D.N.J. 2011) .............................................................. 19

*Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*,
   493 N.W.2d 137 (Minn. Ct. App. 1992) ...................................................... 19

*Superior Edge, Inc. v. Monsanto Co.*,
   No. 12-2672, 2013 WL 6405362 (D. Minn. Dec. 6, 2013) ............................ 16, 17, 18

*Thiedemann v. Mercedes-Benz, U.S.A., LLC*,
   872 A.2d 783 (N.J. 2005) .................................................................... 4, 5, 10, 13

*United States v. Henderson*,
   No. 03-5060, 2004 WL 540278 (D. Minn. Mar. 16, 2004) ................................. 14, 17

*Weinberg v. Sprint Corp.*,
   801 A.2d 281 (N.J. 2002) ............................................................................. 5

*Zimmerschied v. JP Morgan Chase Bank, N.A.*,
   49 F. Supp. 3d 583 (D. Minn. 2014) ....................................................... 16, 17, 18

**State Statutes**

New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 54:8-1 *et seq.*...........................*passim*

**Rules**

Federal Rule of Civil Procedure 8(a).........................................................................*passim*

Federal Rule of Civil Procedure 9(b) .......................................................................*passim*

## INTRODUCTION

Plaintiffs' First Amended Complaint ("Amended Complaint") improperly relies on speculative, conclusory pleading in an effort to assert causes of action that are not actually supported by Plaintiffs' allegations, or that are so devoid of any detail about the alleged transaction that they fail to state a plausible claim on any basis. *First*, Plaintiffs Benjamin and Breann Hudock (the "Hudock Plaintiffs") and a newly-added plaintiff, Gerald DeLoss ("Plaintiff DeLoss") (collectively, "Plaintiffs") again fail to plead a real and quantifiable ascertainable loss as required by the New Jersey Consumer Fraud Act ("NJCFA").  Plaintiffs do not allege the cost of any comparable 60Hz televisions available on their dates of purchase for less than what Plaintiffs themselves paid. In addition, the Hudock Plaintiffs now admit that they purchased their television at a deep discount, paying only $499.99 during a Black Friday sale.  They have not alleged an ascertainable loss having paid this price.  *Second*, the Amended Complaint lacks sufficient information regarding the claims of the newly-added Plaintiff DeLoss against Defendant LG Electronics U.S.A., Inc. ("LG").  His claims are insufficiently pleaded under Federal Rule of Civil Procedure 8 and, for those of his claims sounding in fraud, the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

Accordingly, the Hudock Plaintiffs' NJCFA claim and all of Plaintiff DeLoss's claims should be dismissed.

## PROCEDURAL HISTORY

The Hudock Plaintiffs initiated this action on May 9, 2016 against LG, Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC (collectively, "Defendants")

1

asserting, on a class-wide basis, violations of the Minnesota and New Jersey consumer fraud statutes, and common law claims for unjust enrichment, breach of implied and express warranties, and breach of contract ("Original Complaint").  *See* Compl., ECF 1. On July 12, 2016, Defendants moved to dismiss the Original Complaint. *See* LG Electronics U.S.A., Inc.'s Mot. to Dismiss Compl., ECF 18 (hereinafter "LG Mot. to Dismiss"); Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC Mot. to Dismiss Compl., ECF 22.  On March 27, 2017, the Court issued a Memorandum Opinion and Order on Defendants' Motions to Dismiss, granting in part and denying in part Defendants' motions to dismiss, including dismissing without prejudice the NJCFA claim.  Mem. Op. and Order on Defs.' Mots. to Dismiss, ECF 51 (hereinafter "Op.").

Plaintiffs filed the Amended Complaint on May 5, 2017 in which, among other amendments, they re-pleaded the NJCFA claim against all Defendants, and added a new plaintiff, Plaintiff DeLoss, who joined in the claims against LG in Count IV (NJCFA), Count V (unjust enrichment), Count VI (breach of express warranty), and Count VII (breach of implied warranty).  *See* First Am. Class Action Compl., ECF 60 (hereinafter "FAC").  For the reasons articulated below, LG moves to dismiss the NJCFA claim asserted by both sets of Plaintiffs, as well as all claims asserted by Plaintiff DeLoss.

