UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO. 0:16-cv-01220-JRT-FLN

| | |
|---|---|
| BENJAMIN HUDOCK, BREANN HUDOCK, and GERALD DELOSS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>　　　　Defendants. | **AMENDED REPLY IN FURTHER SUPPORT OF LG ELECTRONICS U.S.A., INC.'S PARTIAL MOTION TO DISMISS** |

　　　　Plaintiffs concede that since filing the First Amended Complaint ("Amended Complaint"), they have "conducted further research," and they pack their opposition brief with allegations that appear nowhere in the Amended Complaint. This is improper, and highlights the deficiencies in Plaintiffs' New Jersey Consumer Fraud Act ("NJCFA") claim and all of Plaintiff Gerald DeLoss's claims. They should be dismissed; and, no leave to amend should be allowed with respect to the NJCFA claim as Plaintiffs have had ample opportunity to properly plead this claim, and they have failed to do so in each instance.

## ARGUMENT

Plaintiffs decry that "'facts' outside the pleadings are not to be considered at the motion to dismiss stage," Pls.' Opp. to Defs.' Partial Mots. to Dismiss Pls.' First Am. Class Action Compl. at 17, ECF 80 (hereinafter "Opp."), yet lard their opposition with a litany of factual allegations that are not pleaded in the Amended Complaint. These include references to websites allegedly visited by Plaintiff DeLoss, Opp. at 20, comparisons of the features and prices of television models not referenced in the Amended Complaint, Opp. at 16-17, descriptions of the Hudock Plaintiffs' television box, Opp. at 16-17, and counsel's efforts to identify the price at which the Hudock Plaintiffs' television model 55LN5100 was offered for sale, Opp. at 15-17. This is improper. "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)).

Plaintiffs are apparently aware of their deficiencies, having informally asked the Court to grant them leave to amend (without making the requisite showing). Opp. at 14 n.2 (seeking permission to amend their allegations yet again, in order to try to properly allege ascertainable loss); Opp. at 20 (seeking leave to amend to remedy Plaintiff DeLoss's deficient claims).[1] Defendants, however, should not be forced to respond to serial amendments where Plaintiffs repeatedly fail to plead the elements of their claims.

---

[1] Plaintiffs have not followed the requirements of Rule 15 or Local Rule 15.1, or filed a motion with this Court for leave to amend.

Plaintiffs' NJCFA claim and all of Plaintiff DeLoss's claims as currently pleaded in the Amended Complaint must be dismissed.

## I. PLAINTIFFS HAVE FAILED TO PLEAD AN ASCERTAINABLE LOSS SUFFICIENT TO SUSTAIN AN NJCFA CLAIM.

Plaintiffs' Amended Complaint claims nothing more than a speculative and conclusory loss. Plaintiffs' arguments in their opposition brief (premised on numerous allegations not made in the Amended Complaint), shifting theories of loss, and conclusory pleading are insufficient to state a claim upon which relief can be granted under the NJCFA. Plaintiffs do not plead an "actual," "quantifiable or measurable," "real and demonstrable" ascertainable loss on the face of the complaint. *Theidemann v. Mercedes-Benz, U.S.A., Inc.*, 872 A.2d 792, 793, 795 (N.J. 2005).

### A. Plaintiffs' Speculative Claimed Price Premium, Without Allegations of the Cost of Comparable Televisions with a 60Hz Refresh Rate, Is Insufficient To State a Claim Under the NJCFA.

To plead an ascertainable loss under the NJCFA, Plaintiffs "must allege the cost of the product purchased and the cost of alternative products manufactured by defendant's competitors [or defendant] at the time of purchase." *McBrearty v. Fifth Generation, Inc.*, No. 14-7667, 2015 WL 4749040 (D.N.J. 2015) (citing *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 282 (D.N.J. 2011)). Allegations of ascertainable loss must not be "merely theoretical," and Plaintiffs must "identify some way in which a court may determine how much of a premium [Plaintiffs] claim to have paid." *Id.* Plaintiffs have failed to state a claim under the NJCFA because they have not alleged anything other than a theoretical, speculative loss.

