UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:16-cv-01220-JRT-FLN

| | |
|---|---|
| BENJAMIN HUDOCK, BREANN HUDOCK, and GERALD DELOSS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>　　　　Defendants. | **AMENDED REPLY IN FURTHER SUPPORT OF BEST BUY CO., INC., BEST BUY STORES, L.P., AND BESTBUY.COM, LLC'S PARTIAL MOTION TO DISMISS** |

　　Plaintiffs' Opposition to Defendants' Partial Motions to Dismiss ("Opposition") does not address the deficiencies of their First Amended Complaint ("Amended Complaint"). Plaintiffs Benjamin and Breann Hudock (the "Hudock Plaintiffs") do not dispute that they have not alleged the cost of any comparable 60Hz televisions available on November 29, 2013 for less than what they paid ($499.99). This failure is fatal to their claim under the New Jersey Consumer Fraud Act ("NJCFA"). In addition, the Amended Complaint does not allege any facts to support the entirely speculative loss of 15-20% of the Hudock Plaintiffs' purchase price. Plaintiffs' introduction of a barrage of additional factual allegations in their Opposition – which appear nowhere in the Amended Complaint – does not cure their pleading deficiencies and only underscores them: Plaintiffs themselves recognize that they have not done enough to plead an

ascertainable – a real, quantifiable, and non-speculative – loss. The Hudock Plaintiffs' NJCFA claim should therefore be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

These arguments are set forth in detail in Argument I ("Plaintiffs Have Failed To Plead An Ascertainable Loss Sufficient To Sustain An NJCFA Claim") of the concurrently-filed Amended Reply in Further Support of LG Electronics U.S.A., Inc.'s Partial Motion to Dismiss ("LG's Amended Reply"). The Best Buy Defendants join in this portion of LG's Amended Reply in its entirety,[1] and request dismissal for all the same reasons as LG.

---

[1] The Best Buy Defendants do not join in the portion of LG's Reply relating to claims brought by Plaintiff Gerald DeLoss, because no claims have been asserted against the Best Buy Defendants by Plaintiff DeLoss.

Dated: October 30, 2017 **HOGAN LOVELLS US LLP**

/s/      *Phoebe A. Wilkinson*_____
/s/      *Alicia J. Paller*_____
Mitchell E. Zamoff (MN No. 389582)
Peter H. Walsh (MN No. 388672)
Alicia J. Paller (MN No. 397780)
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
mitch.zamoff@hoganlovells.com
alicia.paller@hoganlovells.com

Phoebe A. Wilkinson (*pro hac vice*)
A. Elizabeth Korchin (*pro hac vice*)
875 Third Avenue
New York, NY 10022
T. (212) 918-3000
F. (212) 918-3100
phoebe.wilkinson@hoganlovells.com
elizabeth.korchin@hoganlovells.com

*Counsel for Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC*