## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN HUDOCK, BREANN HUDOCK, and GERALD DELOSS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | Case No. 0:16-cv-01220-JRT-FLN<br><br><br>**ANSWER OF BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |

Best Buy Co., Inc. ("Best Buy Co."), Best Buy Stores, L.P. ("Best Buy Stores"), and BestBuy.com, LLC ("BestBuy.com") (collectively "Best Buy") hereby answer Plaintiffs Benjamin Hudock, Breann Hudock, and Gerald DeLoss's (collectively, "Plaintiffs'"[1]) First Amended Class Action Complaint (the "Complaint"), dated May 5, 2017, filed in the above-captioned action (the "Action") and asserts affirmative defenses to the Complaint as follows.

## INTRODUCTION[2]

1.    **This is a class action on behalf of consumers who purchased LG televisions.**

---

[1] Plaintiffs have stated that "no claims have been asserted against the Best Buy Defendants by Plaintiff DeLoss." (Plfs.' Opp. to Defs.' Partial Mots. to Dismiss Plfs.' First Am. Compl., Sept. 18, 2017 (ECF 80) at 2, n. 1.) On that basis, Best Buy states that all allegations contained in the Complaint relating to Plaintiff Gerald DeLoss do not relate to Best Buy and therefore do not require a response, but to the extent that a response is required, Best Buy denies the allegations.

[2] To the extent that the paragraphs of the Complaint are grouped under headings and subheadings, Best Buy responds generally that such headings and subheadings state legal conclusions and pejorative inferences as to which no response is required. To the extent a response is deemed required, Best Buy denies the allegations set forth in those headings and subheadings.

Paragraph 1. *Answer:* Best Buy denies the allegations contained in Paragraph 1 of

the Complaint, except admits that Plaintiffs purport to bring this action on behalf

of consumers who purchased LG televisions.

2. **LG labels its LED televisions as having refresh rates of "120Hz" or "240Hz" when, in actuality, its televisions' refresh rates are 60Hz and 120Hz, respectively.**

Paragraph 2. *Answer:* Best Buy denies the allegations contained in Paragraph 2 of

the Complaint.

3. **"Hz," the scientific symbol for the unit "Hertz," literally means one cycle per second. In the television industry, Hz is the standard unit of measurement for reporting a television's refresh rate, that is, how many unique images per second are displayed on the television screen. "120Hz" literally means 120 unique images per second. "240Hz" literally means 240 unique images per second. By expressly misrepresenting the refresh rate as a specific number of cycles per second, LG has deliberately misled consumers into believing that LG's LED televisions have a higher refresh rate than they actually have.**

Paragraph 3. *Answer:* Best Buy denies the allegations contained in Paragraph 3 of

the Complaint, and states that television refresh rates are generally expressed in

Hertz, which is defined by the International System of Units as "cycles per

second."

4. **A television's refresh rate is directly linked to picture quality, and is one of the most material specifications touted by television manufacturers to consumers. Due to the advanced technology required to achieve refresh rates higher than 60, higher refresh rates are directly, demonstrably and mathematically linked to higher prices.**

Paragraph 4. *Answer:* Best Buy denies the allegations contained in Paragraph 4 of

the Complaint, except states that at times manufacturers advertise a television's

refresh rate as a specification that could be relevant to some purchasers' decisions,

and states that pricing for televisions is based on myriad factors.

5. **Best Buy has likewise advertised LG televisions using misleading and untrue specifications. Like LG, Best Buy markets and advertises the LG televisions with the same false refresh rates as LG. Best Buy makes these false assertions in**

**advertisements and information displayed to customers in its stores and on its website.**

Paragraph 5. *Answer:* Best Buy denies the allegations contained in Paragraph 5 of

the Complaint.

6. **As a consequence of Defendants' fraudulent scheme, Plaintiffs paid more for LG's LED televisions than they would have otherwise paid had the accurate refresh rates been disclosed by Defendants. Due to Defendants' deceptive practices, Plaintiffs received a television with lower picture quality than was represented by Defendants. Plaintiffs' experience and injury is typical of many consumers who have purchased LG televisions.**

Paragraph 6. *Answer:* Best Buy denies the allegations contained in Paragraph 6 of

the Complaint.

## PARTIES

**Plaintiffs**

7. **Plaintiff Benjamin Hudock is a resident of East Troy, Wisconsin who, jointly with his wife, Plaintiff Breann Hudock, purchased an LG television, model number 55LN5100-UB from Best Buy.**

Paragraph 7. *Answer:* Best Buy denies knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 7 of the

Complaint.

8. **Plaintiff Breann Hudock is a resident of East Troy, Wisconsin who, jointly with her husband, Plaintiff Benjamin Hudock, purchased an LG television, model number 55LN5100-UB from Best Buy.**

Paragraph 8. *Answer:* Best Buy denies knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 8 of the

Complaint.

9. **Plaintiff Gerald DeLoss is a resident of Deerfield, Illinois.  Plaintiff DeLoss purchased a 55" LG UF6450 series television from Kohl's.**

Paragraph 9. *Answer:* Plaintiffs have stated that "no claims have been asserted

against the Best Buy Defendants by Plaintiff DeLoss." (Plfs.' Opp. to Defs.'

Partial Mots. to Dismiss Plfs.' First Am. Compl., Sept. 18, 2017 (ECF 80) at 2, n. 1.)  On that basis, Best Buy states that the allegations contained in Paragraph 9 of the Complaint do not relate to Best Buy and therefore do not require a response, but to the extent that a response is required, Best Buy denies the allegations contained in Paragraph 9 of the Complaint.

**Defendants**

*LG Electronics, U.S.A.*

**10.     Defendant LG Electronics U.S.A., Inc., is a New Jersey corporation with its principal place of business in Englewood Cliffs, New Jersey.**

Paragraph 10. *Answer:* Best Buy states that the allegations contained in Paragraph 10 of the Complaint do not relate to Best Buy and therefore do not require a response, but to the extent that a response is required, Best Buy denies that it has sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint, and those allegations therefore are denied.

*Best Buy*

**11.     Defendant Best Buy Co., Inc., is a Minnesota corporation with its principal place of business in Richfield, Minnesota.**

Paragraph 11. *Answer:*   Best Buy admits the allegations contained in Paragraph 11 of the Complaint.

**12.     Defendant Best Buy Stores, L.P., is a Virginia limited partnership with its principal place of business in Richfield, Minnesota.**

Paragraph 12. *Answer:*   Best Buy admits the allegations contained in Paragraph 12 of the Complaint.

**13.     Defendant BestBuy.com, LLC, is a Virginia limited liability company with its principal place of business in Richfield, Minnesota.**

Paragraph 13. *Answer:*  Best Buy admits the allegations contained in Paragraph

13 of the Complaint.

14.     **As set forth herein, all claims asserted against the Best Buy entities are asserted against Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC under a direct liability theory, agency theory, and alter ego theory based on the following facts:**

Paragraph 14. *Answer:* Best Buy states that Paragraph 14 of the Complaint

purports to state a legal conclusion as to which no response is required. To the

extent that the allegations set forth in Paragraph 14 are deemed to be factual in

whole or in part, Best Buy denies the allegations set forth in Paragraph 14.

*Direct Liability*

15.     **Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC are all directly liable to the Hudock Plaintiffs for the conduct alleged herein.**

Paragraph 15. *Answer:* Best Buy denies the allegations contained in Paragraph 15

of the Complaint.

16.     **Best Buy Co., Inc., centrally manages, at its corporate headquarters in Minnesota, the development of all Best Buy merchandise and services offerings, *pricing and promotions,* procurement and supply chain, *online and mobile application operations, marketing and advertising* and labor deployment across all channels.**

Paragraph 16. *Answer:*  Best Buy denies the allegations contained in Paragraph 16

of the Complaint.

17.     **Best Buy Co., Inc., conducts and controls both its online and brick-and-mortar retail operations—including the marketing and sale of LG televisions with misleading and false refresh rates—through Best Buy Stores, L.P.**

Paragraph 17. *Answer:*  Best Buy denies the allegations contained in Paragraph 17

of the Complaint.

18.     **Best Buy Stores, L.P., conducts and controls its online and brick-and-mortar retail operations—including the marketing and sale of the LG television with a misleading and false refresh rate purchased by the Hudock Plaintiffs—through the website BestBuy.com and through Best Buy stores.**

Paragraph 18. *Answer:* Best Buy denies the allegations contained in Paragraph 18 of the Complaint, and states that Best Buy Stores and BestBuy.com conduct and control online and brick-and-mortar retail operations.

19. **BestBuy.com, LLC, which is wholly owned by parent Best Buy Stores, L.P., operates the retail website (1) through which the Hudock Plaintiffs saw false, deceptive, and misleading advertising for the LG televisions at issue in this case, (2) through which the Hudock Plaintiffs subsequently purchased one of the televisions, and (3) through which Best Buy Co., Inc., and Best Buy Stores, L.P., directed and conducted these marketing and retail activities.**

Paragraph 19. *Answer:* Best Buy denies the allegations contained in Paragraph 19 of the Complaint, except admits that BestBuy.com is wholly owned by Best Buy Stores.

20. **Best Buy Co., Inc., sells consumer electronics through its retail stores, as well as through BestBuy.com.**

Paragraph 20. *Answer:* Best Buy denies the allegations contained in Paragraph 20 of the Complaint, and states that Best Buy Stores sells consumer electronics, including televisions, at retail; and states that BestBuy.com sells consumer electronics, including televisions, online.

