# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN HUDOCK, BREANN HUDOCK, and GERALD DELOSS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | Civil No. 16-1220 (JRT/FLN) |
| IVAN VILLA LARA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | Civil No. 17-5222 (JRT/FLN) |

## STIPULATION FOR PROTECTIVE ORDER

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

1. <u>DEFINITIONS</u>

As used in the Protective Order, these terms have the following meanings:

1.1    "Attorneys" means counsel of record;

1.2    "Confidential" documents are documents designated pursuant to paragraph 2;

1.3    "Confidential – Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 2.3;

1.4    "Designating Party" is a party or non-party that designates documents, information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential – Attorneys' Eyes Only";

1.5    "Documents" are all materials within the scope of Fed. R. Civ. P. 34, as well as transcripts of testimony or information disclosed or produced at a deposition;

1.6    "Destroy" or "to destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

1.7    "Party" means any party to these actions, including all of its officers and employees;

1.8    "Protected document" means a document protected by a privilege or the work-product doctrine;

1.9    "Promptly" means within 5 business days;

1.10    "Receiving Party" means a party that receives documents, information or other items from another party; and

1.11    "Written Assurance" means an executed document in the form attached as Exhibit A.

2.  DESIGNATING AND DISCLOSING CONFIDENTIAL INFORMATION

2.1    "Confidential" Designation.  By identifying a document "Confidential," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends to constitute or contain trade secret or other confidential information protectable under Rule 26(c).

2.2    Authorized Disclosure.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to the following, and only to the extent disclosure of such Confidential information to those persons is reasonably necessary for this litigation:

(a)   the Court and its officers;

(b)   counsel of record and their office associates, legal assistants, and stenographic and clerical employees;

(c)   in-house counsel for the Parties;

(d)   persons shown on the face of the document to have authored or received it;

(e)   court reporters retained to transcribe testimony;

(f)   the Parties;

(g)   outside independent persons and/or vendors (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, or to give testimony in these actions;

(h)   any Court-appointed mediator agreed upon by the Parties; and

(i)   other persons upon further order of the Court or written consent of the Parties.

2.3   <u>"Confidential – Attorneys' Eyes Only" Designation.</u>   The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential – Attorneys' Eyes Only."   Documents and other materials or items marked "Confidential – Attorneys' Eyes Only" contain sensitive information, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential – Attorneys' Eyes Only" only to the persons designated in paragraphs 2.2(a), (b), (c), (d), (e), (g), (h), and (i), and only to the extent disclosure of such "Confidential – Attorneys' Eyes Only" information to those persons is reasonably necessary for this litigation.

2.4   <u>Non-Parties.</u>   Third parties producing documents in the course of these actions may also designate documents as "Confidential" or "Confidential – Attorneys'

4

Eyes Only," subject to the same protections and constraints as the parties to the actions. A copy of the Protective Order and of Local Rule 5.6 shall be served along with any subpoena served in connection with the actions. All documents produced by such third parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

     2.5   <u>Written Assurances.</u>  Each person appropriately designated pursuant to paragraph 2.2(e), (f), (g), (h) and (i) to receive "Confidential" or "Confidential – Attorneys' Eyes Only" information shall execute a "Written Assurance" in the form attached as Exhibit A before being shown or given any "Confidential" or "Confidential – Attorneys' Eyes Only" information. If a Receiving Party chooses a consultant or expert that either is presently employed by or was previously employed by any Defendant, is presently employed by any of Defendants' competitors, or was employed by any of Defendants' competitors within the previous twelve (12) months, [1] and intends to disclose "Confidential" or "Confidential – Attorneys' Eyes Only" information to that individual, that Party shall notify the opposing party before disclosing such Confidential information and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure. Disclosure may be made if no party objects in writing to disclosure within 7 days of receiving such notice.

---

[1] Defendants have provided a list of competitors to Plaintiffs for this purpose (and only for this purpose).

2.6    Depositions.   All depositions or portions of depositions taken in these actions that contain trade secret or other confidential information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.   Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" during the 14-day period following receipt of the transcript.   The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be taken only in the presence of persons who are qualified to have access to such information.

3.   USE OF CONFIDENTIAL INFORMATION

3.1    General.   All "Confidential" and "Confidential – Attorneys' Eyes Only" documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those permitted in paragraphs 2.2 and 2.3.   Prohibited purposes include, but are not limited to, use in any litigation other than in the above-captioned actions or for competitive purposes.   Each party must make reasonable efforts to protect the confidentiality of any "Confidential" or "Confidential – Attorneys' Eyes Only" information disclosed or produced to that party.   A party who learns of a breach of

confidentiality must promptly make reasonable efforts to remedy the breach and promptly notify the designating and/or producing party of the scope and nature of that breach.

      3.2    <u>Filing Confidential Information.</u>  This Protective Order does not authorize the filing of any document under seal. A document containing "Confidential" or "Confidential – Attorneys' Eyes Only" information may be filed only in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6.

      3.3    <u>Presentation At A Hearing or Trial.</u>  A party intending to present another party's or a non-party's "Confidential" or "Confidential – Attorneys' Eyes Only" information at a hearing or trial must promptly notify the other party or non-party so that the other party or non-party may seek relief from the Court.

      3.4    <u>Protected Material Subpoenaed or Ordered Produced in Another Litigation.</u> If a party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Confidential – Attorneys' Eyes Only," that Party must promptly (a) provide a copy of the subpoena or court order to the Designating Party; (b) provide a copy of this Protective Order and notice in writing to the subpoenaing or requesting party that some or all of the material covered by the subpoena or order is subject to this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose "Confidential" or "Confidential – Attorneys' Eyes Only" information may be affected. If the Designating Party timely seeks a protective order, the party served with the subpoena court order shall not produce any information designated in this action as "Confidential" or "Confidential – Attorneys' Eyes Only" before a determination by the

court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

4.   INADVERTENT OR UNAUTHORIZED DESIGNATIONS OR DISCLOSURES

    4.1   Inadvertent Failures To Designate.   Any party who inadvertently fails to identify documents as "Confidential" or "Confidential – Attorneys' Eyes Only" shall have 14 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation and shall provide written confirmation of retrieval of the documents.

