UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN HUDOCK, BREANN HUDOCK, and GERALD DELOSS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | Civil No. 16-cv-1220-JRT-KMM |
| IVAN VILLA LARA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | Civil No. 17-cv-5222-JRT-KMM |

**ORDER**

    The Plaintiffs in this matter moved to modify the scheduling order, citing delays in discovery that had made the currently order unworkable. (ECF No. 136.) The Defendants objected to the Plaintiff's motion and proposed scheduling order.

(ECF No. 141.) During a telephonic hearing, the Defendants clarified their position and agreed that a modest extension would be appropriate, as long as the sequence of events already agreed upon did not change. Accordingly, the Court **GRANTS** the Plaintiff's motion to modify the scheduling order with the modifications described below.

The scheduling order required that substantial production of documents be completed by November 15. The Defendants met this deadline, but the production was larger than expected, encompassing over 200,000 documents. Additionally, the Plaintiffs anticipate conducting up to 20 depositions. Plaintiffs do not believe it the current March 1, 2019 deadline is reasonable to process this discovery.

A scheduling order may be modified for good cause. Fed. R. Civ. P. 16(b). In these circumstances, "good cause" is present when, despite the diligence of the moving party, the existing schedule cannot reasonably be met. Advisory Committee Notes to the 1983 Amendment of Fed. R. Civ. P. 16; E.E.O.C. v. Prod. Fabricators Inc., 285 F.R.D. 418, 420 (D. Minn. 2012). The Court finds that the Plaintiffs have been diligent in pursuing discovery; however, the scope of discovery has outpaced the Plaintiff's reasonable resources. Therefore, the Court finds it appropriate to adjust the scheduling order by extending discovery by an additional 60 days. To accommodate for this change, the briefing schedule for the class certification motion is also extended by 60 days.

It is **HEREBY ORDERED THAT** the Scheduling Order (ECF 120) is modified as described below:

1. <u>Discovery and Non-Dispositive Motions:</u>

    a. All motions and memoranda related to class certification must be filed by:
    Plaintiffs Motion due by August 1, 2019;

    Defendants Response due by September 15, 2019;

    Plaintiffs' Reply due by October 15, 2019.

    c. All discovery shall be commenced in time to be completed by May 1, 2019, with substantial completion of document productions by November 15, 2018.

n.   All nondispositive motions and supporting documents relating to fact discovery must be filed by May 15, 2019. Any other nondispositive motions, including those which related to expert discovery, shall be filed by September 1, 2019. Nondispositive motions may be scheduled for hearing by calling Kathy Thobe, Judicial Assistant to Magistrate Judge Kate M. Menendez, 612-664-5140. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1 and 37.1.

2. <u>Expert Disclosure and Discovery</u>:

   a.   Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be made as follows:

   1) By all parties on or before April 15, 2019 with respect to initial experts.

   2) By all parties on or before May 31, 2019 with respect to rebuttal experts.

   b.   Full disclosure of the substance of the testimony to be offered by each expert witness shall be made as follows:

   1) By all parties on or before May 1, 2019 with respect to initial expert reports.

   2) By all parties on or before June 15, 2019 with respect to rebuttal expert reports.

   c.   Each party may depose no more than 3 expert witnesses.

   1) For Initial Experts, on or before May 31, 2019;

   2) For Rebuttal Experts, on or before July 15, 2019.

   d.   Any expert testimony which has not been fully disclosed in accordance with this schedule shall be excluded from evidence at trial.

Dated: January 15, 2019          *s/Katherine Menendez*
                                  Katherine Menendez
                                  United States Magistrate Judge