UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HUDOCK et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC. et al.,<br><br>　　　　　　　　　Defendants. | Lead Case No. 0:16-cv-01220-JRT-KMM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS LG ELECTRONICS U.S.A., INC., BEST BUY CO., INC., BEST BUY STORES, L.P., and BESTBUY.COM, LLC'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

## INTRODUCTION

The Court is well-acquainted with this litigation, which has been pending for nearly three years. Plaintiffs recently have filed a Consolidated Amended Class Action Complaint ("Consolidated Complaint"), which adds two more proposed class representatives, Scott Poppen and Eugene Mannacio, and new claims under the Illinois Consumer Fraud Act.[1] Defendants move to dismiss Plaintiffs Poppen and Mannacio's claims, and claims made for the first time by the DeLoss, Villa Lara, and Hudock Plaintiffs (collectively, the "Consolidated Plaintiffs"), for lack of standing and failure to state a claim.[2]

---

[1] It also consolidates the complaints in the two separate lawsuits that were originally filed in this Court in May 2016 and November 2017.

[2] Defendants recognize that they have moved to dismiss the earlier complaints and the Court has ruled on those motions, Defendants are compelled to renew their prior arguments for dismissal of Plaintiffs' claims pursuant to Federal Rules of Civil

1

## STATEMENT OF FACTS

Defendants incorporate by reference the prior statements of facts as set forth in Defendants' previous motions to dismiss. (LG Mem. Supp. Mot. Dismiss 2-4, ECF No. 20 ("LG Mem. I"); LG Reply Supp. Mot. Dismiss 1-2, ECF No. 41 ("LG Reply I"); Best Buy Mem. Supp. Mot. Dismiss 1-2, ECF No. 24 ("BB Mem. I"); LG Mem. Supp. Partial Mot. Dismiss 2-3, ECF No. 67 ("LG Mem. II"); Best Buy Mem. Supp. Partial Mot. Dismiss 1, ECF No. 72 ("BB Mem. II"); Defs. Mem. Supp. Mot. Dismiss at 2-5, *Villa Lara v. LG Electronics USA, Inc. et al.*, Case No. 0:17-cv-05222-JRT-KMM, 2018 WL 3748177 (D. Minn. Feb. 12, 2018), ECF No. 29 ("Mem. III").) Set forth below is a brief summary of new facts as alleged in the Consolidated Complaint.

Newly-added Plaintiff Scott Poppen is an Illinois resident who purchased an LG television, model number 55LA6200, from a Best Buy store in Illinois, on or about April 29, 2013. (Consolidated Complaint ¶ 88 ("Compl.").) Poppen alleges that he began using the 55LA6200 in the fall of 2013 and "noticed the performance . . . was not as expected for a 120Hz refresh rate television." (*Id.* ¶ 95.) He claims to have contacted Best Buy to engage warranty protection, replace the component display panel, and receive a replacement television. (*Id.* ¶ 96.) Later, in the fall of 2013, he purchased another LG television, model number 55LN5100, from Best Buy.[3] (*Id.* ¶ 101.) As to this television

---

Procedure 12(b)(1) and 12(b)(6) to preserve their appellate rights since Plaintiffs requested to file one consolidated complaint for their actions. Defendants are not seeking reconsideration.

[3] The allegations contradict each other regarding where Poppen purchased this model. (*Compare id.* ¶ 101 (Poppen purchased the 55LN5100 "from the same Best Buy store") *with id.* ¶ 107 (Poppen purchased the LG 55LN5100 "from BestBuy.com").)

Poppen states only that he was "unaware prior to August 2018 that, in fact, the television he purchased had a 60Hz refresh rate." (*Id.* ¶ 109 (emphasis added).)

Plaintiff Eugene Mannacio is a California resident who purchased an LG television, model number 60UH7700, from a Best Buy store on or about February 2016. (*Id.* ¶ 121.) Mannacio alleges only that he "later learned that his television actually had a 120Hz refresh rate," not a 240Hz refresh rate. (*Id.* ¶ 124.)

