# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *Hudock et al. v. LG Electronics U.S.A., Inc. et al.*<br><br>This Document Relates To:<br><br>All Actions | Lead Case No. 16-cv-01220 JRT-KMM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

## INTRODUCTION

The Consolidated Amended Class Action Complaint [D.E. 148] (Feb. 7, 2019) (hereinafter "CAC") consolidates two pending actions related to false and misleading advertising employed by Best Buy (including Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.Com., LLC) and LG Electronics, U.S.A., Inc. ("LG") in connection with the sale of LED televisions relating to their refresh rate capabilities. *See, e.g.*, CAC ¶¶ 2, 5, 54-64. Defendants' motion to dismiss, the fourth related to these cases, challenges only the "new"[1] claims asserted by the prior Plaintiffs, Villa Lara, DeLoss, and the Hudocks, and the claims asserted by new Plaintiffs Poppen and Mannacio, and largely incorporates by reference prior briefing. Mem. in Support Defs.' Mot. to Dismiss [D.E. 153] (Feb. 28, 2019) (hereinafter "Mot."), at pp. 1-2.

Defendants' incorporation by reference, *en masse*, indicates two things: Plaintiffs have already responded to most of the arguments raised,[2] and the Court has already

---

[1] To the extent the consumer fraud claims asserted under state law can be considered "new" claims by the existing Plaintiffs, these claims have only been asserted in the alternative depending on which state law is determined to apply to each claim. Moreover, as argued in prior briefing and noted further below, the use of counts is merely the organizational method by which individuals apprise the court of the various legal theories under which they may prevail, and their recovery is not constrained to the counts as defined in the complaint. *See*, *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) ("A complaint should limn the grievance and demand relief. It need not identify the law on which the claim rests, and different legal theories therefore do not multiply the number of claims for relief.").

[2] Hudock Opposition to LG's Motion to Dismiss [D.E. 37] (Aug. 22, 2016) (hereinafter "*Hudock*, Pls.' LG Opp'n"); Hudock Opposition to Best Buy Motion to Dismiss [D.E. 39] (Aug. 22, 2016) (hereinafter "*Hudock*, Pls. BB Opp'n"); Hudock Opposition to Defendants' Partial Motions to Dismiss [D.E. 80] (Sept. 18, 2017) (hereinafter "*Hudock*, Pls.' Opp'n"); Villa Lara Opposition to Motion to Dismiss [D.E. 35] (Mar. 12, 2018) (hereinafter "*Villa Lara*, Pl.'s Opp'n"). As Defendants note, they are not seeking

rejected most of Defendants' arguments. For the reasons already discussed in that prior briefing, and as further detailed below regarding the scant few options that can be considered new, Plaintiffs respectfully request this Court deny Defendants' motion.

## ARGUMENT

### I.    Plaintiffs Have Standing.

Defendants' only standing challenges relate to Plaintiffs' ability to bring claims under the laws of states in which they do not reside, and on behalf of television model numbers that they did not personally purchase.[3] Mot. at pp. 3-5. The Court has already ruled on this issue as premature under nearly identical circumstances presented in the original *Hudock* case and should do so again here for the following reason:

> The Court finds Defendants' standing arguments, therefore, do not address whether Plaintiffs have individual standing. Instead, class certification is "logically antecedent" to the standing issues raised by Defendants; specifically, the Court can determine during the class certification process whether Plaintiffs' can bring claims under the laws of states in which no currently-named plaintiff resides or whether Plaintiffs' injuries are sufficiently similar to those of the proposed class to permit claims for a broader range of LG products.

*Hudock v. LG Elecs., U.S.A., Inc.*, No. 16-1220, 2017 WL 1157098, at *2 (D. Minn. Mar. 27, 2017). *See also*, *Hudock*, Pls.' LG Opp'n [D.E. 37], at pp. 5-21.

---

reconsideration of their prior arguments and this Court's decisions. As such, Plaintiffs respond to these points summarily and by incorporating prior briefing by reference and referring to this Court's prior orders. *See*, Mot. at pp.1-2, n.2.

[3] To the extent Defendants have not waived the alternative standing challenge to Villa Lara's claims by raising them only in a footnote (*see, e.g.*, *Bakalis v. Golembeski*, 35 F.3d 318, 326 n.8 (7th Cir. 1994) (argument "made only in a footnote in the opening brief" and "not fully developed until the reply brief… is deemed waived")), the Court has rejected this argument and Plaintiffs incorporate by reference prior briefing on this topic. *Villa Lara*, Pl.'s Opp'n at pp. 6-11; *Villa Lara*, 2018 WL 3748177, at *2-3.