## STATEMENT OF FACTS

The Hudock Plaintiffs are Wisconsin residents who allege that they made an online purchase of a 55" LG LED High-Definition television advertised as having a 120Hz refresh rate, model number 55N5100-UB.  FAC ¶ 73.  They made their purchase at BestBuy.com on November 29, 2013, and paid $499.99 for the television, a discount

price from the regular price of $999.99.  *Id.*  The Hudock Plaintiffs purchased their LG television two-and-a-half years prior to filing the Original Complaint (and used the television for two and a half years before voicing any concern about its picture quality).  FAC ¶¶ 73, 128.

Plaintiff DeLoss recently joined the Hudock Plaintiffs in the Amended Complaint.  FAC ¶ 9.  He is an Illinois resident who alleges that he purchased a 55" LG LED High-Definition television advertised as having a 120Hz refresh rate, model number 55UF6450,[1] from an unidentified Kohl's store.  *Id.*  He alleges he paid $699.99 for his television.  FAC ¶¶ 9, 77.  Plaintiff DeLoss does not claim to have noticed any motion blur, nor to have ever had concern or complaint that the television images he viewed were less clear than promised or expected. *See generally* FAC.  In fact, at no point prior to filing the Amended Complaint did Plaintiff DeLoss complain of or provide notice to LG regarding any dissatisfaction he purportedly had with his television. *Id.*

## ARGUMENT

In order to sustain a cause of action, Plaintiffs' factual allegations must be plausible on their face; there must be "more than a sheer possibility that a defendant has acted unlawfully."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011).  A complaint that includes mere "labels and conclusions," or a "formulaic recitation of the elements of a cause of action" fails to state a claim.  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

[1] Further to the Court's statements in the Opinion, Op. at 5, Defendants reserve all rights to challenge Plaintiffs' premise that all LG televisions, irrespective of differences between the various models, can be lumped together as if they are all the same.

3

544, 557 (2007)).  Where allegations fail to "raise a right to relief above the speculative level," the claims should be dismissed.  *Twombly*, 550 U.S. at 555.

Plaintiffs' Amended Complaint fails to state a claim under these standards in two respects.  First, Plaintiffs' amended NJCFA claim does not "raise a right to relief above the speculative level," *id.*, because Plaintiffs have failed to allege anything but speculative loss rather than the "ascertainable loss" they are required to plead.  Second, all of Plaintiff DeLoss's claims are so devoid of any meaningful information that he fails to provide "more than a sheer possibility" that LG has acted unlawfully.  *See Iqbal*, 556 U.S. at 678.  Plaintiffs' NJCFA claim and all of Plaintiff DeLoss's claims should be dismissed.

## I.     PLAINTIFFS HAVE AGAIN FAILED TO PLEAD AN ASCERTAINABLE LOSS SUFFICIENT TO SUSTAIN AN NJCFA CLAIM.

This Court dismissed the prior NJCFA claim for failure to plead a required element: ascertainable loss.  Op. at 23.  In their second attempt here, Plaintiffs again come up short.  The Amended Complaint does not cure the original Complaint's defect, and Plaintiffs' NJCFA claim should once again be dismissed.

To state a claim under the NJCFA, a plaintiff must allege sufficient facts to demonstrate that "he or she suffered an ascertainable loss . . . as a result of the [defendant's] unlawful conduct."  *See Thiedemann v. Mercedes-Benz, U.S.A., LLC*, 872 A.2d 783, 791 (N.J. 2005) (quoting *Weinberg v. Sprint Corp.*, 801 A.2d 281, 291 (N.J. 2002)); *see also Lieberson v. Johnson & Johnson Consumer Cos. Inc.*, 865 F. Supp. 2d 529, 538 (D.N.J. 2011) (a plaintiff must allege "(1) unlawful conduct by the defendant;

(2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss"). As defined by the New Jersey Supreme Court, the ascertainable loss element requires that plaintiffs establish an "actual loss"; one that is "quantifiable or measurable," or "real and demonstrable," as opposed to "hypothetical," "illustrative," or "speculative." *Thiedemann*, 872 A.2d at 792, 793, 795, 796. Plaintiffs must allege they have "suffered an ascertainable loss of money or property" to state a claim upon which relief can be granted. *Weinberg*, 801 A.2d at 291. Plaintiffs may <u>not</u> "seek[] . . . to be relieved of the usual requirements that plaintiff prove an ascertainable loss" by "seek[ing] to prove <u>*only*</u> <u>*that the price charged for [the product] was higher than it should have been*</u> as a result of defendant's fraudulent marketing campaign . . . ." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 292 A.2d 1076, 1088 (N.J. 2007) (emphasis added). Dismissal of an NJCFA claim is proper when the plaintiff fails to "quantify the difference in value between the promised product and the actual product received." *Lieberson*, 865 F. Supp. 2d at 538 (quoting *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 100 (D.N.J. 2011)).