Plaintiffs attempt to meet the standard by "approximat[ing] their losses at 15-20% of their purchase price" and making the conclusory claim of a purported "universal price difference[s] between higher and lower refresh rate televisions." First Am. Class Action Compl. ¶ 67 (hereinafter "FAC"). Plaintiffs argue that they "did not pull these [15-20%] numbers out of thin air," Opp. at 12, and drew them from "publicly available data," Opp. at 13, but the Amended Complaint provides no particularity to support these conclusory assertions. Instead, Plaintiffs acknowledge that their theory of ascertainable loss is nothing more than televisions with higher refresh rates "command a price premium" compared to those with lower refresh rates. Opp. at 9. This ignores the fact that courts have found that alleging a speculative "price premium" alone is not enough to plead an NJCFA claim. *See, e.g.*, *In re Gerber Probiotic Sales Practices Litig.*, No. CIV.A. 12-835 JLL, 2014 WL 3446667, at *3 (D.N.J. July 11, 2014) (dismissing NJCFA claims where plaintiffs failed to allege the difference in value between the products promised and the products received); *Hemy v. Perdue Farms, Inc.*, No. 11-888, 2011 WL 6002463, at *18 (D.N.J. Nov. 30. 2011) (plaintiffs failed to plead ascertainable loss where their complaint referenced a price premium but did not allege the price of competing chicken products); *In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig.*, No. 08-cv-939-DRD, 2009 WL 2940081, at *13 (D.N.J. Sept. 11, 2009) (describing plaintiffs' failure to provide information as to the price of regular DVD players at the time of purchase).

Plaintiffs do not contest that the Amended Complaint fails to plead the critical missing piece of their ascertainable loss claim: the cost of comparable LG televisions with 60Hz refresh rates available on the dates of Plaintiffs' purchases. Instead, they

contest whether they need to plead that information at all. Caselaw demonstrates that they do. In *Green v. Green Mountain Coffee Roasters, Inc.*, the court dismissed plaintiffs' complaint for a violation of the NJCFA based on "unsupported conclusory statements" with no allegation of how much comparable products cost at the time of purchase. 279 F.R.D. at 282; *see also Hemy*, 2011 WL 6002463, at *18 (explaining Plaintiffs' failure to allege the cost of comparable chicken products at the time of Plaintiffs' purchases); *McBrearty*, 2015 WL 4749040, at *3 (describing Plaintiffs' failure to provide the cost of comparable vodka at the time of Plaintiffs' purchases). Without an allegation regarding the price of a comparable television, the Amended Complaint fails to "raise a right to relief above the speculative level" under the NJCFA. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs attempt to cure this deficiency by arguing that the allegation of their purchase prices is enough. Opp. at 12. It is not. For example, in *Durso v. Samsung Elecs. Am., Inc.*, – which Plaintiffs make no effort to distinguish – plaintiffs pleaded their purchase price but failed to allege how much a comparable washing machine sold for at the time of purchase. No. 2:12-cv-05352, 2013 WL 5947005, at *9 (D.N.J. Nov. 6, 2013). The complaint was dismissed for failure to allege an ascertainable loss. *Id.* Plaintiffs also fail to distinguish *Lieberson v. Johnson & Johnson Consumer Cos., Inc.* and instead argue that pleading their purchase price is enough. 865 F. Supp. 2d 529 (D.N.J. 2011). In dismissing the plaintiff's NJCFA claim, the *Lieberson* court noted Plaintiff's failure to plead her purchase price, *id.* at 541, but continued on to state: "*[m]oreover*, although Plaintiff alleges that comparable products cost twenty five percent

less than the J & J products, Plaintiff has not alleged the identity or the cost of any allegedly comparable products." *Id.* (emphasis added).  As a result, the court was unable to quantify the difference in value alleged by plaintiff and dismissed her "unsupported conclusory statements." *Id.*