21. **Best Buy Co., Inc., negotiates directly with key vendors, including LG, for payment terms, promotional programs, return policies, and factory warranties to maximize profitability of its retail sales, conducted through Best Buy Stores, L.P., and BestBuy.com.**

Paragraph 21. *Answer:* Best Buy denies the allegations contained in Paragraph 21 of the Complaint.

22. **Best Buy Co., Inc., worked directly with LG, Best Buy Stores, L.P., and BestBuy.com, LLC, to advertise and sell the deceptively advertised LG television at issue in this case.**

Paragraph 22. *Answer:* Best Buy denies the allegations contained in Paragraph 22 of the Complaint.

*Agency Liability*

23.     **Best Buy Co., Inc. and Best Buy Stores, L.P., are liable as principles of their agent, BestBuy.com, LLC, for directing and controlling the unlawful acts as alleged herein.**

Paragraph 23. *Answer:* Best Buy denies the allegations contained in Paragraph 23

of the Complaint.

24.     **BestBuy.com, LLC, is a wholly owned subsidiary of Best Buy Stores, L.P.**

Paragraph 24. *Answer:*  Best Buy admits the allegations contained in Paragraph

24 of the Complaint.

25.     **Best Buy Stores, L.P., is a subsidiary of Best Buy Co., Inc., the parent holding company for various Best Buy businesses.**

Paragraph 25. *Answer:*  Best Buy denies the allegations contained in Paragraph 25

of the Complaint, and states that Best Buy Stores is a wholly owned, indirect

subsidiary of Best Buy Co.

26.     **Best Buy Co., Inc., centrally manages, at its corporate headquarters in Minnesota, the development of all Best Buy merchandise and services offerings, *pricing and promotions,* procurement and supply chain, *online and mobile application operations, marketing and advertising* and labor deployment across all channels.**

Paragraph 26. *Answer:*  Best Buy denies the allegations contained in Paragraph 26

of the Complaint.

27.     **Best Buy Co., Inc., thus conducts its retail operations of consumer electronics, home office products, entertainment software, appliances, and related services using its subsidiary arm, Best Buy Stores, L.P.**

Paragraph 27. *Answer:*  Best Buy denies the allegations contained in Paragraph 27

of the Complaint.

28.     **In turn, Best Buy Stores, L.P. conducts its online retail operations on its website using its subsidiary, BestBuy.com, LLC.**

Paragraph 28. *Answer:*  Best Buy denies the allegations contained in Paragraph 28

of the Complaint.

29.     **At the direction and under the control of Best Buy Co., Inc., Best Buy Stores, L.P., deceptively advertised and sold LG televisions with false refresh rates, as described herein, both in stores and online.**

Paragraph 29. *Answer:* Best Buy denies the allegations contained in Paragraph 29

of the Complaint.

30.     **At the direction and under the control of Best Buy Stores, L.P., BestBuy.com, LLC, approved and published the deceptively worded messages regarding refresh rates to be associated with the LG televisions depicted for sale online.**

Paragraph 30. *Answer:* Best Buy denies the allegations contained in Paragraph 30

of the Complaint.

*Alter Ego Liability*

31.     **BestBuy.com, LLC, and Best Buy Stores, L.P., are alter egos for the parent and holding company, Best Buy Co., Inc., for purposes of the unjust and deceptive acts alleged herein.**

Paragraph 31. *Answer:* Best Buy denies the allegations contained in Paragraph 31

of the Complaint.

32.     **Best Buy Co., Inc., centrally manages, at its corporate headquarters in Minnesota, the development of all Best Buy merchandise and services offerings, *pricing and promotions,* procurement and supply chain, *online and mobile application operations, marketing and advertising* and labor deployment across all channels.**

Paragraph 32. *Answer:* Best Buy denies the allegations contained in Paragraph 32

of the Complaint.

33.     **All three entities are significantly intertwined such that the parent corporation has a close, synergistic relationship with its subsidiaries that transcends mere ownership. Acting through its various affiliates including Best Buy Stores, L.P., and BestBuy.com, LLC, Best Buy Co., Inc., is the largest specialty retailer of consumer electronics in the world. Best Buy Co., Inc., actively identifies itself as the retailer of the products it sells, not its subsidiaries.**

Paragraph 33. *Answer:* Best Buy denies the allegations contained in Paragraph 33

of the Complaint, and states that Best Buy Co., Best Buy Stores, and

BestBuy.com are affiliates.

34.  **The entities do not observe corporate distinctions for purposes of sharing the inventory they offer to customers. Best Buy Co., Inc., manages its U.S. retail operations with leadership teams responsible for all areas of its business, operating an omni-channel platform that it says provides customers the ability to shop when and where they want. Through the Best Buy website, customers may elect to pick up orders initiated online in any Best Buy store, or have merchandise shipped directly to them from a Best Buy distribution center or retail store.**

Paragraph 34. *Answer:*  Best Buy denies the allegations contained in Paragraph 34

of the Complaint, and states that certain products sold through the

www.bestbuy.com website are available for in-store pickup.

35.  **All three Best Buy entities share a single, principle executive office in Richfield, Minnesota.**

Paragraph 35. *Answer:*  Best Buy denies the allegations contained in Paragraph 35,

and admits that Best Buy Co., Best Buy Stores, and BestBuy.com share a

principle executive office at 7601 Penn Avenue South, Richfield, MN 55423.

36.  **The sole internet presence for all three entities is www.BestBuy.com.**

Paragraph 36. *Answer:*  Best Buy denies the allegations contained in Paragraph 36.

37.  **All three Best Buy entities share overlapping policies related to consumer transactions including, but not limited to, the Conditions of Use for their shared retail website, www.BestBuy.com, and privacy policies applicable to websites owned or operated by Best Buy Co., Inc., and its subsidiaries, as well as information collected in Best Buy stores or other locations under the Best Buy name.**

Paragraph 37. *Answer:*  Best Buy denies the allegations contained in Paragraph 37

of the Complaint, and states that some Best Buy entities have shared Conditions

of Use and/or have shared a privacy policy.

38.  **All three Best Buy entities honor the same consumer rewards programs — the "My Best Buy" rewards program and the benefits flowing from use of the Best Buy credit card or "My Best Buy Visa card" apply to both purchases in store and online.**

Paragraph 38. *Answer:*  Best Buy denies the allegations contained in Paragraph 38

of the Complaint.

39.   **All three Best Buy entities share the benefits of established intellectual property rights such as trademarks including, for example, in BEST BUY, the BEST BUY logo, the tag design, MY BEST BUY, and BESTBUY.COM, such that no entity has an independent identity to consumers. These marks, however, are not "owned" by Defendants but by other of their Best Buy entities, including Best Buy Concepts, Inc., and BBY Solutions, Inc., demonstrating the control Best Buy Co., Inc. exerts over its various arms.**

Paragraph 39. *Answer:* Best Buy denies the allegations contained in Paragraph 39

of the Complaint, except admits that Best Buy intellectual property is owned by

BBY Solutions, Inc.

40.   **The domain name "BestBuy.com" is registered to BBY Solutions, Inc., (and not BestBuy.com), further demonstrating the control Best Buy Co., Inc. exerts over its subsidiaries and affiliates, in addition to the informal nature under which the various Best Buy entities are operated.**

Paragraph 40. *Answer:* Best Buy denies the allegations contained in Paragraph 40

of the Complaint, except admits that www.bestbuy.com is registered to BBY

Solutions, Inc.

41.   **The Best Buy entities' collective operations to promote retail sales of consumer electronics, among other activities, establish a functional economic unity between the companies. For purposes of the retail sales of the subject LG televisions, and the statements made to the public in connection with those sales, Best Buy Defendants have no independent identity.**

Paragraph 41. *Answer:* Best Buy denies the allegations contained in Paragraph 41

of the Complaint.

42.   **It is necessary to hold all three entities liable for the false and deceptive practices implicated by the advertising on the Best Buy website as Best Buy Stores, L.P., and in turn, BestBuy.com, LLC, are vehicles through which Best Buy Co., Inc., has unjustly engaged in false and misleading advertising as alleged herein.**

Paragraph 42. *Answer:* Best Buy denies the allegations contained in Paragraph 42

of the Complaint regarding any misleading or false advertising of refresh rates.

The remaining allegations contained in Paragraph 42 consist of argument which

does not require a response.

## JURISDICTION AND VENUE

43.     **This Court has jurisdiction over the instant lawsuit pursuant to 28 U.S.C. §1332(d)(2), because there is minimal diversity, there are more than 100 members in the class and the aggregate amount in controversy exceeds $5,000,000, exclusive of attorneys' fees, interest, and costs.**

Paragraph 43. *Answer:* Best Buy states that Paragraph 43 of the Complaint

purports to state a legal conclusion as to which no response is required. To the

extent that the allegations set forth in Paragraph 43 are deemed to be factual in

whole or in part, Best Buy denies the allegations set forth in Paragraph 43.

44.     **This Court has personal jurisdiction over the Defendants because they conduct substantial and continuous business in the State of Minnesota.**

Paragraph 44. *Answer:* Best Buy states that Paragraph 44 of the Complaint

purports to state a legal conclusion as to which no response is required. To the

extent that the allegations set forth in Paragraph 44 are deemed to be factual in

whole or in part, Best Buy does not dispute that this Court has general and

specific personal jurisdiction over Best Buy Co., Best Buy Stores, and

BestBuy.com; admits that Best Buy Co., Best Buy Stores, and BestBuy.com have

principal places of business in Minnesota; and admits that Best Buy Co., Best Buy

Stores, and BestBuy.com regularly transact business in Minnesota.