    4.2   Requests To Change Designations. Any party may request a change in the designation of any information designated "Confidential" or "Confidential – Attorneys' Eyes Only" by providing written notice of each designation it believes should be changed and describing the basis for the proposed change to the Designating Party. The parties shall meet and confer in a good faith attempt to resolve any disputes regarding the proper designations within 7 days of the date of service of the written notice. Any such document shall be treated as designated until the Designating Party agrees to change its designation or the Court orders otherwise after providing an opportunity for the Designating Party to be heard. If the requested change in designation is not agreed to, the party seeking the

change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Confidential – Attorneys' Eyes Only" in the action may be affected.  The party or non-party asserting that the material is "Confidential" or "Confidential – Attorneys' Eyes Only" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

4.3    <u>Unauthorized Disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" Information.</u>  If a party learns that, by inadvertence or otherwise, it has disclosed "Confidential" or "Confidential – Attorneys' Eyes Only" information to any person or in any circumstance not authorized under this Protective Order, the party shall promptly (a) notify in writing the party that produced the "Confidential" or "Confidential – Attorneys' Eyes Only" information of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the "Confidential" or "Confidential – Attorneys' Eyes Only" information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Written Assurance" that is attached hereto as Exhibit A.

4.4    <u>Privileged or Otherwise Protected Information.</u>  Requests for return or destruction of Documents by a party subject to a legally recognized claim of privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege), shall be governed by Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B).  A party or non-party who discovers that it may have received an inadvertently disclosed or produced protected

document shall promptly notify the producing party and must promptly return or destroy the document without distributing, disseminating, or reproducing the document, and shall retrieve and destroy the documents to the extent such documents have been distributed, disseminated, or reproduced.

    4.5   <u>Withholding and Redaction of Information.</u> A party may redact or withhold responsive documents or information only if the document or information is subject to a legally recognized claim of privilege (including, without limitation, the attorney-client privilege, the work-product doctrine, and the joint defense privilege). A party seeking to redact or withhold irrelevant commercially sensitive and/or trade secret information may move the Court for an appropriate protective order under Rules 26(c)(1)(D) and/or (G) of the Federal Rules of Civil Procedure.

   5.  <u>MISCELLANEOUS</u>

    5.1   <u>Final Disposition.</u>  Within 60 days of the termination of both of the above-captioned actions, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies of such documents, and shall destroy all extracts and data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  Outside counsel shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with this litigation.  Any retained material, and the outside counsel retaining it, continues to be subject to this Protective Order.

5.2     <u>Right to Further Relief.</u> Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

5.3     <u>Right to Assert Other Objections.</u>  No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

5.4     <u>Duration.</u>  The obligations imposed by the Protective Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions as the Court may deem appropriate.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 3, 2018

*/s/ Joseph C. Bourne*
Daniel C. Hedlund (MN Lic. #258337)
Joseph C. Bourne (MN Lic. #0389922)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
jbourne@gustafsongluek.com

David M. Cialkowski (MN Lic. #0306526)
Alyssa J. Leary (MN Lic. #0397552)
**ZIMMERMAN REED, LLP**
1100 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402
Telephone: (612) 341-0400

david.cialkowski@zimmreed.com
alyssa.leary@zimmreed.com

Luke P. Hudock (WI Lic. #1086264)
**HUDOCK LAW GROUP, S.C.**
P.O. Box 83
Muskego, WI 53150
Telephone: (414) 526-4906
lphudock@law-hlg.com

*Counsel for Plaintiffs Breann and Benjamin*
*Hudock, Gerald DeLoss, and Ivan Villa Lara*

Dated: May 3, 2018

*/s/ A. Elizabeth Korchin*
Phoebe A. Wilkinson (*pro hac vice*)
A. Elizabeth Korchin (*pro hac vice*)
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, NY 10022
T. (212) 918-3000
F. (212) 918-3100
phoebe.wilkinson@hoganlovells.com
elizabeth.korchin@hoganlovells.com

Peter H. Walsh (MN No. 388672)
Alicia J. Paller (MN No. 397780)
**HOGAN LOVELLS US LLP**
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com
alicia.paller@hoganlovells.com

*Counsel for Defendants LG Electronics,*
*U.S.A., Inc., Best Buy Co., Inc., Best Buy*
*Stores, L.P., and BestBuy.com, LLC*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN HUDOCK, BREANN HUDOCK, and GERALD DELOSS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | Civil No. 16-01220 (JRT/FLN) |
| IVAN VILLA LARA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | Civil No. 17-05222 (JRT/FLN) |

## <u>WRITTEN ASSURANCE</u>

_____ declares that:

  I reside at _____in the city of _____ ,

county _____ , state of _____ ;

1

I have read in its entirety and believe I understand the terms of the Protective Order that was issued by the United States District Court for the District of Minnesota on [date] in the above-captioned actions.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I solemnly promise that I will not disclose in any manner any documents, copies of documents, contents of documents, or any other type of information designated "Confidential" or "Confidential – Attorneys' Eyes Only" obtained pursuant to such Protective Order to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall destroy or return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential – Attorneys' Eyes Only", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order, even if such enforcement proceedings occur after termination of the above-captioned actions.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____          _____
                    (Date)                                           (Signature)


In:_____          _____
    (City and State where sworn and signed)                (Printed Name)

2