## ARGUMENT

### I. PLAINTIFFS LACK ARTICLE III STANDING.

Defendants renew their prior arguments for dismissal of Plaintiffs' claims pursuant to Rule 12(b)(1), and make those same arguments anew with regard to Plaintiffs Poppen and Mannacio and the new claims brought by the Consolidated Plaintiffs. While the Plaintiffs each allege that they resided and purchased televisions in a single state, they nevertheless attempt to bring claims under the laws of multiple states. They do not have standing to do so. *See Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, No-13-2664, 2014 WL 943224, at *11 (D. Minn. Mar. 11, 2014) ("[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." (quoting *In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.*, No 12-169, 2013 WL 5503308, at *11 (D.N.J. Oct. 2, 2013))); (Compl. ¶¶ 110-15). Each Plaintiff is addressed below:

- The Hudock Plaintiffs are Wisconsin residents who allege claims related to a single LG LED television purchased online for their home in Wisconsin. (*Id.* ¶¶ 110-15.) They neither reside in nor allege injury in Minnesota, New Jersey, California, or

3

Illinois, and thus their claims under the laws of Minnesota, New Jersey, California, and Illinois should be dismissed for lack of standing.

- Plaintiff DeLoss is an Illinois resident who alleges claims related to an LG LED television purchased from an unidentified Kohl's store. (Compl. ¶¶ 116-20.) He neither resides in nor alleges injury in Minnesota, New Jersey, or California, and thus his claims under the laws of Minnesota, New Jersey, and California should be dismissed for lack of standing.

- Plaintiff Villa Lara is a California resident who alleges that he purchased an LG LED television from his grandmother, after she purchased the television from a store in California. (*Id.* ¶¶ 74-87.) He neither resides in nor alleges injury in Minnesota, New Jersey, or Illinois, and thus his claims under Minnesota, New Jersey, and Illinois law should be dismissed for lack of standing.[4]

- Plaintiff Poppen is an Illinois resident who alleges claims related to two models of LG LED televisions, which he allegedly purchased in Illinois. (*Id.* ¶¶ 88-109.) He neither resides in nor alleges injury in Minnesota, New Jersey, or California, and thus his claims under Minnesota, New Jersey and California law should be dismissed for lack of standing.

- Plaintiff Mannacio is a California resident who alleges claims related to one LG LED television, which he allegedly purchased in California. (*Id.* ¶¶ 121-25.) He

---

[4] As Defendants argued previously, Villa Lara also lacks standing for the additional reason that he admits that the purchase price of his LG LED television was fully refunded. (Compl. ¶ 87; Mem. III 5-7.) This is an independent basis to dismiss all of Villa Lara's claims.

neither resides in nor alleges injury in Minnesota, New Jersey, or Illinois, and thus his claims under Minnesota, New Jersey, and Illinois law should be dismissed for lack of standing.[5]

Plaintiffs also lack standing to assert claims related to television models that they never purchased and marketing materials that they never saw or relied on. Defendants incorporate by reference their prior arguments, (*see* LG Mem. I 8-11; LG Reply I 6-9; Mem. III 7), and request dismissal of Plaintiffs' claims under Rule 12(b)(1) to the extent they include such claims.

## II.     PLAINTIFFS' CONSOLIDATED COMPLAINT FAILS TO STATE A VIABLE CLAIM.

The Consolidated Complaint also should be dismissed under Rule 12(b)(6). In order to sustain a cause of action, Plaintiffs' factual allegations must be plausible on their face; there must be "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011). A complaint that includes mere "labels and conclusions," or "formulaic recitation of the elements of a cause of action" fails to state a

---

[5] Plaintiffs do not identify the state law applicable to their unjust enrichment, breach of express and implied warranty, and breach of contract claims. Accordingly, these common law claims should be dismissed – particularly where plaintiffs lack standing to pursue claims under the laws of the states invoked elsewhere in the Complaint. *See, e.g., In re Dynamic Random Access Memory Antitrust Litig.*, 536 F.Supp.2d 1129, 1145 (N.D. Cal. 2008) ("Plaintiffs' claim states neither that it is proceeding under specific state laws, nor that it is proceeding as a single claim on behalf of a nationwide class . . . . [T]he claim is unclear under principles of Rule 8 pleading requirements as alleged, and plaintiffs are therefore required to amend their unjust enrichment claim, so that defendants may properly be placed on notice as to the extent of the claim they are required to defend.").

claim. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Where allegations fail to "raise a right to relief above the speculative level," the claims should be dismissed. *Twombly*, 550 U.S. at 555.