II.     **Defendants' Challenges to Plaintiffs' Complaint Under Fed. R. Civ. P. Rule 12(b)(6) Are Without Merit.**

   A.     **Plaintiffs state valid claims for violations of the Minnesota Uniform Deceptive Trade Practices Act (the "MDTPA").**

Defendants argue that Plaintiffs are only entitled to injunctive relief under the MDTPA. Mot. at p. 6. Although this Court previously held in this case that relief under the MDTPA is constrained to injunctive relief, Plaintiffs preserve their argument that because the Minnesota Supreme Court has never considered whether the MDTPA is limited to damages, the legislative history and principles of statutory construction support recovery of damages in addition to injunctive relief in order to preserve this position on appeal. *See*, *Hudock*, Pls.' LG Opp'n [D.E. 37], at pp. 23-29; *Villa Lara*, Pl.'s Opp'n, at pp. 14-15.

   B.     **Plaintiffs state valid claims for breach of contract.**

Defendants argue that Poppen, Mannacio, and the Hudocks fail to make any allegations that Best Buy ever made them an offer as required to form a contract. Mot. at pp. 6-7. However, the alleged facts unequivocally demonstrate that the Hudocks, Poppen, and Mannacio claim that Best Buy made them an offer. CAC ¶¶ 88, 93, 94, 101, 105, 106, 107, 110, 112, 113, 115, 121, 123. Although the text of the count refers only to Villa Lara (admittedly, a scrivener's error in consolidating the complaints), the rest of the count incorporates by reference all paragraphs in the Complaint, and refers to "Plaintiffs'" acceptance of Defendants' offer to sell televisions to them. *See*, CAC ¶¶ 209, 211, 212, 213.

3

Moreover, the mere fact that Count X—the breach of contract claim—references only Villa Lara by name, does not negate that the Hudocks, Poppen, and Mannacio factually allege an offer from Best Buy. "Counts" are not causes of action or claims for relief. Rather, the use of counts to identify various legal theories may be used merely to assist the court "in seeing how the plaintiff hopes to prevail." *NAACP*, 978 F.2d at 292. In this case, the Complaint includes allegations that each television purchased by Plaintiffs (other than DeLoss) was purchased from Best Buy, after viewing representations and advertisements made by Best Buy, and that Best Buy accepted payment from the Plaintiffs for the televisions. *See, e.g.*, CAC ¶¶ 88, 93, 94, 101, 105, 106, 107, 110, 112, 113, 115, 121, 123. These are the only elements necessary to establish the existence of a contract. *See, e.g.*, *Lefkowitz v. Great Minneapolis Surplus Store, Inc.*, 86 N.W.2d 689, 691 (Minn. 1957) (advertisements constitute an offer, "where the offer is clear, definite, and explicit, and leaves nothing open for negotiation… acceptance of which will complete the contract."). Accordingly, Defendants' argument that Best Buy did not make the Plaintiffs any "offer" to purchase televisions is without merit.

DeLoss has not asserted any claims for breach of contract, and the remaining Plaintiffs have only asserted this claim against Best Buy. Accordingly, Plaintiffs do not address the additional arguments advanced by Defendants to dismiss contract claims asserted by DeLoss or against LG. Mot. at pp. 6-7.

**C.    Plaintiffs state valid claims for violations of the New Jersey Consumer Fraud Act (the "NJCFA").**

The NJCFA arguments have similarly been rejected by this Court and should be ignored. Defendants argue, again, that the alleged mechanisms to quantify the ascertainable loss that Plaintiffs suffered are insufficient and that any televisions purchased during the week of Black Friday (*e.g.*, at a "steep discount") make them unable to demonstrate any ascertainable loss. Mot. at pp. 8-9. Plaintiffs incorporate by reference their prior briefing and this Court's order denying these arguments outright, which apply with equal force to the claims of Plaintiffs Mannacio and Poppen. *Hudock*, Pls.' LG Opp'n [D.E. 37], at pp. 29-34; *Hudock*, Pls.' Opp'n [D.E. 80], at pp. 8-17; *Villa Lara*, Pl.'s Opp'n, at pp. 15-19. *See also*, *Villa Lara*, No. 17-5222, 2018 WL 3748177, at *4 (D. Minn. Aug. 7, 2018) ("The Court resolved the ascertainable-loss issue against Defendants in its order in the *Hudock* case, No. 16-1220, 2018 WL 626527, at *2-4 (D. Minn. Jan. 30, 2018), and Defendants largely repeat their unavailing arguments here.").