Previously, this Court found that Plaintiffs had not met these standards by attempting to allege ascertainable loss under a "loss in value" theory. Op. at 17. Specifically, the Hudock Plaintiffs failed to plead: "(1) the amount [they] paid for the television; or (2) the cost of a comparable LG television with a 60Hz refresh rate." Op. at 17-18. The Court concluded that without this information, it had "no basis for valuing the products [Plaintiffs] received as opposed to the products they were promised." Op. at

18 (citing *Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 375-76 (D.N.J. 2015)).

Despite this guidance from the Court, Plaintiffs' Amended Complaint still fails to allege "ascertainable loss."  First, Plaintiffs again fail to allege "the cost of a comparable LG television with a 60Hz refresh rate."  Op. at 18.  Second, even though the Hudock Plaintiffs now allege the price they paid for their television, that allegation makes clear that they purchased it at a steep discount, which dooms their claim of ascertainable loss. FAC ¶ 73.  Moreover, Plaintiff DeLoss's purchase only confirms that the Hudocks have not suffered (or alleged) an ascertainable loss.

### A. Plaintiffs Have Failed to Plead the Cost of Comparable Televisions with a 60Hz Refresh Rate.

The Court instructed Plaintiffs that they must plead "the cost of a comparable LG television with a 60Hz refresh rate" in order to state a claim under the NCJFA.  Op. at 18. The Amended Complaint fails to do so:  nowhere do Plaintiffs plead the cost of a comparable LG television with a 60Hz refresh rate, let alone one available for purchase on the Plaintiffs' respective dates of purchase and at a price less than what Plaintiffs paid.

This failure warrants dismissal.  Indeed, in *Durso v. Samsung Electronics America, Inc.*, plaintiffs' claims were dismissed for precisely this reason: "Plaintiffs . . . have provided in their complaint how much they paid for their Samsung Washers. However, *they have failed to allege how much comparable washers by Defendant's competitors cost at the time of purchase.*"  No. 2:12-cv-05352, 2013 WL 5947005, at *9 (D.N.J. Nov. 6, 2013) (emphasis added) (granting motion to dismiss NJCFA claim where

plaintiffs had not "quantified the difference in value between the washer promised and the actual washer received," and therefore "failed to adequately plead ascertainable loss").

Plaintiffs here do not plead the cost of an allegedly comparable television with a 60Hz refresh rate, as they were required to do, and do nothing more than speculate that "[t]elevisions with higher refresh rate capabilities consistently command a quantifiable, 15-20% higher Manufacturer's Suggested Retail Price ("MSRP") and actual sales prices than television models with lower refresh rates."  FAC ¶ 63.  Plaintiffs rely on this unfounded assertion to plead in conclusory fashion that they therefore suffered a "loss" of "approximate[ly] . . . 15-20% of their purchase price[s]."  FAC ¶ 67.  They *do not* allege that these percentages correspond to the price of any existing, comparable 60Hz televisions available for sale at the time Plaintiffs purchases were made.  *See generally* FAC.  Nor do they point to any comparable 60HZ television that was available to them for purchase on the dates in question at a price lower than the $499.99 (Hudock Plaintiffs, FAC ¶ 73) and $699.99 (Plaintiff DeLoss, FAC ¶ 78) they paid (let alone for 15-20% less).

Plaintiffs' reliance on hypothetical 15-20% losses based on purchase price – "approximately $75 to $100" (FAC ¶ 73) for the Hudock Plaintiffs and "approximately $105 to $140" (FAC ¶ 78) for Plaintiff DeLoss – is deficient.  In *Lieberson v. Johnson & Johnson*, plaintiff's NCJFA claim was dismissed for failure to plead ascertainable loss where the complaint alleged that comparable products "cost at least twenty-five (25%) less" than the products purchased by the plaintiff.  865 F. Supp. 2d at 541.  The court

dismissed the claim because "although Plaintiff alleges that comparable products cost twenty five percent less than the [defendant's] products, Plaintiff has not alleged the identity or the cost of any allegedly comparable products." *Id.*