Thus, while Plaintiffs here now allege the prices they paid for their televisions, their allegations continue to fail to provide a basis for valuing the products they received as opposed to the products they allege they were promised.  Mem. Op. and Order on Defs.' Mots. to Dismiss at 18, ECF 51 (hereinafter "Op.").  Plaintiffs implicitly acknowledge this shortcoming by including in their opposition brief information they gathered *after* filing the Amended Complaint.  Opp. at 13 n.2.  In an effort to buttress their deficient "price comparison" allegations, Plaintiffs include a four-paragraph, single-spaced footnote comparing two LG television models that none of the Plaintiffs purchased.  *See* Opp. at 13-14 n.2  Plaintiffs claim the televisions are "nearly identical" based (apparently) on an attorney assessment of the specification sheets alone, and they claim that the televisions were sold for different prices by undisclosed retailers at undisclosed times in undisclosed locations.  *See id.*[2]  As discussed *supra*, these purported

---

[2] Even a preliminary comparison of the specification sheets demonstrates the fallacy in Plaintiffs' effort to claim the television models are identical.  There are features that are not facially obvious on a specification sheet that impact pricing and value determinations – for example, the specification sheets do not reflect that the 7650 model incorporates a RGBW panel compared to the RGB panel used in the 7700 model, or that the 7650 model is sold through a specific club distribution channel (such as a Costco), which club status impacts pricing for members. Quality of a component part will impact value, pricing and the like – put in the context of an automobile, a car with a Rolls Royce engine might be priced very differently than a car with an engine from a differently-perceived-quality engine manufacturer.  And, Plaintiffs cannot have it both

6

facts are not properly before the Court as they appear nowhere in the Amended Complaint and fail to cure Plaintiffs' deficient allegations of an unsupported price premium. *Supra* pp. 2-4; *see Lieberson*, 865 F. Supp. 2d at 541; *McBrearty*, 2015 WL 4749040, at *3.

Plaintiffs then fall back again on the argument that they have "articulat[ed] accepted methodologies" for quantifying loss. Opp. at 10. They suggest that their estimated 15-20% "price premium associated with higher refresh rates," FAC ¶ 62, "can and will be quantified" by an expert at a later date by performing a regression analysis,[3] reviewing manufacturing costs, or surveying consumer preferences." Opp. at 11. Their conclusory pleadings regarding an alleged "inevitable" relationship between manufacturing costs and the retail price of televisions with different refresh rates, FAC ¶ 65, or consumer preferences, FAC ¶ 66, are insufficient. *See Eberhart v. LG Electronics U.S.A., Inc.*, 188 F. Supp. 3d 401, 407 (D.N.J. 2016) (NJCFA claim dismissed because plaintiffs failed to allege plausible facts to support their proposed formula for calculating ascertainable loss). In *Eberhart*, the court noted that where the pleadings failed to include allegations to support the method proposed, plaintiffs could have provided a "relevant price comparison," to potentially avoid dismissal. *Id.* at 407 n.7. Here, too,

---

ways – they cannot refer to specifications sheets that are not in the Amended Complaint to oppose this motion and yet ignore the critical differences on those same documents that demonstrate that Plaintiffs are wrong.

[3] These proposed "methods" for calculating loss demonstrate that Plaintiffs' theories of loss are a moving target. Their discussion of a regression analysis regarding the Manufacturer's Suggested Retail Price ("MSRP"), for example, is irrelevant, as their alleged 15-20% differential is based on each Plaintiff's *purchase price* (and not the MSRP). FAC ¶ 67.

7

Plaintiffs' cursory references to methodologies for calculating loss in the future are not supported by any allegations appearing within the Amended Complaint, and are not accompanied by the cost of comparable televisions, and therefore do not satisfy the requirement that an "ascertainable" loss must be pleaded. Plaintiffs' NJCFA claims fail because the Amended Complaint *does not* allege that the claimed 15-20% differential corresponds with the price of any actual existing, comparable 60Hz televisions available for sale at the time Plaintiffs' purchases were made. *See generally* FAC.