45.     **Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) because a substantial part of the events or omissions that give rise to the claims occurred within the State of Minnesota and the Defendants conduct a substantial part of their business within this District.**

Paragraph 45. *Answer:* Best Buy states that Paragraph 45 of the Complaint

purports to state a legal conclusion as to which no response is required. To the

extent that the allegations set forth in Paragraph 45 are deemed to be factual in

whole or in part, Best Buy admits, for the purpose of this action only, that venue

as to Best Buy is proper in this judicial district.

## SUBSTANTIVE ALLEGATIONS

**General Allegations**

46.    **When watching television, the viewer is exposed to a series of still images displayed in rapid succession, which gives the appearance of motion on the television screen. The number of times a television is able to display a unique image per second is referred to as the television's refresh rate and is measured in Hertz, abbreviated as "Hz." [Footnote 1: A Hertz is defined as one cycle per second.]  Refresh rate, and the corresponding Hz measurement, are industry standard specifications that directly correspond to each other—a television with a refresh rate of 60Hz displays 60 unique images per second; a television with a refresh rate of 120Hz displays 120 unique images per second; and a television with a refresh rate of 240Hz displays 240 unique images per second. Simply stated, for televisions, refresh rate equals Hz and Hz equals refresh rate.**

Paragraph 46. *Answer:* Best Buy denies the allegations contained in Paragraph 46

of the Complaint, and states refresh rate is generally expressed in Hertz, which is

defined by the International System of Units as "cycles per second"; and how a

consumer perceives motion on a television is the combination of a variety of

different technologies working simultaneously to reduce the prospect of motion

blur.

47.    **The refresh rate, or Hz measurement, is a vital specification of a television. Higher refresh rates serve to reduce or eliminate motion blur when fast moving objects or scenes appear on screen. It is somewhat analogous to the shutter speed of a camera—the faster the shutter speed, the better a camera is able to capture a moving object as a still frame, without motion blur. In much the same way, the more often a television can refresh the picture and generate unique images, the better and more clearly a television is able to display moving objects on the screen.**

Paragraph 47. *Answer:* Best Buy denies the allegations contained in Paragraph 47

of the Complaint, except admits to the existence of "motion blur," and states that

there are a variety of causes that have been suggested by different commentators

for motion blur in televisions.

48.   **A significant hurdle to increasing the refresh rates for televisions is that electric current runs at 60Hz in the United States. This means that the natural, or native, refresh rate of a television can be at most 60Hz because only 60 unique images per second are able to be carried by the electrical frequency.**

Paragraph 48. *Answer:* Best Buy denies the allegations contained in Paragraph 48,

except admits upon information and belief that electric current runs at 60 Hz in

the United States.

49.   **In order to surpass the 60Hz barrier and produce 120Hz and 240Hz televisions that display the corresponding number of unique images per second, a manufacturer producing a 120Hz or 240Hz refresh rate television must incorporate advanced interpolation technology. Such technology predicts, creates and displays an extra unique image (or images) in between each of the 60 images that are produced by the 60Hz electrical current. For example, a regular 60Hz television displays 60 unique images per second as follows: A-B-C-D-E-F-G-H and so on. A 120Hz television with interpolation technology takes the same broadcast and displays 120 unique images per second in the following manner: A-ab-B-bc-C-cd-D-de-E-ef-F-fg-G-gh-H and so on. For a television to have a refresh rate greater than 60Hz, it must rely on some form of advanced interpolation technology.**

Paragraph 49. *Answer:* Best Buy denies the allegations contained in Paragraph 49,

except states that for a television to have a refresh rate greater than 60 Hz, it must

rely on some form of technology.

50.   **Given the technological challenges (and cost) in surpassing the inherent 60Hz threshold, television manufacturers, rather than investing in the technology to increase the actual Hz and refresh rates of their televisions, have developed alternate methods to artificially enhance the perceived performance of their products without actually increasing the refresh rate to the specified number of unique images per second.**

Paragraph 50. *Answer:* Best Buy denies the allegations contained in Paragraph 50.

51.   **The actual refresh rate of LG's LED televisions are one-half of the refresh rates LG represents in its specifications held out to consumers. An LG LED television marketed as "120Hz" has an actual refresh rate of 60Hz and shows 60 unique images per second, an LG LED television marketed as "240Hz" has a refresh rate of 120Hz and shows 120 unique images per second.**

Paragraph 51. *Answer:* Best Buy denies the allegations contained in Paragraph 51

of the Complaint.

52.   **As already stated, the Hz specification of a television has a specific and particular meaning: Hz is the accepted and conventional method used to determine a television's refresh rate. LG has hijacked this unit of measurement and represented it as a "specification" that is a complete fabrication.**

Paragraph 52. *Answer:* Best Buy denies the allegations contained in Paragraph 52

of the Complaint, and states that television refresh rates are generally expressed in

Hertz, which is defined by the International System of Units as "cycles per

second."

53.   **Compounding the confusion and deception, the actual and true refresh rate of LG's televisions are not made readily available, in any medium, to the consumer.**

Paragraph 53. *Answer:* Best Buy denies the allegations contained in Paragraph 53

of the Complaint.

54.   **Shockingly, while LG makes it a practice to conceal the actual and true Hz specification of their televisions, they make a particularly pointed effort to literally misrepresent the refresh rate of their televisions in print and on the internet. Through its website, LG makes available "Spec Sheets" for their television models. In the Spec Sheet is a line dedicated to refresh rate. On 60Hz televisions, LG's spec sheets list the refresh rate as "120Hz"; on 120Hz televisions, LG's spec sheets list the refresh rate as "240Hz." The refresh rate specification is misrepresented in Hz and is listed at one-hundred percent over its true value.**

Paragraph 54. *Answer:* Best Buy states that the allegations contained in Paragraph

54 of the Complaint do not relate to Best Buy and therefore do not require a

response, but to the extent that a response is required, Best Buy denies the

allegations contained in Paragraph 54 of the Complaint.

55.   **Overall, LG's actions in marketing its televisions with regard to refresh rate consist of efforts to conceal, fabricate, and misrepresent information to the consumer. It is akin to LG marketing a 48-inch television but representing that the television is 55 inches. Only with refresh rates, the misrepresentation is even more egregious because a consumer has no method to validate refresh rate claims—they are left with no choice but to rely on the manufacturer's and retailer's representations.**

Paragraph 55. *Answer:* Best Buy denies the allegations contained in Paragraph 55

of the Complaint.

56.     **A consumer's lone bulwark against LG's efforts to deceive and the barrage of misinformation, obfuscation and concealment that follows, is reliance on a seemingly objective and informed third party to provide accurate and reliable information regarding LG's LED televisions. Retailers of LG's televisions are in such a position, and consumers often depend on them to provide guidance and to help them differentiate among items.**

Paragraph 56. *Answer:* Best Buy denies knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 56 of the

Complaint, as they relate to LG and/or "retailers," generally.  Best Buy denies the

allegations contained in Paragraph 56 of the Complaint, to the extent they relate to

Best Buy, and states that it is not uncommon, at certain times, for consumers in-

store or online to ask for information and guidance from certain Best Buy

personnel on items offered for sale.

57.     **Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC, as retailers of LG's televisions, are in a position to inform consumers and provide them with accurate information regarding LG's televisions and, in particular, the refresh rates of those televisions. In fact, Best Buy holds itself out to be experts in the products they sell as their company motto is, "Expert Service. Unbeatable Price."**

Paragraph 57. *Answer:*  Best Buy denies the allegations contained in Paragraph 57

of the Complaint.

58.     **Rather than providing the "expert" insight and consultation expected of them, Best Buy joined LG in deceiving consumers and propagated LG's misrepresentations by advertising LG televisions as having refresh rates and a Hz specification of two times the actual capability of the televisions. In short, Best Buy adopted LG's misrepresentations in its own labeling, thereby endorsing LG's deceptions as legitimate.**

Paragraph 58. *Answer:* Best Buy denies the allegations contained in Paragraph 58

of the Complaint.

59.     **To make things worse, Best Buy not only repeated LG's misleading representations, but advertised LG's televisions, both on Best Buy's website and in stores, as having "Screen Refresh Rate[s]" of "120Hz" or "240Hz," when in reality the LG televisions it sold had half those refresh rates.**

Paragraph 59. *Answer:* Best Buy denies the allegations contained in Paragraph 59

of the Complaint.

60.   **Plaintiffs reasonably relied on Defendants' false and misleading advertisements and labeling by purchasing an LG LED television. Plaintiffs reasonably believed, based on Defendants' misrepresentations, that they were purchasing a television with a significantly and materially higher refresh rate and, therefore, advanced technology and a better picture quality than the television actually possessed. As a result, Plaintiffs paid substantially more than they would have otherwise paid for the televisions had the refresh rates been accurately disclosed by Defendants. Plaintiffs would not have purchased their respective LG televisions, or, alternatively, would have paid much less for them, had the accurate refresh rate been accurately disclosed by Defendants.**

Paragraph 60. *Answer:* Best Buy denies knowledge or information sufficient to

form a belief as to the truth of whether Benjamin and Breann Hudock would not

have purchased their LG television, and otherwise denies the allegations

contained in Paragraph 60 of the Complaint.