### A. Plaintiffs' MDTPA Claim [Count II] Should Be Dismissed To The Extent It Seeks A Remedy Beyond Injunctive Relief.

As this Court has already ruled <u>twice</u>, "the sole remedy for violations of the [Minnesota Uniform Deceptive Trade Practices Act ("MDTPA")] is injunctive relief." Minn. Stat. § 325D.43, *et seq.*; (Mem. Op. Order on Defs. Mots. Dismiss 16, ECF No. 51 ("Order I"); (Mem. Op. Order on Defs. Mot. Dismiss 9, *Villa Lara v. LG Electronics USA, Inc. et al.*, Case No. 0:17-cv-05222-JRT-KMM, 2018 WL 3748177 (D. Minn. Aug. 7, 2018), ECF No. 59 ("Order III")). Despite preparing a consolidated complaint, once again, Plaintiffs' MDTPA claim is not so limited; instead, Plaintiffs allege that they "suffered loss by paying more than they would have otherwise paid for the LG televisions." (Compl. ¶ 147.) Accordingly, the Court should rule again that Plaintiffs are only entitled to injunctive relief under the MDTPA and Plaintiffs' claim should be dismissed to the extent it seeks any other remedy.

### B. Plaintiffs' Breach of Contract Claims [Count X] Fail For Numerous Reasons.

As this Court ruled in March 2017, Plaintiffs' breach of contract claims against LG must be dismissed because Plaintiffs "make[] no allegations that LG offered to sell Plaintiffs the television[s]." (Order I 23.) LG re-asserts and incorporates here all prior arguments for why Plaintiffs' breach of contract claims should be dismissed as to LG. (LG Mem. I 26-27); *see also N. Cent. EMS Corp. v. Bound Tree Med., LLC*, Civil No.

15-2793 (JRT/LIB), 2016 WL 544472, at *4 (D. Minn. Feb. 10, 2016) (dismissing breach of contract claim where defendant was not a party to the contract). In Count X of the Consolidated Complaint, Plaintiffs appear to make breach of contract claims against all Defendants. (Compl. ¶ 211 (referring collectively to "Defendants")). For the same reasons it did so previously, the Court should dismiss the breach of contract claims as to LG.

Similarly, to the extent DeLoss — who purchased a television from Kohl's and not Best Buy (Compl. ¶ 119) — alleges a breach of contract claim against Best Buy in Count X of the Consolidated Complaint, the Court should find that the breach of contract claim should be dismissed as to Best Buy. *N. Cent. EMS Corp.*, 2016 WL 544472, at *4.

Also, Poppen, Mannacio, and the Hudocks cannot maintain breach of contract claims against Best Buy because they fail to allege that any of the Best Buy Defendants made them any offer. A breach of contract claim requires (1) the formation of a contract; (2) the performance by plaintiff of any conditions precedent; and (3) a material breach of the contract by defendant. (LG Mem. I 26.) Here, Poppen, Mannacio, and the Hudocks, have failed to allege an offer, as required to form a contract. *Commercial Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. Ct. App. 2006) (finding that in order to plead the formation of a contract, a plaintiff must allege offer, acceptance, and consideration). Only Villa Lara alleged an offer: "Best Buy . . . offered to sell Villa Lara a '120Hz' television." (Compl. ¶ 210.) Therefore, Count X against the Best Buy Defendants should be dismissed as to Poppen, Mannacio, and the Hudocks. *Commercial Assocs., Inc.*, 712 N.W.2d at 782.

7

### C. Plaintiffs Cannot Maintain Their NJCFA Claims [Count IV] Because They Fail To Plead Ascertainable Loss.

Plaintiffs' New Jersey Consumer Fraud Act ("NJCFA") claims (Count IV) should be dismissed because Plaintiffs have not pled ascertainable loss. N.J. Stat. Ann. § 56:8-1, *et seq*. *First*, Plaintiffs' alleged "loss" of 15-20% of the purchase price, or loss based on future expert testimony using hedonic regression analysis, conjoint analysis, or manufacturer cost data, are insufficient. (*See* Order III 9, n.4 (holding that "Plaintiffs' allegations that cost information 'inevitably translates' into retail-pricing differences . . . is implausible").) *Second*, Plaintiffs' "replacement cost" theory fails because they do not provide price information about televisions with 120Hz or 60Hz refresh rates that are comparable to their LG LED televisions. *Third*, Poppen, Villa Lara, and the Hudocksfail to plead ascertainable loss because they purchased their 55LN5100 televisions at a steep discount. (LG Mem. I 19-21; LG Mem. II 9-13; BB Mem. II 1-2; LG Reply II 8-11; BB Reply II 1-2; Mem. III 12-14; Reply III 12-15).