**D.    Plaintiffs' claims are timely.**

Defendants challenge Poppen's, Villa Lara's, and the Hudocks' ability to bring claims under California's Consumer Legal Remedies Act (the "CLRA"), California's Unfair Competition law (the "UCL"), and/or the Illinois Consumer Fraud Act (the "ICFA"). Because this Court has already rejected the argument that Villa Lara's CLRA claims are not time-barred, Plaintiffs incorporate by reference prior briefing regarding the same and do not detail those arguments here. *Villa Lara*, Pl.'s Opp'n, at pp. 20-24. As this Court stated:

Here, the *Hudock* action sufficiently put LG and Best Buy on notice of the substance and nature of Villa Lara's CLRA claim. As Defendants admit, Villa Lara's complaint 'is a nearly identical complaint, filed by the identical counsel, and relating to an identical model of LG LED TV to the one allegedly purchased by Benjamin and Breann Hudock.' Because California's version of *American Pipe* tolling applies here, the Court will not dismiss Villa Lara's CLRA claim as time barred.

*Villa Lara*, 2018 WL 3748177, at *5 (internal citation omitted).

Defendants are equally incorrect that the Hudocks' and Poppen's claims under the CLRA, UCL, or ICFA, and Villa Lara's claims under the ICFA, are time-barred. Defendants ignore the Complaint. The California and Illinois consumer fraud theories are expressly pled in the alternative to Minnesota and New Jersey consumer fraud theories pending this Court's determination of which state law applies to Plaintiffs' claims (*see*, CAC ¶¶ 162, 172, 181); Defendants are essentially asking for reconsideration on the "standing" issues this Court has already deemed premature at this stage of the litigation. *See*, § I, *supra*.

Moreover, the only Plaintiffs for which this alternative pleading could be relevant are Mr. Poppen under Illinois law (purchased at Best Buy in Illinois,[4] *cf.* CAC ¶¶ 8, 88), and Villa Lara under California law (purchased at Best Buy in California, *cf.* CAC ¶¶ 7, 74). Although Plaintiffs allege that Minnesota law should apply to all Plaintiffs' consumer protection claims against Best Buy and New Jersey law should apply to all Plaintiffs' consumer protection claims against LG, the Hudocks could not assert that California or Illinois law applies to their claims; Poppen could not assert that California

---

[4] The discrepancy noted by Defendants with regards to Mr. Poppen's purchase of the 55LN5100, CAC ¶¶ 101, 107, will be the subject of discovery and resolved at his upcoming deposition. Mot. at p. 2, n.3.

law applies to his claims; and Villa Lara could not assert that Illinois law applies to his claims. Because the Court has already determined that Villa Lara's alternative California law theory is not time barred, the only relevant statute of limitations argument here pertains to Mr. Poppen's alternative Illinois law theory.

As this Court already noted with regards to Villa Lara's complaint, the initial *Hudock* filing protects similar claims under state laws that recognize *American Pipe* tolling. *Villa Lara*, 2018 WL 3748177, at *5. Like California, Illinois also recognizes *American Pipe* tolling. *See*, *Steinberg v. Chi. Med. Sch.*, 371 N.E.2d 634, 710 (Ill. 1977) ("The commencement of the class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit continued as a class action.") (adopting *Am. Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974)).

As of the service of the *Hudock* Complaint on Defendants, Defendants were on notice of the substantially similar claims against them arising out of their conduct with respect to their representations regarding the refresh rates of certain televisions. *See*, *Villa Lara*, 2018 WL 3748177, at *5 ("the *Hudock* action sufficiently put LG and Best Buy on notice of the substance and nature of Villa Lara's CLRA claim."). Defendants have not been prejudiced in gathering evidence or in defending any alternative state legal theory because they are substantively similar to the original 2016 claims. Accordingly, Plaintiffs' claims were tolled on the filing of the *Hudock* action on May 9, 2016. Thus, the shortest potentially applicable statute of limitation, three years under the CLRA or

ICFA, would potentially serve to bar claims related to television purchases prior to May 9, 2013.

Mr. Poppen purchased his television just prior to the tolling period, in April 2013. However, he has pled more than sufficient facts to invoke application of the delayed discovery rule or fraudulent concealment. Poppen began to notice issues with picture quality months after purchasing the television (CAC ¶ 95), and contacted Best Buy to rectify the problem. Best Buy represented it cured the problem by replacing a display panel component (CAC ¶ 96), and it was not until November 2014 that Best Buy replaced the television under warranty with the same model. Implicit in this conduct is Defendants' obfuscation of the real problem—the misrepresented, and lower, refresh rate—which prevented Poppen from discovering the true nature of the defect.

Despite Mr. Poppen repeatedly raising issues related to picture quality, Best Buy remained silent about the fact that his television's panel had half the refresh rate that Defendants represented it had. This is a textbook case for invoking the delayed discovery rule or fraudulent concealment. *See, e.g.*, *Cohen v. Appert*, 463 N.W.2d 787, 790-91 (Minn. Ct. App. 1990) (citing *Toombs v. Daniels*, 361 N.W.2d 801, 809 (Minn. 1985)); *Curtis v. Altria Grp., Inc.*, 792 N.W.2d 836, 860-62 (Minn. Ct. App. 2010), *rev'd on other grounds*, 813 N.W.2d 891 (Minn. 2012); *Gredell v. Wyeth Labs., Inc.*, 803 N.E.2d 541 (Ill. App. Ct. 2004) (citing *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1136-39 (Ill. 1995)). Plaintiffs' claims are thus not time-barred on the face of the pleadings and Defendants' motion to dismiss their claims should be denied.