The same is true here. Plaintiffs' NJCFA claims should be dismissed because their method of alleging loss through "unsupported conclusory statements [is] insufficient to withstand a motion to dismiss." *Id.* at 542; *see also Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 282 (D.N.J. 2011) (dismissing NJCFA claim for failure to plead ascertainable loss where the complaint did not include "how much other comparable [coffee] brewers manufactured by Defendant's competitors cost at the time of purchase" and therefore "failed to specifically allege that what he receive[d] was of lesser value than what was promised"); *Hemy v. Perdue Farms, Inc.*, No. 11-888, 2011 WL 6002463, at *18 (D.N.J. Nov. 30, 2011) (finding no support for a claim of ascertainable loss where plaintiffs referred to a "premium" price in their complaint but "failed to allege the price of competing chicken products, as a means of pleading the difference in value").

Nor does Plaintiffs' claim that they will provide a quantification of damages at a later stage of the litigation cure the deficiency. *See* FAC ¶¶ 65-67. Failure to plead ascertainable loss in the complaint requires dismissal at the outset. *See Eberhart v. LG Electronics U.S.A., Inc.*, 188 F. Supp. 3d 401 (D.N.J. 2016) (dismissing plaintiff's NJCFA claim for failure to plead ascertainable loss where plaintiff alleged "[d]iscovery, coupled with regression analysis, will isolate the relationship between refresh rate . . . and the market value of the television" but did not include "plausible facts that compare

televisions that have an increased refresh rate with televisions that have the lower refresh rate Plaintiff actually received"); *Durso v. Samsung Electronics Am., Inc.*, No. 2:12-cv-05352, 2013 WL 5947005, at *9 (D.N.J. Nov. 6, 2013) (dismissing NJCFA claim for failure to adequately allege an ascertainable loss).

Plaintiffs' failure to plead with "a reasonable degree of certainty" the cost of available, comparable 60Hz televisions on each Plaintiff's date of purchase is fatal to their NJCFA claims. *Cannon v. Cherry Hill Toyota, Inc.*, 161 F. Supp. 362, 374 (D.N.J. 2011) (plaintiff bears the burden of demonstrating the amount of ascertainable loss "to a reasonable degree of certainty"). Without such allegations, Plaintiffs cannot properly allege, without speculation, that they could have succeeded in finding a comparable 60 HZ television for less than what they actually paid for their LG televisions. Their NJCFA claim fails.

### B. The Hudock Plaintiffs Have Failed to Plead an Ascertainable Loss Given the Deeply Discounted Price They Paid for Their Television.

Moreover, even if Plaintiffs' percentage method of guessing lost value was permissible – which it is not – it would only confirm that the Hudock Plaintiffs have failed to allege any loss whatsoever in light of their purchase at a price of $499.99. *See* FAC ¶ 73. Additionally, the facts alleged about their new co-Plaintiff DeLoss separately prove that the Hudock Plaintiffs have not alleged an ascertainable loss.

The Amended Complaint alleges that (1) the Hudock Plaintiffs purchased their television for $500 less than its regular price, a 50% discount far greater than the 15-20% amount by which they allege the purchase price was improperly inflated; and (2) the

9

television purchased by co-Plaintiff DeLoss – also alleged to have an advertised refresh rate of 120Hz – was purchased for $699.99.   Therefore, under Plaintiffs' 15-20% speculative loss theory, the value of the LG television Plaintiff DeLoss received was between $559.99-$594.99.

Thus, the price at which the Hudock Plaintiffs concede they purchased their LG television is far less than the value they attribute to the television purchased by Plaintiff DeLoss ($559.99-$594.99), and is significantly less than the regular price for the television they themselves purchased ($999.99). *Id.*  These simple facts contradict their claim that they "paid more" for their LG TV on account of an allegedly inflated refresh rate.   FAC ¶ 6; *see Thiedemann*, 183 N.J. at 248 ("To give effect to the legislative language describing the requisite loss for private standing under the CFA, . . . a private plaintiff must produce evidence from which a factfinder could find or infer that the plaintiff suffered an actual loss.").