### B. The Hudock Plaintiffs' Deeply Discounted Purchase Price Further Highlights Their Failure To Plead Ascertainable Loss.

The Hudock Plaintiffs admit that they purchased a television regularly priced at $999.99 during Black Friday for $499.99. FAC ¶ 73. That 50% discount is much larger than the 15-20% amount by which they speculate the purchase price was improperly inflated. *Id.* Fundamentally, Plaintiffs' claimed across-the-board 15-20% measure of loss (for all models and for all putative class members) makes no sense, a result that is particularly obvious as to the Hudock Plaintiffs.

The Hudock Plaintiffs attempt to get around this problem by taking a series of increasingly tenuous positions. First, they claim that they were "never in the market for a 60 Hz" television and "would not have selected the television they ultimately purchased," because "$500 is still a lot of money to part with." Opp. at 14-15. Yet these statements bear no relationship to the 15-20% measure articulated by the Hudock Plaintiffs as their alleged ascertainable loss, FAC ¶¶ 67, 73, nor do they address the New Jersey law requirement that to plead an ascertainable loss they must plead the quantified difference

of the actual loss purportedly sustained. They may not have wanted to buy a 60Hz TV but in order to sustain their claim that they were defrauded they must plead with particularity that what they received was still of a lesser value.

Next, the Hudock Plaintiffs attempt to shift the pleading burden by criticizing Defendants for "not put[ting] forth any evidence that the same model with a 60Hz refresh rate would have sold for the same price" as the discounted Hudock model. Opp. at 15. It is the Hudock Plaintiffs' burden, however, not Defendants', to plead the amount of ascertainable loss. Finally, the Hudock Plaintiffs resort to disputing the fact of their conceded discount by suggesting, based solely on unidentified, "publicly available website archives," that the $999.99 regular price for the Hudock Plaintiffs' television is "suspect." Opp. at 16. They point to "facts" outside the Amended Complaint as support: but those must be disregarded.[4] *See* Opp. at 15-17. In any event, the Hudock Plaintiffs' questioning of the regular sale pricing of $999.99 is impermissible, misguided, and fails to address their failure to quantify their purported ascertainable loss – in order for their theory to have any merit they must plead, with particularity, that their television was

---

[4] It is ironic that the Hudocks now point to the packaging for their television given that they argued Defendant could not refer to, or rely on, such packaging in regards to the prior motion to dismiss. Plaintiffs opposed the introduction of the box, and the Court did not consider it. Pls.' Opp. to LG Electronics U.S.A., Inc.'s Mot. to Dismiss, ECF 37; Reply in Further Support of LG Electronics U.S.A., Inc.'s Mot. to Dismiss, ECF 41 (hereinafter "LG Reply"). Plaintiffs now *want* the Court to consider this box, for the unremarkable point that the box showed a child opening a present during the holiday season. Opp. at 16-17. This is the same box that demonstrates the absence of any statement regarding refresh rate. LG Reply at 10, ECF 41.

9

never available for any price at or above $624.99.[5] They have not done so (nor can they). *See generally* FAC.

Moreover, as discussed above, the Hudock Plaintiffs have not alleged that a *60Hz*, comparable television was ever sold for *less* than the $499.99 they paid. *See supra* Part I.A. The nearest comparable product discussed in the Amended Complaint is Plaintiff DeLoss's model, as adjusted for a refresh rate of 60Hz according to Plaintiffs' claimed methodology for ascertainable loss. Following Plaintiffs' own methodology, the following observations are axiomatic to the analysis: (1) Plaintiff DeLoss purchased what was allegedly advertised as a 120Hz television for $699.99; (2) Plaintiff DeLoss's television was allegedly only a 60Hz television worth $559.99-594.99; (3) therefore, the only price even *hinted at* in the Amended Complaint for a television alleged to be the equivalent of a 60Hz television was nevertheless still "worth" $60-95 more than what the Hudock Plaintiffs paid.