61.   **Plaintiffs have suffered an ascertainable loss as a result of Defendants' conduct in that they paid more than their respective LED televisions were worth and more than what Defendants would have been able to charge had the true refresh rates been displayed. Like screen size and resolution, refresh rate is one of the top selling points for LED televisions, and is thus a material term of the products' sales display. Defendants' own marketing and in-store and digital placards prominently and intentionally feature the refresh rate, stated in "Hz."**

Paragraph 61. *Answer:* Best Buy denies the allegations contained in Paragraph 61

of the Complaint, except states that at times certain Best Buy entities advertise a

television's refresh rate as a specification that could be relevant to some

purchasers' decisions.

62.   **All other features being equal, televisions with higher refresh rates have more objective value and command a price premium compared to televisions with lower refresh rates. The price premium associated with higher refresh rates occurs across brands and product lines and can be applied with particularity to LG's LED televisions, including Plaintiffs' television models.**

Paragraph 62. *Answer:* Best Buy denies the allegations contained in Paragraph 62

of the Complaint, and states that pricing for televisions is based on myriad factors.

63.     **Televisions with higher refresh rate capabilities consistently command a quantifiable, 15-20% higher Manufacturer's Suggested Retail Price ("MSRP") and actual sales prices than television models with lower refresh rates.**

Paragraph 63. *Answer:* Best Buy denies the allegations contained in Paragraph 63

of the Complaint.

64.     **Defendants have in their possession all significant and relevant MSRP data, sales data, or both, from which an expert can perform a hedonic regression analysis to isolate the exact value associated with each constituent characteristic of LG's LED televisions, including the refresh rate.**

Paragraph 64. *Answer:* Paragraph 64 of the Complaint consists of argument which

does not require a response.  Best Buy otherwise denies the allegations contained

in Paragraph 64 of the Complaint.

65.     **In addition to sales data, LG has in its possession the manufacturing cost data of its televisions which will show the input cost difference between higher and lower refresh rate televisions which inevitably translates to a respective retail price differential.**

Paragraph 65. *Answer:* Paragraph 65 of the Complaint consists of argument which

does not require a response, and which the Court rejected as "implausible" in its

Memorandum Opinion and Order Denying Defendants' Partial Motions to

Dismiss on January 30, 2018 (ECF 94) at 9, n. 4. Best Buy otherwise denies the

allegations contained in Paragraph 65 of the Complaint.

66.     **Even in the absence of these multiple sources of relevant data, an expert can conduct a conjoint analysis, involving a scientific survey measuring consumer preferences, which can isolate and quantify the premium attributable to refresh rates reflected in retail pricing.**

Paragraph 66. *Answer:* Best Buy denies the allegations contained in Paragraph 66

of the Complaint.

67.     **Plaintiffs approximate their losses at 15-20% of their purchase price. In addition, given the universal price difference between higher and lower refresh rate televisions, the data in possession of Defendants and the methodologies available for expert analysis, Plaintiffs will be able to provide a detailed quantification of damages both for the class and for themselves during the appropriate stage of litigation.**

Paragraph 67. *Answer:* Best Buy denies the allegations contained in Paragraph 67 of the Complaint, and states that the first sentence in Paragraph 67 consists of argument which does not require a response. Best Buy otherwise denies the allegations contained in the first sentence in Paragraph 67 of the Complaint.

**Plaintiffs' Allegations**

68.     **The Hudock Plaintiffs purchased an LG LED television, model number 55LN5100-UB.**

Paragraph 68. *Answer:* Best Buy denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, except states that a Best Buy-branded credit card in Plaintiff Breann Hudock's name was used to purchase an LG LED television, model number 55LN5100.

69.     **In the weeks leading up to their purchase, the Hudock Plaintiffs began shopping for a new television for their home. The Hudock Plaintiffs understood that a higher refresh rate television would provide a better, clearer image of moving objects on the screen. The Hudock Plaintiffs decided to search for and purchase a television with a minimum of a 120Hz refresh rate.**

Paragraph 69. *Answer:* Best Buy denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     **On November 29, 2013, Plaintiff Breann Hudock viewed advertisements and specifications of the LG 55LN5100-UB television on Best Buy's website, BestBuy.com.**

Paragraph 70. *Answer:* Best Buy denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.   **The main product page for the 55LN5100-UB television on Best Buy's website, which was viewed by Plaintiff Breann Hudock, advertised a "120Hz refresh rate" in bold text. Under that bold heading, the webpage explained that a 120Hz refresh rate "[h]elps minimize blurring and ghosting during intense action sequences, so you can enjoy movies, sporting events and games in crystal clarity."**

Paragraph 71. *Answer:*   Best Buy admits that the allegations contained in Paragraph 71 of the Complaint purport to quote www.bestbuy.com.  In response to those allegations, Best Buy refers to www.bestbuy.com for its true and complete contents as they existed at the time Plaintiff Breann Hudock allegedly viewed the website.

72.   **The "Specifications" section of that webpage contained the following representation:**

| Screen Refresh Rate | 120Hz | This refers to how many times per second a TV screen image is completely reconstructed. A TV with a 60Hz refresh rate means that the picture will be completely rebuilt 60 times in one second. Why is this important? Generally, the more the screen is refreshed, the smoother the images will appear. |
|---|---|---|

Paragraph 72. *Answer:*   Best Buy admits that the allegations contained in Paragraph 72 of the Complaint purport to quote www.bestbuy.com.  In response to those allegations, Best Buy refers to www.bestbuy.com for its true and complete contents as they existed at the time Plaintiff Breann Hudock allegedly viewed the website.

73.   **Plaintiff Breann Hudock spoke to her husband, Plaintiff Benjamin Hudock, over the phone and read the above specifications to him. Together, relying on the 120Hz advertised refresh rate, Plaintiffs decided to purchase the LG 55LN5100-UB television from Best Buy's website for $499.99. While the Hudock Plaintiffs made their purchase during a Black Friday promotion for the "on sale" price of $499.99 reduced from the claimed "regular price" of $999.99, upon information and belief, the Hudock Plaintiffs' television model was manufactured in limited quantities**

**exclusively and solely for the Black Friday promotion at Best Buy and was never, in fact, available for purchase at the claimed "regular price" of $999.99. After purchasing the television, the Hudock Plaintiffs noticed that the television's images were not as clear as expected. Only later did the Hudock Plaintiffs come to learn that their television's actual refresh rate was 60Hz. Had the Hudock Plaintiffs known that the actual refresh rate of the television was 60Hz—not 120Hz as advertised—they would not have purchased the television or, alternatively, would not have been willing to pay as much for it. The Hudock Plaintiffs were promised a 120Hz television but received a 60Hz television valued approximately 15-20% less (approximately $75 to $100) than what they were promised.**

Paragraph 73. *Answer:* Best Buy denies the allegations contained in Paragraph 73 of the Complaint concerning the "actual refresh" rate of the television; denies that the LG 55LN5100 television was never available for purchase at $999.99; denies the allegations contained in the last sentence of Paragraph 73 of the Complaint; states that the 55LN5100 television was manufactured by LG exclusively for Best Buy; states that a Best Buy-branded credit card in Plaintiff Breann Hudock's name was used to purchase an LG LED television, model 55LN5100, from www.bestbuy.com for $499.99; and, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 73 of the Complaint.

74. **Plaintiff DeLoss purchased a 55" LG LED television, model number 55UF6450.**

Paragraph 74. *Answer:* Plaintiffs have stated that "no claims have been asserted against the Best Buy Defendants by Plaintiff DeLoss." (Plfs.' Opp. to Defs.' Partial Mots. to Dismiss Plfs.' First Am. Compl., Sept. 18, 2017 (ECF 80) at 2, n. 1.)  On that basis, Best Buy states that the allegations contained in Paragraph 74 of the Complaint do not relate to Best Buy and therefore do not require a response, but to the extent that a response is required, Best Buy denies the allegations contained in Paragraph 74 of the Complaint.

75.     **Prior to purchasing this television, Plaintiff DeLoss researched various models and specifications of televisions online. Plaintiff DeLoss understood that a higher refresh rate television would provide a better, clearer image of moving objects on the screen. For this reason, he decided to search for and purchase a television with a minimum of a 120Hz refresh rate.**

Paragraph 75. *Answer:* Plaintiffs have stated that "no claims have been asserted against the Best Buy Defendants by Plaintiff DeLoss." (Plfs.' Opp. to Defs.' Partial Mots. to Dismiss Plfs.' First Am. Compl., Sept. 18, 2017 (ECF 80) at 2, n. 1.)  On that basis, Best Buy states that the allegations contained in Paragraph 75 of the Complaint do not relate to Best Buy and therefore do not require a response, but to the extent that a response is required, Best Buy denies the allegations contained in Paragraph 75 of the Complaint.

76.     **Plaintiff DeLoss reviewed the specifications for the 55UF6450 television model as labeled and represented by LG. LG advertised the refresh rate of this model as 120Hz. Prior to purchasing the television, Plaintiff DeLoss confirmed the purported 120Hz refresh rate online, as well as on the packaging of the television.**

Paragraph 76. *Answer:* Plaintiffs have stated that "no claims have been asserted against the Best Buy Defendants by Plaintiff DeLoss." (Plfs.' Opp. to Defs.' Partial Mots. to Dismiss Plfs.' First Am. Compl., Sept. 18, 2017 (ECF 80) at 2, n. 1.)  On that basis, Best Buy states that the allegations contained in Paragraph 76 of the Complaint do not relate to Best Buy and therefore do not require a response, but to the extent that a response is required, Best Buy denies the allegations contained in Paragraph 76 of the Complaint.