Like Villa Lara and the Hudocks, Poppen fails to plead ascertainable loss under the NJCFA, as to the 55LN5100 that he purchased "on or about November 25, 2013" for "approximately $536.00." (Compl. ¶ 107); N.J. Stat. Ann. § 56:8-1, *et seq*. In order to show ascertainable loss, a plaintiff must establish an "actual loss," that is "quantifiable or measurable" or "real and demonstrable," rather than "hypothetical or illusory" or "speculative." *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 792, 793, 795, 796 (N.J. 2005). Defendants re-state and incorporate herein all prior arguments regarding Plaintiffs' inability to plead ascertainable loss where they purchased deeply discounted

8

televisions during week of "Black Friday" promotions, which apply equally to Poppen. (LG Mem. I 20-21; LG Mem. II 9-13; BB Mem. II 1; LG Reply II 8-11; BB Reply II 1-2; Mem. III 12).

### D. Poppen, Villa Lara, and the Hudocks Cannot Maintain Their Untimely CLRA, UCL, and/or ICFA Claims [Counts V, VI, & VII].

Poppen, Villa Lara,[6] and the Hudocks cannot maintain their claims under the CLRA or under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") because those claims are time barred by the applicable three-year statutes of limitations. Cal. Civ. Code § 1783; 815 Ill. Comp. Stat. 505/1 § 10a. Poppen and the Hudocks also cannot maintain their claim under the California Unfair Competition Law (UCL) because it is barred by the applicable four-year statute of limitations. Cal. Bus. & Prof. Code § 17208.

Poppen, Villa Lara and the Hudocks all allege that the incidents that gave rise to their claims occurred in either April 2013 or November 2013 — over five years before the Consolidated Complaint was filed on February 7, 2019. Poppen alleges purchasing the 55LA6200 on April 29, 2013, more than three years before the Hudocks initiated litigation on May 9, 2016 and nearly six years prior to Poppen joining this lawsuit. (Compl. ¶ 88.) Poppen also alleges purchasing the 55LN5100 on November 25, 2013, over five years before joining this lawsuit. (*Id.* ¶ 101)

Villa Lara alleges that his grandmother purchased the 55LN5100 on November 28, 2013 (*Id.* ¶ 80), while the Hudocks allege purchasing the 55LN5100 on November 29,

---

[6] Defendants incorporate by reference all of their prior arguments as to the untimeliness of Villa Lara's claim under the CLRA. (Mem. III 14-15; Reply III 6-10).

2013. (*Id.* ¶ 112, 115.) These purchases took place (1) over three years prior to Villa Lara raising a CLRA claim (Mem. III ¶¶ 14-15.) and ICFA claim (Compl. ¶¶ 180-90); (2) over three years prior to the Hudocks raising CLRA and ICFA claims for the first time (*Id.* ¶¶ 161-70, 180-90); and (3) over four years prior to the Hudocks raising a UCL claim for the first time (*Id.* ¶¶ 171-79). Poppen, Villa Lara, and the Hudocks' claims under the CLRA and ICFA should therefore be dismissed as time barred.[7] *See, e.g.*, *Kline v. Iovate Health Sciences U.S.A., Inc.*, No. 3:15-cv-02387, 2017 WL 1135580, at *3 (S.D. Cal. Mar. 27, 2017) (dismissing plaintiffs' untimely CLRA claim); *Tartan Construction LLC v. New Equipment Servs. Corp.*, No. 17-cv-5950, 2018 WL 4563079, at *4 (N.D. Ill. Sept. 24, 2018) (dismissing plaintiff's ICFA claim as untimely). The Hudocks' UCL claim also should be dismissed as untimely. *See, e.g.*, *Mendoza v. CitiMortgage, Inc.*, No. 10-CV-03550-LHK, 2011 WL 940336, at *4 (N.D. Cal. Feb. 18, 2011) (dismissing Plaintiff's UCL claim "[b]ecause [Plaintiff] does not allege facts suggesting that equitable tolling or some form of delayed accrual should apply, her UCL claim is time-barred").