**E.  Defendants' additional challenges to the Consolidated Amended Complaint are conclusory and without merit.**

Plaintiffs incorporate by reference prior briefing in response to Defendants' failed arguments and oppose all remaining alleged bases for dismissal as stated therein: (1) that Villa Lara lacks the requisite "injury-in-fact" and "personal interest" under the UCL[5] and that he is not a "consumer" under the CLRA;[6] (2) that the Minnesota Prevention of Consumer Fraud Act and Unlawful Trade Practices Act fail to allege a public benefit;[7] (3) that Plaintiffs have not properly requested or could not properly request injunctive relief under the MDTPA;[8] (4) that unjust enrichment is unavailable;[9] (5) that the warranty clams fail;[10] and (6) that Villa Lara's breach of contract claim fails for lack of a contract with Best Buy.[11] Defendants' motion to dismiss on these bases should also be denied.

**CONCLUSION**

Based on the foregoing points and authorities, Plaintiffs respectfully request that the Court DENY Defendants' motion to dismiss in its entirety.

---

[5] *See, Villa Lara*, Pl.'s Opp'n, at pp. 6-11. This argument was rejected by this Court. *Villa Lara*, 2018 WL 3748177, at *3.

[6] *See, Villa Lara*, Pl.'s Opp'n, at pp. 24-26. This argument was rejected by this Court. *Villa Lara*, 2018 WL 3748177, at *5.

[7] *See, Hudock*, Pls.' LG Opp'n [D.E. 37], at pp. 21-23. These arguments were rejected by this Court. *Hudock*, 2017 WL 1157098, at *5-6.

[8] *See, Hudock*, Pls.' LG Opp'n [D.E. 37], at pp. 23-29. This argument was rejected by this Court. *Hudock*, 2017 WL 1157098, at *5-6.

[9] *See, Hudock*, Pls.' LG Opp'n [D.E. 37], at pp. 39-42. This argument was rejected by this Court. *Hudock*, 2017 WL 1157098, at *8.

[10] *See, Villa Lara*, Pl.'s Opp'n, at pp. 27-40; *Hudock*, Pls.' LG Opp'n [D.E. 37], at pp. 42-48; *Hudock*, Pls.' BB Opp'n [D.E. 39], at pp. 14-20. These arguments were rejected by this Court. *Hudock*, 2017 WL 1157098, at *8-9; *Villa Lara*, 2018 WL 3748177, at *6-7.

[11] *See, Villa Lara*, Pls.' Opp'n, at p. 40. This argument was rejected by this Court. *Villa Lara*, 2018 WL 3748177, at *6-7.

Respectfully submitted,

Dated:   March 14, 2019          */s/ Alyssa J. Leary*
                                David M. Cialkowski (MN #0306526)
                                Alyssa J. Leary (MN #0397552)
                                **ZIMMERMAN REED LLP**
                                1100 IDS Center, 80 S. 8th St.
                                Minneapolis, MN 55402
                                Telephone: (612) 341-0400
                                david.cialkowski@zimmreed.com
                                alyssa.leary@zimmreed.com

                                Hart L. Robinovitch (MN #240515)
                                ***ZIMMERMAN REED LLP***
                                14646 N. Kierland Blvd.
                                Suite 145
                                Scottsdale, AZ 85254
                                Telephone: (480) 348-6415
                                hart.robinovitch@zimmreed.com

                                Daniel C. Hedlund (MN #258337)
                                Raina C. Borrelli (MN #392127)
                                Brittany N. Resch (MN #0397656)
                                **GUSTAFSON GLUEK PLLC**
                                Canadian Pacific Plaza
                                120 South Sixth Street, Suite 2600
                                Minneapolis, MN 55402
                                Telephone: (612) 333-8844
                                dhedlund@gustafsongluek.com
                                rborrelli@gustafsongluek.com
                                bresch@gustafsongluek.com

                                Luke P. Hudock (*admitted pro hac vice*)
                                **HUDOCK LAW GROUP, S.C.**
                                P.O. Box 83
                                Muskego, WI 53150
                                Telephone: (414) 526-4906
                                lphudock@law-hlg.com

                                Samuel J. Strauss (*admitted pro hac vice)*
                                **TURKE & STRAUSS LLP**
                                613 Williamson Street

Suite 201
Madison, WI 53703
Telephone: (608) 237-1774
sam@turkestrauss.com

***Counsel for Plaintiffs***