Had the Hudock Plaintiffs purchased the exact same television at the full listed price (i.e., $999.99), their 15-20% method of "ascertaining" loss would mean that the same television was worth $799.99 – $849.99.  Thus, even adjusting the list price for what they claim is the appropriate measure of price premium for a higher refresh rate, they paid far less and suffered no loss.  The Hudock Plaintiffs attempt to deflect this problem by suggesting, purely upon information and belief (which is insufficient to sustain a fraud-based claim), that the television "was never, in fact, available for purchase at the claimed 'regular price' of $999.99." FAC ¶ 73.  Defendants will demonstrate at the appropriate time that this unfounded allegation is false; Defendants previously have

communicated as much to Plaintiffs' counsel.[2]   In any event, the allegation is meaningless.  If the television was priced or available for purchase for as low as $624.99, by their own methodology, the Hudock Plaintiffs still would not have suffered an ascertainable loss, since a 20% reduction (the maximum of the 15-20% range they allege) from $624.99 is equal to their purchase price of $499.99.  For their allegation regarding regular pricing to be meaningful, the Hudock Plaintiffs thus would need to allege that the same television was never available for purchase for any amount from $624.99 up, an allegation that they have not made, and cannot make.[3]   Nor, as discussed above, do they ever allege that a *60Hz* comparable television was ever sold for *less* than the $499.99 they paid.

Moreover, the Hudock Plaintiffs' claim and method of calculating their purported loss inherently is in direct tension with Plaintiff DeLoss's claim and method of calculating his own purported loss, inasmuch as they both apply the same claimed 15-

---

[2] Defendants recognize that the Court is limited to materials contained in the Amended Complaint on a motion to dismiss.  However, due to Plaintiffs' "upon information and belief" allegation, Defendants wish to advise the Court that in response to a request from Plaintiffs' counsel dated January 26, 2017, seeking information regarding sales at the price of $999.99, Defendants' counsel confirmed to Plaintiffs' counsel four months ago (by letter dated February 2, 2017) that Best Buy offered and sold the television model purchased by the Hudocks at $999.99 on dates before and after Black Friday 2013. Letter from David Cialkowski, Plaintiffs' counsel, to Mitchell Zamoff, Defendants' counsel (Jan. 26, 2017) (on file with Defendants' counsel); Letter from Mitchell Zamoff, Defendants' counsel, to David Cialkowski, Plaintiffs' counsel (Feb. 2, 2017) (on file with Defendants' counsel).

[3] Nor do Plaintiffs anywhere explain how they purport to represent a class of purchasers who did not purchase their televisions at discount, and whose calculation of 15-20% off of the Manufacturer's Suggested Retail Price will result in a price *higher* than the Hudock Plaintiffs paid for the same model.

20% loss but do not account for the Black Friday discount obtained by the Hudock Plaintiffs. Thus, Plaintiffs postulate that the 55" 120Hz LED television purchased by the Hudock Plaintiffs was worth 15-20% less than their purchase price of $499.99, namely $400-$425. FAC ¶ 73. Yet, they also allege that the different model 55" 120Hz LED television that Plaintiff DeLoss purchased for $699.99 was worth only 15-20% less than *his* purchase price, or $559.99-$594.99 – $60-$95 *more* than what the Hudock Plaintiffs paid.[4] So, under Plaintiffs' theory – if Plaintiff DeLoss should have only paid between $559.99 and $594.99 for his television, how did the Hudock Plaintiffs suffer any actual loss by paying only $499.99?

These calculations highlight the fundamental flaw in Plaintiffs' attempt to plead ascertainable loss on the basis of a claimed percentage premium rather than the actual prices of alleged comparable products, a failure for which their claims should be dismissed as discussed above. The Hudock Plaintiffs' amended NJCFA claim should be dismissed for the additional reason that the facts concerning their purchase do not plausibly support a claim of ascertainable loss (or any loss whatsoever). *See Allen v. LaSalle Bank, N.A.*, No. 08-2240, 2012 WL 1898612, at *2 (D.N.J. 2012) ("At the motion to dismiss stage, a private plaintiff must allege facts 'from which a factfinder could [plausibly] find or infer that the plaintiff suffered an *actual* loss.'" (alteration in original) (emphasis in original)). On a plain reading it is clear that the Hudock Plaintiffs'

---

[4] Plaintiffs necessarily concede – as Defendants argued in their opening motion to dismiss, LG Mot. to Dismiss at 8-10 – that models of televisions are different and cannot be lumped together on a class-wide basis as if they are not. The pricing of televisions is driven by a variety of factors and specifications, including, for example, resolution, design, brand, point of sale, and features.

allegations demonstrate that they purchased their television at such a deep discount that they suffered no "actual," "real and demonstrable" loss as required to state a claim under the NJCFA. *Thiedemann*, 183 N.J. at 248, 254.

## II.   PLAINTIFF DELOSS'S ALLEGATIONS ARE INSUFFICIENT UNDER RULE 9(b) AND RULE 8(a).

Additionally, Plaintiff DeLoss's allegations are so lacking in substance that he has failed to satisfy the heightened pleading requirements of Rule 9(b), not to mention also failing to allege sufficient information to meet the requirements of Rule 8(a).  Plaintiff DeLoss states nothing more than:

- He is a resident of Illinois;

- He purchased an LG television from an unidentified Kohl's; and,

- Prior to his purchase he did some online research.

FAC ¶¶ 9, 74-78. Plaintiff DeLoss does not allege:

- From which Kohl's store he made his purchase – not even advising the Court or the parties of the state in which he made his purchase – or whether he made his purchase from Kohl's online;

- Where he was when he did his online research;

- When he did his online research; and

- What websites he visited as part of his online research.

Indeed, the Amended Complaint lacks information about what alleged LG advertisements or information Plaintiff DeLoss viewed; where or when he viewed any such alleged statements; and where and when he purchased his TV.  *See generally* FAC.  Further,

while Plaintiff DeLoss alleges that he bought his TV "from Kohl's," he does not allege (1) whether this purchase took place in a store or online; (2) if purchased online, where he resided when he purchased the television or where he had the television shipped to; (3) if purchased in-store, which state he resided in when he made the purchase or where the Kohl's was located; (d) where he watched the television, not to mention (e) whether he in fact suffered any alleged harm, noticed any motion blur or was at all dissatisfied with the picture quality of this television. *See generally* FAC. Moreover, Plaintiff DeLoss does not lodge any claims against the Minnesota-based Best Buy Defendants, nor does he present any other nexus to Minnesota, instead apparently hoping to avail himself of the venue chosen by the Hudock Plaintiffs in a direct forum-shopping effort. His threadbare pleading fails to meet the requirements of Rules 9(b) and 8(a).

### A. Plaintiff DeLoss's Fraud-Based Claims Fail for Lack of Particularity.

Plaintiff DeLoss's NJCFA and unjust enrichment[5] claims sound in fraud and therefore must satisfy the heightened pleading standard of Rule 9(b). *See Frederico v. Home Depot*, 507 F.3d 188, 200-02 (3d Cir. 2014) (applying Rule 9(b) to a NJCFA claim and dismissing the same); *Rosenthal v. Sharkninja Operating LLC*, No. 16-1048, 2016 WL 7338535, *3 (D.N.J. Dec. 12, 2016), *appeal docketed*, No. 17-1155 (3d Cir. Jan. 20, 2017) ("It is well-established that claims under the CFA must meet the heightened

---

[5] For the purpose of this motion, LG presumes that Plaintiff DeLoss's unjust enrichment claim is subject to Rule 9(b). *See United States v. Henderson*, No. 03-5060, 2004 WL 540278, at *2-3 (D. Minn. Mar. 16, 2004) (dismissing unjust enrichment claim for failure to plead the claim with specificity under Rule 9(b)). However, as noted further *infra* Section II(B), Plaintiff DeLoss does not identify the state law he intends to apply to his unjust enrichment claim.

pleading requirements of Fed. R. Civ. P. 9(b)").  The Rule 9(b) "requirement is intended 'to place the defendants on notice of the precise misconduct with which they are charged.'" *Rosenthal*, 2016 WL 7338535, at *3.  Rule 9(b) requires that Plaintiff DeLoss plead "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal citations omitted).  Stated differently, Rule 9(b) requires that Plaintiff DeLoss provide the "who, what, when, where, and how" of the fraud he alleges.  *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997).

Plaintiff DeLoss's few, vague allegations, and references to having reviewed unidentified statements, primarily "online," do not provide the requisite particularity. For example, Plaintiff DeLoss broadly alleges that he "researched various models and specifications of televisions online."  FAC ¶ 75.  But he *does not* state which televisions he researched (or even whether they were LG televisions), on which websites, and on what dates.  *See generally* FAC.  Nor does he provide the content of his research, or indicate whether LG was the source of any of the information he reviewed "online." *See generally* FAC.  This is plainly insufficient.  *See, e.g.*, *Kiefer v. Simonton Building Prods., LLC*, No. 16-3540, 2017 WL 1380497, at *5 (D. Minn. Apr. 17, 2017), *appeal docketed*, No. 17-2095 (8th Cir. May 18, 2017) (dismissing fraud claims where "Plaintiffs' allegations concerning *where* and *when* these [allegedly fraudulent] statements were made [were] fatally vague: they generically aver [defendant] made these statements 'on its website,' 'in print,' and in 'its promotional materials' . . ." (emphasis

added)); *Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 592 (D. Minn. 2014) (dismissing fraud claim for failure to plead "allegations regarding who made the statements, when the statements were made, the exact nature of the misrepresentations, and where they were made"). *Cf. Select Comfort Corp. v. Sleep Better Store, LLC*, 796 F. Supp. 2d 981, 984 (D. Minn. 2011) (finding plaintiff's fraud allegations satisfied Rule 9(b) where plaintiff identified defendant's website as included misleading statements and described which portions of defendant's website were misleading).

Plaintiff DeLoss separately alleges that he "reviewed the specifications for the 55UF6450 televisions model as labeled and represented by LG." FAC ¶ 76. But here again, he does not describe what the alleged representations were, when the alleged representations were made, or where the alleged representations appeared (online or otherwise). His vague claim that "LG advertised the refresh rate of this model as 120Hz," *id.*, similarly does not state where or when LG made this alleged statement, as is required. *See, e.g.*, *E-Shops Corp. v. U.S. Bank. Nat'l. Ass'n*, 678 F.3d 659, 664 (8th Cir. 2012) (affirming dismissal of plaintiff's aiding and abetting fraud claim where plaintiff "provide[d] no factual allegations pointing to the circumstances surrounding the alleged data breach – i.e., how it occurred, when it occurred, or where it occurred . . ."); *Superior Edge, Inc. v. Monsanto Co.*, No. 12-2672, 2013 WL 6405362, at *4 (D. Minn. Dec. 6, 2013) (dismissing statutory fraud claim where plaintiff failed to identify "any document, advertisement, presentation, website, or other platform containing [defendant's] alleged misrepresentations").

His final attempt, a claim that he "confirmed the purported 120Hz refresh rate online, as well as on the packaging of the television" prior to purchasing the television, fares no better. FAC ¶ 76. The Amended Complaint does not indicate: (1) the website he allegedly viewed; (2) the source of the online information; (3) what specific information he viewed; (4) when he viewed the online information; (5) where (in what state) Plaintiff DeLoss was when he viewed it; (6) what packaging Plaintiff DeLoss allegedly viewed; (7) when he viewed the packaging; (8) where he was when he viewed the packaging; and (9) what the statements which allegedly appeared on the packaging said. *See generally* FAC.

Thus, Plaintiff DeLoss's allegations consistently lack the "who, what, where, when, and how" required to plead fraud. *See United States v. Henderson*, No. 03-5060, 2004 WL 540278, at *3 (D. Minn. Mar. 16, 2004) (citing *Parnes*, 122 F.3d at 549-50). Courts routinely dismiss fraud claims lacking in such particularity. *See, e.g.*, *Frederico*, 507 F.3d at 203 (affirming dismissal of plaintiff's NJCFA and common law fraud claim); *Kiefer*, 2017 WL 1380497, at *5 (dismissing fraud claims on motion to dismiss); *Zimmerschied*, 49 F. Supp. 3d at 592 (same); *Superior Edge,* 2013 WL 6405362, at *4 (dismissing statutory fraud claim on motion to dismiss).

Plaintiff DeLoss does not even provide the specifics of his purchase. Alleging only that he purchased it "from Kohl's," Plaintiff DeLoss does not indicate whether his purchase was online or from a brick-and-mortar store and, if the latter, which store. And while Plaintiff DeLoss does provide a single date – January 30, 2016 – that date is provided as the date he "decided to purchase" and not actually indicated as the date of

purchase.  FAC ¶¶ 9, 77.  This vague data point does not provide the "when" necessary to survive a motion to dismiss.  *See, e.g.*, *Zimmerschied*, 49 F. Supp. 3d at 592 (dismissing fraud claim where plaintiff's allegations "contain[ed] no indication of when the misrepresentations occurred"); *Superior Edge*, 2013 WL 6405362, at *4 (dismissing fraud claim where complaint failed to allege with sufficient specificity where, what, or when the allegedly misleading statements were made, and only broadly alleged they were made "not later than May of 2011" in "written materials" and "published statements").

Plaintiff DeLoss's NJCFA and unjust enrichment claims fail to meet the heightened Rule 9(b) pleading standard and should be dismissed.

### B.  Plaintiff DeLoss's Common Law Claims Are So Lacking in Required Content that They Fail to Meet Basic Rule 8(a) Pleading Requirements.

Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010).  *Twombly* and *Iqbal* reiterate that Rule 8(a) "is satisfied when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (internal quotation marks omitted).  Here, Plaintiff DeLoss fails to provide sufficient factual content to allow LG to even identify the specific common law claims being asserted against it, and whether and to what extent it has choice of law arguments to present to the Court regarding the applicability of, or conflict between, various state law causes of action.[6]

---

[6] Plaintiff DeLoss neither resides in nor alleges injury in New Jersey or Minnesota.  Accordingly, he lacks standing to assert state law claims under New Jersey or Minnesota law.  LG understands that the Court has deferred the standing

18

Plaintiff DeLoss does not identify facts sufficient to even guess at what state's law he purports to invoke for his common law claims.  LG cannot (and should not have to) hypothesize now as to which state's common law might apply to Plaintiff DeLoss's claims based on his insufficient pleading.  At least the Hudock Plaintiffs alleged *where* all of the operative facts and putative injury took place – in Wisconsin.  Compl. ¶¶ 6-7, 33.[7]  Here, Plaintiff DeLoss has provided LG with even less information, alleging only where he resides *at the moment*. FAC ¶ 9.  Common law claims vary from state to state in their scope and their elements.  *Compare, e.g.*, *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992) (to state a claim for unjust enrichment under Minnesota common law, a plaintiff must allege that defendant "has knowingly received something of value, not being entitled to the benefit, and under circumstances that would make it unjust to permit its retention") *with Gagnon v. Schickel*, 983 N.E.2d 1044, 1051 (Ill. App. 1st 2010) (to state a claim for unjust enrichment under Illinois common law, a plaintiff "must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience") *and Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (to state a claim for unjust enrichment under New Jersey common law, "a plaintiff must allege that (1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust

determination until after class certification, *see* Op. at 4-5, and reserves all arguments that Plaintiff DeLoss lacks standing.

[7] As a result, the Court determined it would decide whether Minnesota or Wisconsin law governed the Hudock Plaintiffs' claims at a later date.  Op. at 3, n.2, 19.

for defendant to retain benefit without paying for it" and there must be a "direct relationship" between plaintiff and defendant—*not* merely a third-party-purchaser's relationship to a manufacturer).

Plaintiff DeLoss's deficient pleading prevents LG from having any basis to even guess what state's claims are being asserted against it, and therefore fails to put LG on notice as to the extent of the claims LG is required to defend.  Accordingly, Plaintiff DeLoss's common law claims should be dismissed.  *See In re Dynamic Random Access Memory Antitrust Litig.*, 536 F. Supp. 2d 1129, 1146 (N.D. Cal. 2008) ("Plaintiffs' claim states neither that it is proceeding under specific state laws, nor that it is proceeding as a single claim on behalf of a nationwide class. . . . [T]he claim is unclear under principles of Rule 8 pleading requirements as alleged. . . .").

## CONCLUSION

For the reasons set forth herein, LG respectfully requests that this Court dismiss Plaintiffs' NJCFA claim (Count IV) with prejudice, dismiss Plaintiff DeLoss's unjust enrichment (Count V), breach of express warranty (Count VI), and breach of implied warranty (Count VII) claims, and award all other and further relief deemed appropriate.


Dated: June 5, 2017                              Respectfully submitted,


                                                 /s/  *Mitchell E. Zamoff*
                                                   Mitchell E. Zamoff (MN No. 389582)
                                                   Alicia J. Paller (MN No. 397780)
                                                   HOGAN LOVELLS US LLP
                                                   80 South Eighth Street, Suite 1225
                                                   Minneapolis, MN 55402
                                                   T. (612) 402-3000

20

F. (612) 402-3001
mitch.zamoff@hoganlovells.com
alicia.paller@hoganlovells.com

Phoebe A. Wilkinson (*pro hac vice*)
A.  Elizabeth Korchin (*pro hac vice*)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
T. (212) 918-3000
F. (212) 918-3100
phoebe.wilkinson@hoganlovells.com
elizabeth.korchin@hoganlovells.com

*Counsel for LG Electronics U.S.A., Inc.*