At the motion to dismiss stage, a plaintiff "must allege facts 'from which a factfinder could [plausibly] find or infer that the plaintiff suffered an *actual* loss'" to sustain a NJCFA claim. *Allen v. LaSalle Bank, N.A.*, No. 08-2240, 2012 WL 1898612, at *2 (D.N.J. 2012) (alteration in original) (emphasis in original). The Hudock Plaintiffs have not done so. An "actual" loss cannot be inferred from their own allegations, nor can it be inferred in relation to Plaintiff DeLoss's allegations. The Hudock Plaintiffs'

---

[5] If the 55LN5100 television was priced or available for purchase for as little as $624.99, then by Plaintiffs' own methodology, the Hudock Plaintiffs still would not have suffered an ascertainable loss, since a 20% reduction (the maximum of the range alleged) is equal to their purchase price of $499.99.

purchase at a deep discount underscores their failure to plead an "actual," "real and demonstrable" loss under the NJCFA.

## II. PLAINTIFF DELOSS'S ALLEGATIONS ARE INSUFFICIENT UNDER RULE 9(b) AND RULE 8(a).

Plaintiff DeLoss attempts to rely on the Amended Complaint "as a whole," Opp. at 20 – plus, again, a litany of allegations introduced for the first time in the Opposition – to mask his failure to allege facts as fundamental as where or when he purchased his television. The Amended Complaint does not include:

- Whether Plaintiff DeLoss made his purchase online or in-store;

- If purchased online, where he resided when he purchased the television or where he had the television shipped to;

- If purchased in-store, which state he resided in when he made the purchase or where the Kohl's store was located;

- Where he was when he did his "online research";

- What websites he visited as part of his "online research";

- What televisions he researched online (or even whether they were LG televisions);

- Whether LG was the source of any of the information he reviewed "online";

- Where he watched the television; or

- Whether he suffered any alleged harm, noticed any motion blur, or was at all dissatisfied with the refresh rate of his television.

Instead, Plaintiff DeLoss attempts to address these deficiencies by introducing in the Opposition numerous "necessary but missing" allegations. Opp. at 20-21. Yet, none

11

of these purported facts appears in the Amended Complaint. *See generally* FAC. The Court should not treat them as if they do, and Plaintiff DeLoss cannot save his poorly pleaded claims by offering additional allegations in this fashion. *See, e.g.*, *Morgan Distrib. Co., Inc.*, 868 F.2d at 995; *Scott v. Wells Fargo Bank NA*, No. 10-3368, 2011 WL 3837077 (D. Minn. Aug. 29, 2011) (quoting *Spectra Merch. Int'l, Inc. v. Euler ACI Collection Servs., Inc.*, No. 3-c-899, 2004 WL 1393600, at *6 n.4 (N.D. Ill. June 18, 2004) ("[P]laintiff cannot use a brief to present new allegations or particulars of fraud not contained in the complaint.")). For the Court "to hold otherwise would mean that a party could unilaterally amend a complaint at will . . . even without filing an amendment, and simply by raising a point in a brief." *Morgan Distrib. Co., Inc.*, 868 F.2d at 995 (citing *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985)); *see also Ries v. Winona Cty.*, No. 10-cv-1715-JNE-JJK, 2010 WL 3515722, at *4 (D. Minn. July 28, 2010), *R. & R. adopted*, No. 10-cv-1715-JNE-JJK, 2010 WL 3515716 (D. Minn. Aug. 31, 2010) (holding plaintiff may not amend his complaint through a response to a motion to dismiss).

Plaintiff DeLoss's allegations in the Amended Complaint fail to satisfy the heightened pleading requirements of Rule 9(b), and the basic pleading requirements of Rule 8(a). Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 9(b). The Amended Complaint consistently lacks the "who, what, where, when, and how" required to plead Plaintiff DeLoss's fraud-based claims. *See United States v. Henderson*, No. 03-5060, 2004 WL 540278, at *3 (D. Minn. Mar. 16, 2004). His remaining common law claims fail to provide even the minimal amount of "content [to] allow[] the court to draw the

12

reasonable inference that the defendant is liable for the misconduct alleged." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010).

### A. Plaintiff DeLoss's Fraud-Based Claims Fail to Satisfy Rule 9(b).

The deficiencies in Plaintiff DeLoss's pleading are particularly conspicuous in light of the heightened pleading standard mandated by Rule 9(b). Plaintiff DeLoss routinely falls back on generic and vague characterizations of his own allegations in an effort to defend his fraud-based claims. That is precisely the type of general pleading that Rule 9(b) is designed to prevent.

Plaintiff DeLoss's off-handed reference to LG's so-called "ubiquitous online presence" to excuse his failure to differentiate between different sources of online information is insufficient. Nowhere does Plaintiff DeLoss identify what in particular he claims makes LG's presence "ubiquitous," or even whether LG plays any role in whatever online sources he may be referring to. Plaintiff DeLoss does not identify or differentiate between online sources – which could encompass endless possibilities. Once again, LG is left to guess. The law is well-settled: he can only sustain a claim against LG under the NJCFA and for unjust enrichment if he was injured as a result of *LG's* unlawful conduct, and if he pleads those claims with particularity. *See Theidemann v. Mercedes-Benz, U.S.A., LLC*, 872 A.2d 783, 791 (N.J. 2005) (requiring that to state a claim under the NJCFA, a plaintiff must allege sufficient facts to demonstrate that "he or she suffered an ascertainable loss . . . as a result of the [defendant's] unlawful conduct").

This Court has rejected these same types of allegations to sustain fraud claims where plaintiffs failed to allege where and when the fraud transpired, even when

13

plaintiffs alleged that the defendant made fraudulent statements "on its website," "in print," and in "its promotional materials." *See e.g.*, *Kiefer v. Simonton Bldg. Prods., LLC*, No. 16-3540, 2017 WL 1380497, at *5 (D. Minn. Apr. 17, 2017), *appeal docketed*, No. 17-2095 (8th Cir. May 18, 2017).  Here, Plaintiff DeLoss has not alleged that he viewed online *statements made by LG* regarding various *LG* models and specifications. Nor has he articulated with particularity what purportedly misleading statements he did actually view, where they appeared, and when he viewed them. His claims fail to satisfy Rule 9(b), and must be dismissed. *Cf. Select Comfort Corp. v. Sleep Better Store, LLC*, 796 F. Supp. 2d 981, 984 (D. Minn. 2011) (holding that where plaintiff specifically described which portions of defendant's website included misleading statements, and what those misleading statements were, dismissal was not warranted).

Likewise, Plaintiff DeLoss's reliance on "the representations contained on the television's product specifications, labeling, and packaging, *as alleged*," is insufficiently general, as are the allegations in the Amended Complaint to which he alludes. *See* Opp. at 20.  He has not alleged, for example, where he viewed the television packaging (a fact of particular curiosity given that he has stated that he purchased his television online), when he viewed the packaging (an online purchase would suggest that the packaging was viewed *after* the purchase was already made – so it could not have formed any basis on which he decided to make the purchase), what the packaging said,[6] or the "where," "when," or "what" other "representations by LG" were purportedly made. *See, e.g.*,

---

[6] In fact, as is the case with the Hudock Plaintiffs' television packaging, Defendants can show that Plaintiff DeLoss's television box made <u>no</u> reference to refresh rate.

14

*Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 592 (D. Minn. 2014) (dismissing fraud claim for failure to allege when the misrepresentations occurred and the "exact nature" of the misrepresentations); *Superior Edge, Inc. v. Monsanto Co.*, No. 12-2672, 2013 WL 6405362, at *4 (D. Minn. Dec. 6, 2013) (dismissing fraud claim for failure to identify a website, advertisement, or other document conveying a misrepresentation made by defendant).  Accordingly, Plaintiff DeLoss's fraud claims must be dismissed for failure to meet the Rule 9(b) pleading requirement.

### B. Plaintiff DeLoss's Common Law Claims Fail to Satisfy Rule 8(a).

Similarly, Plaintiff DeLoss's common law claims are so lacking in required content that they fail to meet the basic pleading requirements of Rule 8(a).  Plaintiffs must plead factual content sufficient for the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Hamilton*, 621 F.3d at 817.  Yet, Plaintiff DeLoss fails to provide sufficient factual content to even identify the specific common law claims being asserted.  *See generally* FAC.

Plaintiff DeLoss neither identifies under which state's law he brings his common law claims, nor alleges where he made his television purchase, where he resided at the time of the purchase, and where the alleged harm took place.  All that can be teased out from the Amended Complaint is that Plaintiff DeLoss is currently an Illinois resident attempting to bring claims against a New Jersey-based Defendant in a Minnesota court.  Plaintiff DeLoss does not allege that he purchased the television in, resided in, or suffered injury in either Minnesota or New Jersey.  And while he alleges that he currently resides in Illinois, he does not allege that he purchased the television in Illinois, resided in

Illinois at the time of purchase, or suffered injury in Illinois. These are critical facts necessary to identify the specific state law under which his claims might arise – in order to determine whether he has stated any claim at all – and whether he can do so in a Minnesota court.[7]

It is not true that LG cites no "persuasive authority for the proposition that a choice of law analysis must be evident on the face of the complaint." Opp. at 18. The law provides that where a claim is "unclear under principles of Rule 8" and where plaintiffs fail to identify the state law under which they are proceeding, dismissal is proper. *See In re Dynamic Random Access Memory Antitrust Litig.*, 536 F. Supp. 2d 1129, 1146 (N.D. Cal. 2008) (holding it was difficult to discern what claims plaintiffs were asserting, and defendants were not "properly placed on notice as to the extent of the claim they are required to defend"). Nor is this the same choice of law question the Court previously reserved, as Plaintiffs suggest. Opp. at 18. In its prior opinion, this Court deferred the standing and choice-of-law *analysis* to a later date with regard to the *Hudock* Plaintiffs after specifically noting that the Hudock Plaintiffs had alleged that all of the operative facts and putative injury took place in Wisconsin, and therefore they could at minimum attempt to proceed under Wisconsin law. Op. at 3 n.2, 4-5, 19. Here, the problem is a predicate one: before any choice of law analysis can even be considered, Plaintiffs must provide sufficient factual allegations. Unlike the Hudock Plaintiffs, Plaintiff DeLoss has not provided *any* information in the Amended Complaint about where the purchase or putative injury took place. The Court and LG are therefore left to

---

[7] DeLoss has not asserted any claims against the Best Buy entities.

guess as to what state's claims DeLoss intends to assert, and whether he has stated a claim for relief pursuant to the elements of those unidentifiable common law causes of action. This is not sufficient to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## CONCLUSION

LG respectfully requests that this Court dismiss Plaintiffs' NJCFA claims with prejudice, dismiss Plaintiff DeLoss's common law claims, and award such other and further relief as the Court deems appropriate.

Dated: October 30, 2017                                          Respectfully submitted,


/s/  Phoebe A. Wilkinson
/s/  Alicia J. Paller
Mitchell E. Zamoff (MN No. 389582)
Peter H. Walsh (MN No. 388672)
Alicia J. Paller (MN No. 397780)
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
mitch.zamoff@hoganlovells.com
alicia.paller@hoganlovells.com

Phoebe A. Wilkinson (*pro hac vice*)
A. Elizabeth Korchin (*pro hac vice*)
875 Third Avenue
New York, NY 10022
T. (212) 918-3000
F. (212) 918-3100
phoebe.wilkinson@hoganlovells.com
elizabeth.korchin@hoganlovells.com

*Counsel for LG Electronics U.S.A., Inc.*