77.     **On January 30, 2016, Plaintiff DeLoss, relying on the 120Hz advertised refresh rate, decided to purchase the 55UF6450 television from Kohl's for $699.99.**

Paragraph 77. *Answer:* Plaintiffs have stated that "no claims have been asserted against the Best Buy Defendants by Plaintiff DeLoss." (Plfs.' Opp. to Defs.' Partial Mots. to Dismiss Plfs.' First Am. Compl., Sept. 18, 2017 (ECF 80) at 2, n.

1.)  On that basis, Best Buy states that the allegations contained in Paragraph 77

of the Complaint do not relate to Best Buy and therefore do not require a response,

but to the extent that a response is required, Best Buy denies the allegations

contained in Paragraph 77 of the Complaint.

78.   **Only after purchasing the television did Plaintiff DeLoss come to learn that his television's actual refresh rate was 60Hz. Had he known that the actual refresh rate was 60Hz—not 120Hz as advertised—he would not have purchased the television or, alternatively, would not have been willing to pay as much for it. Plaintiff DeLoss was promised a 120Hz television, but he received a 60Hz television worth approximately 15-20% less (approximately $105 to $140) than what he was promised.**

Paragraph 78. *Answer:* Plaintiffs have stated that "no claims have been asserted

against the Best Buy Defendants by Plaintiff DeLoss." (Plfs.' Opp. to Defs.'

Partial Mots. to Dismiss Plfs.' First Am. Compl., Sept. 18, 2017 (ECF 80) at 2, n.

1.)  On that basis, Best Buy states that the allegations contained in Paragraph 78

of the Complaint do not relate to Best Buy and therefore do not require a response,

but to the extent that a response is required, Best Buy denies the allegations

contained in Paragraph 78 of the Complaint.

## CLASS ACTION ALLEGATIONS

79.   **Plaintiffs bring all claims herein pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23 are all satisfied with respect to the class defined below.**

Paragraph 79. *Answer:* Best Buy denies the allegations contained in Paragraph 79

of the Complaint, except states that Plaintiffs purport to bring this class action

pursuant to Fed. R. Civ. P. 23.

**Class Definitions**

80.   **The National Class includes:**

> **All persons in the United States who, from May 9, 2010 until the present, purchased an LG LED television that LG labeled as having a "Hz" rating twice as high as its actual refresh rate.**

Paragraph 80. *Answer:* Best Buy denies that Plaintiffs have properly asserted any claim for which a purported "National Class" could properly be certified, and denies the allegations of Paragraph 80 of the Complaint.

81. **The Best Buy Purchaser Subclass includes:**

> **All persons in the United States who, from May 9, 2010 until the present, purchased, from a Best Buy store or from Best Buy's website, an LG LED television that Best Buy labeled as having a "Hz" rating twice as high as its actual refresh rate.**

Paragraph 81. *Answer:* Best Buy denies that Plaintiffs have properly asserted any claim for which a purported "Best Buy Purchaser Subclass" could properly be certified, and denies the allegations of Paragraph 81 of the Complaint.

82. **Excluded from the Class and Subclass are Defendants, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, and the presiding judge(s) in this case and his, her, or their immediate family. The Class and Subclass also do not include consumers who purchased televisions whose packaging and in-store or digital placards stated "Trumotion 120" or "Trumotion 240" *without* a "Hz" unit after the number.**

Paragraph 82. *Answer:* Best Buy denies that Plaintiffs have properly asserted any claim for which a purported "National Class" or "Best Buy Subclass" could properly be certified, and denies the allegations of Paragraph 82 of the Complaint.

**The Proposed Class and Subclass Satisfy the Rule 23(a) Prerequisites**

83. **Numerosity: At this time, Plaintiffs do not know the exact size of the Class or Subclass; however, due to the nature of the trade and commerce involved, Plaintiffs believe that the Class and Subclass members are well into the thousands, possibly millions, and thus are so numerous that joinder of all members is impractical. The number and identities of Class and Subclass members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendants.**

Paragraph 83. *Answer:* Best Buy states that Paragraph 83 of the Complaint purports to state a legal conclusion as to which no response is required. To the extent that the allegations set forth in Paragraph 83 are deemed to be factual in whole or in part, Best Buy denies the allegations set forth in Paragraph 83, and denies that this case can proceed as a class action.

84. **Commonality: There are questions of law or fact common to the Class and Subclass, which include but are not limited to the following:**

   a. **Whether Defendants represented to Plaintiffs and the Class and Subclass that the LG televisions were capable of a higher refresh rate, expressed in Hz, than the televisions could actually produce;**
   b. **Whether Defendants intended Plaintiffs and members of the Class and Subclass to rely on the statements of refresh rate;**
   c. **Whether Plaintiffs and members of the Class and Subclass were harmed by Defendants' misrepresentations;**
   d. **Whether Defendants' conduct violated Minnesota law;**
   e. **Whether Defendants' conduct violated New Jersey law; and**
   f. **Whether Plaintiffs and the Class and Subclass have been damaged, and if so, the proper measure of damages.**

Paragraph 84. *Answer:* Best Buy states that Paragraph 84 of the Complaint purports to state a legal conclusion as to which no response is required. To the extent that the allegations set forth in Paragraph 84 are deemed to be factual in whole or in part, Best Buy denies the allegations set forth in Paragraph 84, and denies that this case can proceed as a class action.

85. **Typicality: Like Plaintiffs, many other consumers purchased LG televisions that were advertised and marketed as having twice the refresh rate as they were actually capable of. Plaintiffs' claims are typical of the claims of the Class and Subclass because Plaintiff and each Class member and Subclass member were injured by Defendants' false representations about the refresh rates of LG televisions. Plaintiffs and the Class and Subclass have suffered the same or similar injury as a result of Defendants' false and misleading representations and advertisements. Defendants' false statements were identical—they represented that the LG LED televisions had refresh rates that were twice the value of the actual and true refresh rates. For instance, for model 65UF7700, LG states: "Refresh Rate[:] TruMotion 240Hz," when that model's actual refresh rate is 120Hz. For model 55UF6450, LG states: "Refresh Rate[:] TruMotion 120Hz," when that model's actual refresh rate is 60Hz.**

**For model 55UF8300, LG states: "Refresh Rate[:] TruMotion 120Hz," when that model's actual refresh rate is 60Hz. For model 55UF6800, LG states: "Refresh Rate[:] TruMotion 120Hz," when that model's actual refresh rate is 60Hz. For model 55UF7600, LG states: "Refresh Rate[:] TruMotion 120Hz," when that model's actual refresh rate is 60Hz. For model 65UF9500, LG states: "Refresh Rate[:] TruMotion 240Hz," when that model's actual refresh rate is 120Hz. For model 65UF8500, LG states: "Refresh Rate[:] TruMotion 240Hz," when that model's actual refresh rate is 120Hz. Plaintiffs suffered the same injury as other class members who purchased televisions whose refresh rates were misrepresented by 100%. Plaintiffs' claims and the claims of members of the Class and Subclass emanate from the same legal theory, Plaintiffs' claims are typical of the claims of the Class and Subclass, and, therefore, class treatment is appropriate.**

Paragraph 85. *Answer:* Best Buy states that Paragraph 85 of the Complaint purports to state a legal conclusion as to which no response is required. To the extent that the allegations set forth in Paragraph 85 are deemed to be factual in whole or in part, Best Buy denies the allegations set forth in Paragraph 85, and denies that this case can proceed as a class action.

86. **Adequacy of Representation: Plaintiffs are committed to pursuing this action and have retained counsel competent and experienced in prosecuting and resolving consumer class actions. Plaintiffs will fairly and adequately represent the interests of the Class and Subclass and do not have any interests adverse to those of the Class or Subclass.**

Paragraph 86. *Answer:* Best Buy denies the allegations set forth in Paragraph 86.

**The Proposed Class and Subclass Satisfy the Rule 23(b)(2) Prerequisites for Injunctive Relief**

87. **Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. Plaintiffs remain in the market for televisions; there is no way for them to know when or if Defendants have ceased misrepresenting the refresh rates of LG televisions, and are therefore in danger of being harmed again.**

Paragraph 87. *Answer:* Best Buy denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, regarding whether Plaintiffs remain on the market for televisions, and

otherwise denies all remaining allegations contained in Paragraph 87 of the Complaint.

**88.     Specifically, Defendants should be ordered to cease from further advertisements that inaccurately state the refresh rates of LG televisions.**

Paragraph 88. *Answer:* Best Buy denies the allegations contained in Paragraph 88 of the Complaint.

**89.     Defendants' ongoing and systematic practices make declaratory relief with respect to the Class and Subclass appropriate.**

Paragraph 89. *Answer:* Best Buy states that Paragraph 89 of the Complaint purports to state a legal conclusion as to which no response is required. To the extent that the allegations set forth in Paragraph 89 are deemed to be factual in whole or in part, Best Buy denies the allegations set forth in Paragraph 89, and denies that this case can proceed as a class action.

**The Proposed Class Satisfies the Rule 23(b)(3) Prerequisites for Damages**

**90.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class or Subclass, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class or Subclass will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class or Subclass member.**

Paragraph 90. *Answer:* Best Buy states that Paragraph 90 of the Complaint purports to state a legal conclusion as to which no response is required. To the extent that the allegations set forth in Paragraph 90 are deemed to be factual in whole or in part, Best Buy denies the allegations set forth in Paragraph 90, and denies that this case can proceed as a class action.

## LEGAL BASES FOR RELIEF

### COUNT I
**Violation of Minnesota's Prevention of Consumer Fraud Act — Unlawful Practices, Minn. Stat. § 325F.68, *et seq*.**
**(asserted by Hudock Plaintiffs)**

91. **Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.**

Paragraph 91. *Answer:* Best Buy hereby incorporates as if fully set forth herein its

answers and defenses to Paragraphs 1-90.

92. **The LG televisions sold by LG, Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC are merchandise as defined in Minnesota Statutes § 325F.68, subd. 2.**

Paragraph 92. *Answer:* Best Buy states that Paragraph 92 of the Complaint

purports to state a legal conclusion as to which no response is required, and refers

to the contents of the statute.

93. **Defendants are persons as defined in Minnesota Statutes § 325F.68, subd. 3.**

Paragraph 93. *Answer:* Best Buy states that Paragraph 93 of the Complaint

purports to state a legal conclusion as to which no response is required, and refers

to the contents of the statute.

94. **Each Defendant misrepresented the refresh rate of LG televisions, artificially inflating the refresh rate, expressed in Hz, to at least twice the actual refresh rate. The false statement of the refresh rates of the LG televisions were untrue, misleading, and deceptive, inducing Plaintiffs to spend more for a television that has lower picture quality than represented.**

Paragraph 94. *Answer:* Best Buy denies the allegations contained in Paragraph 94

of the Complaint.

95. **The misrepresented refresh rate of LG televisions, expressed in Hz, is a material fact to Plaintiffs and other consumers because it is directly related to picture quality, and because Defendants themselves recognize the materiality of their representations as evidenced by their prominent placement on Defendants' labels, packaging, brochures, and shelf tags. Consumers, including Plaintiffs and the members of the Class and Subclass would not have paid as much for the LG**

**televisions had Defendants accurately disclosed the refresh rate of the televisions. Nor could Defendants charge as much for such televisions, as the refresh rate is directly related to the amount of money manufacturers and retailers are able to charge for televisions.**

Paragraph 95. *Answer:* Best Buy denies the allegations contained in Paragraph 95 of the Complaint that Best Buy advertised misleading or false refresh rates. Best Buy denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 of the Complaint, except states that pricing for televisions is based on myriad factors.

96.   **Defendants placed the false refresh rate, expressed in Hz, in advertisements and spec sheets related to the LG televisions, intending that consumers would rely on those misrepresentations and purchase the televisions from Defendants. Plaintiffs and the Class and Subclass were harmed by Defendants' misrepresentations. Had Defendants disclosed the true refresh rate, Plaintiffs and members of the Class and Subclass would not have purchased the televisions or would not have been willing to pay as much for the televisions.**

Paragraph 96. *Answer:* Best Buy denies the allegations contained in Paragraph 96 of the Complaint concerning purported harm, "false refresh rate," "misrepresentations," and "true refresh rate," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.   **Plaintiffs and members of the Class and Subclass have suffered loss by paying more than they would have otherwise paid—and more than Defendants would have been able to charge—for the LG televisions and by receiving televisions with lower picture quality than they were promised by Defendants.**

Paragraph 97. *Answer:* Best Buy denies the allegations contained in Paragraph 97 of the Complaint.

**COUNT II**
**Violation of Minnesota's Uniform Deceptive Trade Practices Act,**
**Minn. Stat. § 325D.43, *et seq.***
**(asserted by Hudock Plaintiffs)**

98.    **Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.**

Paragraph 98. *Answer:* Best Buy hereby incorporates as if fully set forth herein its

answers and defenses to Paragraphs 1-97.

99.    **By falsely inflating and misstating the refresh rate on LG televisions, each Defendant represented that the televisions were of a particular standard, quality, quantity, and grade when the televisions were in fact of a lower standard, quality, quantity, and grade. The refresh rate of televisions is directly related to picture quality. By representing that the refresh rate was higher than it actually is, Defendants misled Plaintiffs and members of the Class and Subclass into believing that the televisions were capable of higher refresh rate and picture quality than they actually were.**

Paragraph 99. *Answer:* Best Buy denies the allegations contained in Paragraph 99

of the Complaint, and states that overall picture quality is a function of numerous

features.

100.    **Plaintiffs and members of Class and Subclass have suffered loss by paying more than they would have otherwise paid for the LG televisions and by receiving televisions with lower picture quality than they were promised by Defendants.**

Paragraph 100. *Answer:* Best Buy denies the allegations contained in Paragraph

100 of the Complaint.

## COUNT III
### Violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.13
### (asserted by Hudock Plaintiffs)

101.    **Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.**

Paragraph 101. *Answer:* Best Buy hereby incorporates as if fully set forth herein

its answers and defenses to Paragraphs 1-100.

102.    **Minnesota Stat. § 325D.13 provides: "No person shall, in connection with the sale of merchandise, knowingly misrepresent, directly or indirectly, the true quality, ingredients or origin of such merchandise."**

Paragraph 102. *Answer:* Best Buy states that Paragraph 102 of the Complaint does not call for a response, and further states that Paragraph 102 accurately quotes Minnesota Statute Section 325D.13.

**103.** **Defendants are "persons" within the meaning of Minn. Stat. § 325D.10.**

Paragraph 103. *Answer:* Best Buy states that Paragraph 103 of the Complaint purports to state a legal conclusion as to which no response is required, and refers to the contents of the statute.

**104.** **Each Defendant knowingly misrepresented directly to Plaintiffs and consumers the true quality of their merchandise, in advertising and selling its merchandise, by falsely inflating and misstating the refresh rate on LG televisions. The refresh rate of televisions is directly related to picture quality. By representing that the refresh rate was higher than it actually is, Defendants misled Plaintiffs and members of the Class and Subclass into believing that the televisions were capable of higher refresh rate and picture quality than they actually were, and thus violated Minn. Stat. § 325D.13.**

Paragraph 104. *Answer:* Best Buy denies the allegations contained in Paragraph 104 of the Complaint, and states that overall picture quality is a function of numerous features, and that as technology has evolved over time overall picture quality has been described in various ways that are not limited to refresh rate.

**105.** **Plaintiffs and members of Class and Subclass have suffered loss by paying more than they would have otherwise paid for the LG televisions and by receiving televisions with lower picture quality than they were promised by Defendants.**

Paragraph 105. *Answer:* Best Buy denies the allegations contained in Paragraph 105 of the Complaint.

**COUNT IV**
**Violation of New Jersey's Consumer Fraud Act — Fraud in Connection with Sale or Advertisement of Merchandise, N.J. Stat. Ann. § 54:8-1, *et seq.***
**(asserted by all Plaintiffs)**

**106.** **Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.**

Paragraph 106. *Answer:* Best Buy hereby incorporates as if fully set forth herein

its answers and defenses to Paragraphs 1-105.

**107.  Defendants representations related to the refresh rates of LG televisions, as described herein, are advertisements as defined by N.J. Stat. Ann. § 56:8-1(a).**

Paragraph 107. *Answer:* Best Buy states that Paragraph 107 of the Complaint

purports to state a legal conclusion as to which no response is required, and refers

to the contents of the statute.

**108.  The LG televisions sold by Defendants are merchandise as defined in N.J. Stat. Ann. § 56:8-1(c).**

Paragraph 108. *Answer:* Best Buy states that Paragraph 108 of the Complaint

purports to state a legal conclusion as to which no response is required, and refers

to the contents of the statute.

**109.  Defendants are persons as defined in N.J. Stat. Ann. § 56:8-1(d).**

Paragraph 109. *Answer:* Best Buy states that Paragraph 109 of the Complaint

purports to state a legal conclusion as to which no response is required, and refers

to the contents of the statute.

**110.  Defendants misrepresented the refresh rate of LG televisions, artificially inflating the refresh rate, expressed in Hz, to at least twice the actual refresh rate. The false statement regarding the refresh rates of the LG televisions were untrue, misleading, and deceptive, inducing Plaintiffs and other consumers to spend more for televisions that have lower picture quality than represented.**

Paragraph 110. *Answer:* Best Buy denies the allegations contained in Paragraph

110 of the Complaint.

**111.  The misrepresented refresh rate of LG televisions, expressed in Hz, is a material fact to Plaintiffs and other consumers because it is directly related to picture quality and value, and because Defendants themselves recognize the materiality of their representations as evidenced by their prominent placement on Defendants' labels, packaging, brochures, and shelf tags. Consumers, including Plaintiffs and the members of the Class and Subclass would not have paid as much for the LG televisions had Defendants accurately disclosed the refresh rate of the televisions.**

**Nor could Defendants charge as much for such televisions, as the refresh rate is directly related to the amount of money manufacturers and retailers are able to charge for televisions.**

Paragraph 111. *Answer:* Best Buy denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what is "material" to Plaintiffs or other consumers in Paragraph 111 of the Complaint, and further states that consumers have numerous and varying preferences for television features, and consumer preferences for features have changed over time. Best Buy denies the remaining allegations contained in Paragraph 111 of the Complaint.

112. **Defendants placed the false refresh rate, expressed in Hz, in advertisements and spec sheets related to the LG televisions, intending that consumers would rely on those misrepresentations and purchase the televisions from Defendants. Plaintiffs and the Class and Subclass were harmed by Defendants' misrepresentations and purchased the LG televisions. Had Defendants disclosed the true refresh rate, Plaintiffs and members of the Class and Subclass would not have purchased the televisions or would not have been willing to pay as much for the televisions.**

Paragraph 112. *Answer:* Best Buy denies the allegations contained in Paragraph 112 of the Complaint.

113. **Defendants' conduct caused Plaintiffs and members of the Class and Subclass to suffer an ascertainable loss by receiving less than what was promised, as discussed supra in Paragraphs 61-67, 73, and 78.**

Paragraph 113. *Answer:* Best Buy denies the allegations contained in Paragraph 113 of the Complaint.

## COUNT V
### Unjust Enrichment
**(asserted by Hudock Plaintiffs against all Defendants and by DeLoss Plaintiff against LG)**

114. **Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.**

Paragraph 114. *Answer:* Best Buy hereby incorporates as if fully set forth herein its answers and defenses to Paragraphs 1-113.

115. **As described herein, LG, Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC placed the false refresh rate, expressed in Hz, in advertisements and spec sheets related to the LG televisions, intending that consumers would rely on those misrepresentations and purchase the televisions from Defendants.**

Paragraph 115. *Answer:* Best Buy denies the allegations contained in Paragraph

115 of the Complaint.

116. **Had Defendants disclosed the true refresh rate, Plaintiffs and members of the Class and Subclass would not have purchased the televisions or would not have been willing to pay as much for the televisions.**

Paragraph 116. *Answer:* Best Buy denies the allegations contained in Paragraph

116 of the Complaint concerning refresh rates that it disclosed, and denies

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 116 of the Complaint.

117. **Defendants generated profits from misleading Plaintiffs and members of the Class and Subclass into purchasing LG televisions.**

Paragraph 117. *Answer:* Best Buy denies the allegations contained in Paragraph

117 of the Complaint.

118. **Defendants have been knowingly and unjustly enriched at the expense of and to the detriment of Plaintiffs and the members of the Class and Subclass by collecting excess profits to which Defendants are not entitled.**

Paragraph 118. *Answer:* Best Buy denies the allegations contained in Paragraph

118 of the Complaint.

119. **Defendants' actions were unjust because, absent the material misrepresentations about the refresh rates of their televisions, they would not have been able to receive as much money for those models as they did, and as Plaintiffs paid due to the false statements.**

Paragraph 119. *Answer:* Best Buy denies the allegations contained in Paragraph

119 of the Complaint.

120.   **LG, Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC have unjustly retained those ill-gotten profits and should be required to disgorge this unjust enrichment.**

Paragraph 120. *Answer:* Best Buy denies the allegations contained in Paragraph 120 of the Complaint.

**COUNT VI**
**Breach of Express Warranty**
**(asserted by Hudock Plaintiffs against all Defendants, and**
**by DeLoss Plaintiff against LG)**

121.   **Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.**

Paragraph 121. *Answer:* Best Buy hereby incorporates as if fully set forth herein its answers and defenses to Paragraphs 1-120.

122.   **Defendants are merchants as defined by relevant statutes.**

Paragraph 122. *Answer:* Best Buy denies that it has sufficient knowledge or information to admit or deny the allegations contained in Paragraph 122 of the Complaint because Plaintiffs have failed to identify the "relevant statutes," and the allegations contained in Paragraph 122 of the Complaint therefore are denied.

123.   **The televisions sold to Plaintiffs and members of the Class and Subclass are goods as defined by relevant statutes.**

Paragraph 123. *Answer:* Best Buy denies that it has sufficient knowledge or information to admit or deny the allegations contained in Paragraph 123 of the Complaint because Plaintiffs have failed to identify the "relevant statutes," and the allegations contained in Paragraph 123 of the Complaint therefore are denied.

124.   **As described herein, LG, Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC placed the false refresh rate, expressed in Hz, in advertisements and spec sheets related to the LG televisions, intending that consumers would rely on those misrepresentations and purchase the televisions from Defendants.**

Paragraph 124. *Answer:* Best Buy denies the allegations contained in Paragraph

124 of the Complaint.

125.   **Defendants' false statements of the refresh rates of the LG televisions became a basis of the bargain, and Plaintiffs and members of the Class and Subclass expected that the LG televisions that they purchased would conform to Defendants' affirmations of the refresh rates.**

Paragraph 125. *Answer:* Best Buy denies the allegations contained in Paragraph

125 of the Complaint regarding the claimed "false statements," and denies

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 125 of the Complaint.

126.   **Plaintiffs and the Class and Subclass were harmed by Defendants' misrepresentations and purchased the LG televisions.**

Paragraph 126. *Answer:* Best Buy denies the allegations contained in Paragraph

126 of the Complaint.

127.   **Had Defendants disclosed the true refresh rate, Plaintiffs and members of the Class and Subclass would not have purchased the televisions or would not have been willing to pay as much for the televisions.**

Paragraph 127. *Answer:* Best Buy denies the allegations contained in Paragraph

127 of the Complaint regarding the claimed "true refresh rate," and denies

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 127 of the Complaint.

128.   **The Hudock Plaintiffs provided notice to Best Buy and LG of this claimed breach of warranty by letter dated April 29, 2016, sent by certified mail, return receipt requested. Counsel for Plaintiffs received notification that the letters had been received by each of the Defendants prior to the Hudock Plaintiffs filing this lawsuit.**

Paragraph 128. *Answer:* Best Buy denies knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 128 of the

Complaint, and states that on May 3, 2016 it received a letter dated April 29, 2016

from Plaintiff Benjamin Hudock and Plaintiff Breann Hudock's counsel, regarding a "Warranty Claim," and that letter stated that it was sent by certified mail.

129.   **In the letter to LG, counsel for Plaintiffs stated, "Our initial investigation reveals that doubling the Hz specification is not confined to the Hudocks' particular model number. It appears this practice is likely prevalent, if not pervasive, among all discontinued and current models manufactured by LG that were expressly marketed with an 'Hz' specification." This language notified LG of the warranty breach as to all putative class members and any other similarly situated plaintiff who files a claim.**

Paragraph 129. *Answer:* Best Buy states that the allegations contained in Paragraph 129 of the Complaint do not relate to Best Buy and therefore do not require a response, but to the extent that a response is required, Best Buy denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.   **Plaintiffs and members of Class and Subclass have suffered loss by paying more than they would have otherwise paid for the LG televisions and by receiving televisions with lower picture quality than they were promised by Defendants.**

Paragraph 130. *Answer:* Best Buy denies the allegations contained in Paragraph 130 of the Complaint.

**COUNT VII**
**Breach of Implied Warranty**
**(asserted by Hudock Plaintiffs against all Defendants, and**
**by DeLoss Plaintiff against LG)**

131.   **Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.**

Paragraph 131. *Answer:* Best Buy hereby incorporates as if fully set forth herein its answers and defenses to Paragraphs 1-130.

132.   **Defendants are merchants as defined by relevant statutes.**

Paragraph 132. *Answer:* Best Buy denies that it has sufficient knowledge or information to admit or deny the allegations contained in Paragraph 132 of the Complaint because Plaintiffs have failed to identify the "relevant statutes," and the allegations contained in Paragraph 132 of the Complaint therefore are denied.

133.  **The televisions sold to Plaintiffs and members of the Class and Subclass are goods as defined by relevant statutes.**

Paragraph 133. *Answer:* Best Buy denies that it has sufficient knowledge or information to admit or deny the allegations contained in Paragraph 133 of the Complaint because Plaintiffs have failed to identify the "relevant statutes," and the allegations contained in Paragraph 133 of the Complaint therefore are denied.

Best Buy further denies that this case can proceed as a class action.

134.  **As described herein, the LG televisions sold to Plaintiffs and members of the Class and Subclass were not as described by LG, Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC in the contract description. Had the true and accurate refresh rates of the televisions been known, they would not have passed without objection in the trade and consumers would not have purchased the televisions, or would have been willing to pay less, because the televisions did not comply with the contract descriptions, which described the televisions as being capable of higher refresh rates than they actually were. Further, as explained herein, trade usage of "Hz" refers to refresh rates. Defendants were aware of such trade usage and nevertheless misstated the refresh rates on the televisions sold to Plaintiffs and members of the Class and Subclass. The description of the televisions sold to Plaintiffs and members of the Class and Subclass did not meet the contract descriptions as interpreted by trade usage because they were not capable of the refresh rates listed in the descriptions.**

Paragraph 134. *Answer:* Best Buy denies the allegations contained in Paragraph 134 of the Complaint, except states that Best Buy is aware that "Hz" sometimes refers to refresh rates. Best Buy further denies that this case can proceed as a class action.

135.  **High refresh rate televisions are used for, and reasonably and objectively expected to be capable of, displaying moving objects and action with reduced motion blur. High refresh rate televisions are specifically selected by consumers who wish to**

**watch high action television (such as sports programming), making such use the ordinary purpose of the products. Because the refresh rates are actually lower than described, the televisions purchased by Plaintiffs and members of the Class and Subclass are unfit for that ordinary purpose.**

Paragraph 135. *Answer:* Best Buy states that Paragraph 135 of the Complaint

purports to state a legal conclusion as to which no response is required. To the

extent that the allegations set forth in Paragraph 135 are deemed to be factual in

whole or in part, Best Buy denies the allegations set forth in Paragraph 135, and

states that there can be a number of uses for televisions with various refresh rates.

136. **As described herein, the televisions sold to Plaintiffs and members of the Class and Subclass did not conform to the promises or affirmations of fact made on the packaging and labels associated with the televisions. The packaging and associated technical specifications represented that the refresh rate of the televisions sold to Plaintiffs and members of the Class and Subclass were capable of a much higher refresh rate, expressed in Hz, than they actually were.**

Paragraph 136. *Answer:* Best Buy denies the allegations contained in Paragraph

136 of the Complaint.

137. **Plaintiffs and members of the Class and Subclass were harmed by these implied warranties by purchasing the televisions.**

Paragraph 137. *Answer:* Best Buy denies the allegations contained in Paragraph

137 of the Complaint.

138. **As a result of Defendants' breaches of their implied warranties of merchantability, Plaintiffs and members of the Class and Subclass have been injured. Had Plaintiffs and members of the Class and Subclass known the true and accurate refresh rates of the televisions, they would not have purchased the televisions, or would have been willing to pay less.**

Paragraph 138. *Answer:* Best Buy denies the allegations contained in the first

sentence of Paragraph 138 of the Complaint.  Best Buy denies the allegations

contained in the second sentence of Paragraph 138 of the Complaint regarding

claimed "true and accurate refresh rates," and denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 138 of the Complaint. Best Buy further denies that this case can proceed as a class action.

## COUNT VIII
### Breach of Contract
### (asserted by the Hudock Plaintiffs against the Best Buy Defendants)

**139.    Plaintiffs reallege the foregoing paragraphs as if fully set forth herein.**

Paragraph 139. *Answer:* Best Buy hereby incorporates as if fully set forth herein its answers and defenses to Paragraphs 1-138.

**140.    Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC offered to sell the Hudock Plaintiffs a "120Hz" television.**

Paragraph 140. *Answer:*  Best Buy denies the allegations contained in Paragraph 140 of the Complaint.

**141.    Plaintiffs accepted Defendants' offer and performed under the contract by providing payment for the television at the price dictated by Defendants' offer.**

Paragraph 141. *Answer:* Best Buy states that Paragraph 141 of the Complaint purports to state a legal conclusion as to which no response is required. To the extent that the allegations set forth in Paragraph 141 are deemed to be factual in whole or in part, Best Buy denies the allegations set forth in Paragraph 141, except admits that Plaintiff Breann Hudock paid $499.99 for the LG LED TV, model 55LN5100.

**142.    Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC breached their contract with Plaintiffs by supplying a television with a refresh rate of 60 Hz.**

Paragraph 142. *Answer:* Best Buy denies the allegations contained in Paragraph 142 of the Complaint.

143.    **As a direct result of the Best Buy Defendants' breach of contract, the Hudock Plaintiffs have sustained economic losses and are entitled to compensatory damages in an amount to be proven at trial.**

Paragraph 143. *Answer:* Best Buy denies the allegations contained in Paragraph

143 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, request relief as

follows:

1.    **Certification of the Class and Subclass as defined herein pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1), (b)(2), (b)(3), or a combination of subsections;**

2.    **Appointment of Plaintiffs as Class and Subclass Representatives and their undersigned counsel as Class Counsel;**

3.    **Restitution of all charges paid by Plaintiffs and members of the Class and Subclass because of Defendants' deceptive business practices as described herein;**

4.    **Disgorgement and restitution to Plaintiffs and to members of the Class and Subclass of all monies wrongfully obtained and retained by Defendants;**

5.    **Compensatory and actual damages in an amount according to proof at trial;**

6.    **Statutory damages and penalties, as provided by law;**

7.    **Prejudgment interest commencing on the date of payment of the charges and continuing through the date of entry of judgment in this action;**

8.    **Costs and fees incurred in connection with this action, including attorneys' fees, expert witness fees, and other costs, as provided by law; and**

9.    **Such other and further relief as the Court deems just and proper.**

*Answer:* LG denies that Plaintiffs are entitled to a judgment or to any other relief

as requested in the "PRAYER FOR RELIEF."

All allegations of the Complaint not expressly admitted in this Answer are denied.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Best Buy asserts as follows. By stating these affirmative

defenses, Best Buy does not assume the burden of proving any fact, issue, or element of a cause

of action that it would not otherwise bear.

1.    The Complaint, and every claim alleged therein, fails to state facts sufficient to

constitute a claim upon which relief can be granted.

2.      The Complaint, and every claim alleged therein, is barred, in whole or in part, by the absence of any material misrepresentation, misleading disclosures, and/or omissions made by Best Buy to Plaintiffs upon which the Plaintiffs could have reasonably or justifiably relied.

3.      The Complaint, and every claim alleged therein, is barred, in whole or in part, because Plaintiffs and putative class members did not rely on any representation, statement, or omission by Best Buy, or alternatively, such reliance was not reasonable or justifiable.

4.      The Complaint, and every claim alleged therein, is barred, in whole or in part, by laches, waiver, or estoppel.

5.      The Complaint, and every alleged claim premised on fraudulent conduct, is barred, in whole or in part, for failure to plead fraud with sufficient particularity under the Federal Rules of Civil Procedure.

6.      The Complaint, and every claim alleged therein, is barred, in whole or in part, for failure to mitigate damages.

7.      The Complaint, and every claim alleged therein, is barred, in whole or in part, to the extent that any applicable statute of limitations and/or contractual limitations period has lapsed.

8.       The Complaint, and every claim alleged therein, is barred, in whole or in part, because injuries suffered by the Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom Best Buy was not responsible, through forces in the marketplace over which Best Buy has no control, or through acts or omissions on the part of the Plaintiffs.

9.      The Complaint, and every claim alleged therein, is barred, in whole or in part, to the extent the Plaintiffs have not suffered any actual injury or damage.

10.    This action is not maintainable as a class action, and relief on a class-wide basis is not appropriate because Plaintiffs have failed to allege and cannot prove the facts and prerequisites necessary for the maintenance of a class action including, but not limited to, typicality, numerosity, commonality, superiority of class-based resolution, adequacy of class representative and class counsel, or predomination of common questions of law and fact, and a uniform method of proving damages.

11.    Plaintiffs and the putative class's claims are barred to the extent they lack standing to assert the claims at issue and/or lack capacity to sue, including lacking standing to assert any claims relating to television models that Plaintiffs did not purchase.

12.    Best Buy denies that Plaintiffs and the putative class have valid consumer protection claims under the state Acts Plaintiffs allege apply in this action or any other State whose law is or becomes relevant in the course of this action. If such claims are found to exist, however, Best Buy pleads all available defenses under the Acts.

13.    Best Buy, at all times material hereto, acted reasonably and within applicable industry standards.

14.    Plaintiffs' or the putative class's claims fail in part to the extent that the underlying products were purchased for business purposes and as such are outside the scope of certain state consumer protection laws.

15.    Any warranty-based claim is barred, in whole or in part, because Best Buy did not make or breach any warranties that are applicable to the named Plaintiffs or any putative class members.

16.     Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by their failure to give proper or timely notice of any alleged defect or breach of warranty.

17.     Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, by Plaintiffs' and/or the putative class members' lack of reliance on any allegedly applicable warranties.

18.     Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by any and all express conditions, disclaimers, modifications, or exclusions made by Best Buy.

19.     Plaintiffs' and the putative class' claims are barred because Best Buy has not engaged in any conduct that is a violation of any law or regulation.

20.     Plaintiffs' claims are barred due to lack of privity with Best Buy or any direct benefit conferred to Best Buy by the Plaintiffs.

21.     The Court is without personal jurisdiction over certain putative class members.

22.     Plaintiffs and the members of the putative class are not entitled to pursue any cause of action for equitable relief, or an award of equitable relief, because they have an adequate remedy at law.

23.     To the extent that the named Plaintiffs and the members of the putative class claim exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Alternatively, to the extent that the named Plaintiffs and the members of the putative class claim exemplary or punitive damages, they fail to allege claims sufficient to entitle them to such an award.

24.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superseding conduct of third parties.

25.     Plaintiffs' and the putative class's claims for fraud, nondisclosure and/or misrepresentations, or claims based on allegations of fraud, nondisclosure, and/or misrepresentation, are barred, in whole or in part, because Best Buy and its officers and/or agents lack the requisite scienter, including specific intent and/or willfulness, necessary to establish "fraud," nondisclosure and/or misrepresentation.

26.     Best Buy at all times acted in good faith and in compliance with applicable state laws and regulations.

27.     Best Buy expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' position in this litigation.

28.     Best Buy expressly and specifically reserves the right to amend this answer to add, delete, and/or modify defenses when the Court addresses the counts and/or arguments for which the Court has deferred consideration, including but not limited to standing (ECF 51 at 4-5), choice of law (ECF 51 at 19), unjust enrichment (ECF 51 at 19), and breach of warranty (ECF 51 at 20-21).

## RESERVATION OF DEFENSES

Best Buy currently has insufficient knowledge or information upon which to form a belief as to any other potential defenses that may be available to it, and expressly reserves the right to amend or supplement this Answer and defenses, as well as to assert any and all

additional or alternative defenses under any applicable state or federal law or regulations, in the event that discovery indicates that such defenses are available. Best Buy also reserves the right to assert any additional or alternative cross-claims, counterclaims, and third-party claims in the event that discovery indicates such claims are available.

**PRAYER FOR RELIEF**

WHEREFORE, Best Buy prays for relief and judgment as follows:

1. That the Court deny Plaintiffs' prayer for relief in its entirety and dismiss the Complaint with prejudice and enter judgment in Best Buy's favor against Plaintiffs;

2. That no class be certified;

3. That the Court award Best Buy its costs, expenses, and attorneys' fees as permitted by law;

4. That the Court award Best Buy such other and further relief that it deems just and proper.

Dated: March 13, 2018

**HOGAN LOVELLS US LLP**

/s/ *Phoebe A. Wilkinson*
Peter H. Walsh (MN No. 388672)
Alicia J. Paller (MN No. 0397780)
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com
alicia.paller@hoganlovells.com

Phoebe A. Wilkinson*
A. Elizabeth Korchin*
875 Third Avenue
New York, NY 10022
T. (212) 918-3000
F. (212) 918-3100
phoebe.wilkinson@hoganlovells.com

elizabeth.korchin@hoganlovells.com
*pro hac vice*

*Counsel for Defendants Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com LLC*