**E. Plaintiffs' Claims Fail For Numerous Additional Reasons.**

Defendants previously moved to dismiss the Consolidated Plaintiffs' claims for numerous additional reasons. Defendants re-assert those arguments here as to the Consolidated Plaintiffs, and raise those arguments here for the first time as to Plaintiffs

---

[7] Because Plaintiffs do not identify the state law under which they bring their common law claims (*see supra* n. 2) Defendants cannot at this juncture assess the timeliness of those claims. Defendants reserve the right to challenge the timeliness of Plaintiffs' common law claims once those claims ─ and statutes of limitations ─ are known.

Poppen and Mannacio, to preserve Defendants' appellate rights. As Defendants argued in their prior motions to dismiss, incorporated by reference here:

1.  Villa Lara lacks an injury-in-fact, "loss of money," as required under the UCL, and the "personal interest" required to pursue litigation. (Mem. III 6-7; Reply III 4-5); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 (1997); *In re McNeil Consumer Healthcare*, 877 F.Supp.2d 254, 276 (E.D. Pa. 2012) (declining to "assume" that a refund offer for a coupon or cash was inadequate to make plaintiffs whole).

2.  Plaintiffs' claims under the Minnesota Prevention of Consumer Fraud Act ("MCFA") (Count I) and Minnesota Unlawful Trade Practices Act ("MUTPA") (Count III) are subject to dismissal for the additional and independent reason that they do not allege a public benefit, as required under Minnesota's Private Attorney General Statute. Minn. Stat. § 325F.68, *et seq.*; Minn. Stat. § 325D.13; (LG Mem. I 15-16.)

3.  Plaintiffs fail to state a claim under the MDTPA (Count II) because they have not requested, and cannot properly request, injunctive relief here. (LG Mem. I 17-18; Mem. III 12; Reply III 12.)

4.  Plaintiffs may not pursue an unjust enrichment claim (Count XI) where, as here, another adequate remedy is available. (LG Mem. I 21-22.)

5.  Villa Lara's CLRA claim fails because he is not a "consumer" under the Act. (Mem. III 15-16.)

6.     Villa Lara's warranty claims (Counts VIII-IX) fail for (1) lack of privity; (2) lack of pre-suit notice; and/or (3) lack of exposure to statements that might create an express warranty. (Mem. III 16-20.)

7.     Plaintiffs cannot maintain their breach of express warranty claims (Count VIII) or breach of implied warranty claims (Count IX) because: (1) LG validly disclaimed all express and implied warranties other than as provided in the limited warranty; (2) Plaintiffs do not (and cannot) allege that they complied with the warranty terms; (3) Plaintiffs do not (and cannot) allege that LG has breached its warranty; (4) Plaintiffs do not (and cannot) allege that they informed LG and/or Best Buy of their claims within a reasonable time; and/or (5) the Best Buy Conditions of Use disclaimed all warranties, express or implied. (LG Mem. I 23-26; Mem. III 16-20.) Defendants conspicuously and validly disclaimed all express and implied warranties, including the warranties of merchantability and fitness for a particular purpose, other than those that LG explicitly provided in the LG Limited Warranty.

8.     Villa Lara's breach of contract claim fails to plead the foundational element for a breach of contract claim ─ the existence of a contract ─ with any of the Best Buy Defendants. (Mem. III 20-21.)

## **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint, and award all other and further relief deemed appropriate.

Dated:  February 28, 2019         **HOGAN LOVELLS US LLP**

/s/   *Phoebe A. Wilkinson*
Phoebe A. Wilkinson*
875 Third Avenue
New York, NY 10022
T. (212) 918-3000
F. (212) 918-3100
phoebe.wilkinson@hoganlovells.com

Peter H. Walsh (MN No. 388672)
Alicia J. Paller (MN No. 0397780)
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com
alicia.paller@hoganlovells.com

Robert B. Wolinsky*
555 Thirteenth Street NW
Washington, DC 20004
T. (202) 637-5600
F. (202) 637-5910
robert.wolinsky@hoganlovells.com
* *pro hac vice*

*Counsel for Defendants LG Electronics USA, Inc., Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC*