UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HUDOCK et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC. et al.,<br><br>　　　　　　　　Defendants. | Lead Case No. 0:16-cv-01220-JRT-KMM<br><br>**REPLY IN SUPPORT OF DEFENDANTS LG ELECTRONICS U.S.A., INC., BEST BUY CO., INC., BEST BUY STORES, L.P., and BESTBUY.COM, LLC'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

## INTRODUCTION

The Consolidated Complaint should be dismissed. Plaintiffs concede in their Opposition to Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("Opposition") that they are not asserting many of the claims currently reflected in the Consolidated Complaint as being made by all Plaintiffs. The Court should dismiss these causes of action, to the extent they are improperly alleged in the Consolidated Complaint. Plaintiffs also continue to seek relief pursuant to the MDTPA that this Court has already determined they are not entitled to. And Poppen's ICFA claim should be dismissed as well. The claim is time-barred and cannot be salvaged through application of the delayed discovery rule, the doctrine of fraudulent concealment, or *American Pipe* tolling.

For these reasons, and the arguments previously raised in Defendants' prior motions to dismiss, Plaintiffs' claims should be denied.

# ARGUMENT

## I. THE COURT SHOULD REAFFIRM ITS PREVIOUS RULINGS DIMISSING PLAINTIFFS' MDTPA CLAIM (COUNT II) TO THE EXTENT IT SEEKS A REMEDY BEYOND INJUNCTIVE RELIEF.

Plaintiffs again argue that redress under the MDTPA is not limited to injunctive relief and that, among other things, "the legislative history and principles of statutory construction support recovery of damages." (Plfs. Opp. Mot. Dismiss 3, ECF No. 156 ("Opp.").) In doing so, however, they cite no new authority or case law that contradicts the Court's previous rulings on this issue in Defendants' favor. The Court has already found twice before that "the sole remedy for violations of the [MDTPA] is injunctive relief." Minn. Stat. § 325D.43, *et seq.*; (Mem. Op. Order on Defs. Mots. Dismiss 16, ECF No. 51; Mem. Op. Order on Defs. Mot. Dismiss 9, *Villa Lara v. LG Electronics USA, Inc. et al.*, Case No. 0:17-cv-05222-JRT-KMM, 2018 WL 3748177 (D. Minn. Aug. 7, 2018), ECF No. 59 ("Villa Lara Order")). And it should affirm this previous holding, now for a third time.

## II. PLAINTIFFS CONCEDE THAT THEIR BREACH OF CONTRACT CLAIMS SHOULD BE DISMISSED TO THE EXTENT THEY ARE ALLEGED BY DELOSS OR ASSERTED AGAINST LG.

Count X (Breach of Contract) of the Consolidated Complaint includes allegations that the cause of action is asserted by all "Plaintiffs," including DeLoss, and that it is alleged against all "Defendants," including LG. (*See* Consolidated Complaint ¶¶ 209-13, ("Compl.").) In Opposition, Plaintiffs clarify that "DeLoss has not asserted any claims for breach of contract, and the remaining Plaintiffs have only asserted this claim against Best Buy." (Opp. 4.)

2

Accordingly, the Court should issue an order memorializing Plaintiffs' concession and dismissing Count X to the extent it is: (1) alleged by DeLoss; or (2) asserted against LG.

### III. PLAINTIFFS CONCEDE THAT THEY CANNOT MAINTAIN CLAIMS, TO THE EXTENT THEY ARE ALLEGED BY CERTAIN PLAINTIFFS, UNDER THE CLRA, UCL, AND/OR ICFA (COUNTS V, VI, & VII).

The Consolidated Complaint also alleges that *all* "Plaintiffs" assert claims under the CLRA (Count V), UCL (Count VI), and ICFA (Count VII).  (*See* Compl. ¶¶ 161-70 (alleging, among other things, that "*Plaintiffs* and members of the Class and Subclass have suffered an actual loss by paying more than they would have otherwise paid," and "*Plaintiffs* seek damages in addition to his [sic] claims for injunctive and other equitable relief under Cal. Civ. Code § 1780") (emphasis added), 171-79 (alleging, among other things, that "*Plaintiffs* and the Class and Subclass are consumers, purchasers, or other person [sic] entitled to the protection of the UCL" and "*Plaintiffs* and the Class and subclass are entitled to injunctive and declaratory relief . . . pursuant to Cal. Code Civ. P. § 1021.5, *inter alia*") (emphasis added), 180-90 (alleging, among other things, that "*Plaintiffs* and members of the Class and Subclass are entitled to actual damages, compensatory damages, penalties, and attorneys' fees and costs as set forth in Section 10a of the CFA") (emphasis added).)  In addition, these counts do not contain language identifying the names of the specific Plaintiffs that are asserting each cause of action.  *Compare* (Compl. ¶¶ 209-13), *with* (Compl. ¶¶ 161-90).

Now, in opposition to Defendants' motion to dismiss the Consolidated Complaint, Plaintiffs concede that they cannot assert the following claims: (1) CLRA or UCL claims,

3

to the extent they are alleged on behalf of the Hudocks and Poppen, and (2) ICFA claims to the extent they are alleged on behalf of the Hudocks and Villa Lara. (Opp. 6-7 ("[T]he Hudocks could not assert that California or Illinois law applies to their claims; Poppen could not assert that California law applies to his claims; and Villa Lara could not assert that Illinois law applies to his claims.").) Defendants agree. And the same reasoning should also apply to the CLRA or UCL claims, to the extent they are alleged by DeLoss and any ICFA claim, to the extent it is alleged by Mannacio.

Accordingly, the Court should dismiss the following claims:

- Count V (CLRA), to the extent it is alleged by the Hudocks, Poppen and DeLoss.

- Count VI (UCL), to the extent it is alleged by the Hudocks, Poppen and DeLoss.

- Count VII (ICFA), to the extent it is alleged by the Hudocks, Villa Lara and Mannacio.

## IV. POPPEN'S ICFA CLAIM SHOULD BE DISMISSED AS TIME-BARRED.

Plaintiffs acknowledge that the incidents that gave rise to Poppen's ICFA claim occurred in April and November 2013, well over three years prior to the Consolidated Complaint being filed. (Opp. 8); (Compl. ¶¶ 94, 101). Despite this, they argue that: (1) Poppen's ICFA claim is timely pursuant to the delayed discovery rule and the doctrine of fraudulent concealment; and (2) under Illinois law, *American Pipe* tolling applies to Poppen's Illinois claims. (Opp. 7-8.) Neither argument is correct, however.

### A.     Poppen Failed to Allege Facts Supporting the Delayed Discovery Rule or Fraudulent Concealment.

#### i.     *Delayed Discovery*

The delayed discovery rule does not save Poppen's time-barred ICFA claim from dismissal. The Rule applies where a plaintiff could not, despite their best efforts, discover the defendant's alleged wrongdoing. *Tartan Constr., LLC v. New Equip. Servs. Corp.*, No. 17-CV-5950, 2018 WL 4563079, at *4 (N.D. Ill. Sept. 24, 2018). It does *not* protect plaintiffs who — through diligence — could have discovered their claim. *Id.* ("[T]he discovery rule does not permit plaintiffs to 'wait comfortably until advised by a lawyer that he or she can sue.'") (quoting *Kremers v. Coca-Cola Co.*, 712 F.Supp.2d 759, 764 (S.D. Ill. 2010)).

Plaintiffs allege no facts that suggest Poppen was unable to make earlier discovery of his ICFA claim despite reasonable diligence. To the contrary, the Consolidated Complaint confirms that Poppen should have, and could have, discovered this cause of action within the applicable statute of limitations. Among other things, the Consolidated Complaint alleges that: (1) "Poppen understands that a higher refresh rate television would provide a better, clearer image of moving objects on the screen" (Compl. ¶ 90), and (2) that by simply watching his television, Poppen "noticed the performance of the television was not as expected for a 120Hz refresh rate television—images were not as clear and fast-moving objects would noticeably skip across the screen." (Compl. ¶ 95). The Court has previously held that similar allegations, then alleged by Villa Lara, were not sufficient to toll the statute of limitations for his CLRA claim. (Villa Lara Order 11

("The delayed[ ]discovery rule will not allow Villa Lara to maintain his CLRA claim because [he] has not sufficiently pled the necessary facts. . . . There are no facts that suggest that Villa Lara was unable to make earlier discovery of his television's 60Hz refresh rate despite reasonable diligence.").) The Court should reach the same holding here with respect to Poppen's ICFA claim. *See Tartan Constr., LLC*, 2018 WL 4563079, at *4.

### ii. *Fraudulent Concealment*

Nor has Poppen sufficiently alleged fraudulent concealment. To plead fraudulent concealment, a plaintiff must allege that the defendant made "affirmative acts or representations which were calculated to prevent and did in fact prevent the discovery of the cause of action." *Landry v. Keene Corp.*, 811 F.Supp. 367, 372 (N.D. Ill. 1993) (citing 735 ILCS 5/13-215). Allegations of "*mere silence* by [a] defendant and failure by plaintiffs to discover the action are insufficient." *Landry*, 811 F.Supp. at 372 (emphasis added).

The Consolidated Complaint contains no allegations indicating that Defendants engaged in any conduct that prevented Poppen from discovering his ICFA claim. At best, the Consolidated Complaint alleges that "[d]espite [Poppen] repeatedly raising issues related to picture quality, Best Buy *remained silent* about the fact that his television's panel had half the refresh rate that Defendants represented it had." (Opp. 8 (emphasis added).) These allegations — which merely restate the conduct that allegedly "form[s] the basis of the underlying cause of action" — are insufficient to allege fraudulent concealment. *Gredell v. Wyeth Labs., Inc.*, 346 Ill.App.3d 51, 60-61 (Ill. App.

Ct. 2004) (citations omitted); *see Tartan Constr., LLC*, 2018 WL 4563079, at *3.

The case law cited by Plaintiffs in their opposition does not support a different result. The *Gredell* decision supports Defendants' argument. *Id.* (holding that plaintiff failed to demonstrate that defendants engaged in fraudulent concealment warranting tolling of statute of limitations). And the *Cohen v. Appert*, 463 N.W.2d 787 (Minn. Ct. App. 1990), and *Curtis v. Altria Grp., Inc.*, 792 N.W.2d 836 (Minn. Ct. App. 2010), *rev'd on other grounds*, 813 N.W.2d 891 (Minn. 2012), cases are factually inapposite. *See Cohen*, 463 N.W.2d at 790-91 (finding fraudulent concealment where defendant, the plaintiff's fiduciary and former attorney, was alleged to have colluded with insurance adjuster to induce plaintiff to accept "unreasonably low" settlement offer and forego filing action); *Curtis*, 792 N.W.2d at 861 (finding fraudulent concealment where the "record [was] bursting with government documents, scientific studies, surveys, newspaper reports, 'confidential' memos, affidavits, depositions, and other evidence" confirming defendants intentionally concealed information).

**B.     *American Pipe* Tolling Does Not Apply to Poppen's ICFA Claim.**

Plaintiffs cannot rely on *American Pipe* tolling to save Poppen's late-filed ICFA claim. (*See* Opp. 7 ("Like California, Illinois also recognizes *American Pipe* tolling.").) First, to the extent Poppen's claim is based on his purchase of the 55LA6200 television in April 2013 (Compl. ¶ 94), this event occurred more than three years before the Hudocks filed their initial class action complaint on May 9, 2016 and therefore the claim as to this television model is time-barred even if *American Pipe* tolling applied (it does not). Plaintiffs concede this point in their opposition. (*See* Opp. 7-8 ("Thus, the shortest

7

potentially applicable statute of limitation, three years under the . . . ICFA, would potentially serve to bar claims related to television purchases prior to May 9, 2013. [Poppen] purchased his television just prior to the tolling period, in April 2013.").)

Second, even assuming Poppen's ICFA claim accrued on a later date or is based on his acquisition of an LG television in November 2013 (Compl. ¶ 101), *American Pipe* does not render his claim timely. Unlike California, Illinois has recognized *American Pipe* tolling only in limited circumstances and has rejected the concept of "cross-jurisdictional tolling." *Portwood v. Ford Motor Co.*, 292 Ill.App.3d 478, 483-84 (Ill. App. Ct. 1997). "A class action filed in a foreign judicial system does not operate to toll the duly enacted limitations period in Illinois." *Portwood*, 292 Ill.App.3d at 483. Thus, the Hudocks' action, which was commenced in the District of Minnesota, cannot toll the statute of limitations for Poppen's Illinois claim. Accordingly, Poppen's ICFA claim should be dismissed as time-barred.[1]

## V. THE COURT SHOULD REJECT PLAINTIFFS' REMAINING ARGUMENTS.

As noted in Defendants' opening Memorandum of Law, Plaintiffs' claims fail for numerous additional reasons, which the parties have previously briefed in prior motions to dismiss. (*See* Mem. Sup. Mot. Dismiss 1 n.2, 9 n.6, 10-12, 10 n.7, ECF No. 153.)

---

[1] In their Opposition, Plaintiffs also impliedly argue that the statute of limitations cannot bar Poppen's ICFA claim because it is "pled in the alternative to Minnesota and New Jersey consumer fraud theories . . . ." (Opp. 6.) But Plaintiffs offer no citation or legal support for this argument that pleading in the alternative is some defense to the statute of limitations. Accordingly, to the extent Plaintiffs assert this argument, it too should be rejected by the Court.

Defendants re-assert those arguments again in reply as to the Consolidated Plaintiffs, and Poppen and Mannacio, and incorporate by reference their prior motions to dismiss which address these arguments. (*See id.* 1 n.2, 9 n.6, 10-12, 10 n.7).

In addition, Defendants re-assert in reply the following arguments which are set forth in their opening Memorandum of Law:

- Plaintiffs claims should be dismissed pursuant to Rule 12(b)(1) for lack of standing. (Mem. 3-5.)

- Plaintiffs' cannot maintain their NJCFA claims as they have not pled an ascertainable loss. (Mem. 8-9.)

For the reasons discussed in Defendants' opening Memorandum of Law, and their prior motions to dismiss addressing these issues (which are incorporated by reference), the Court should dismiss Plaintiffs' claims.

## **CONCLUSION**

For the reasons set forth herein, and in Defendants' opening Memorandum of Law, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint, and award all other and further relief deemed appropriate.

Dated: March 28, 2019

**HOGAN LOVELLS US LLP**

/s/   *Phoebe A. Wilkinson*
Phoebe A. Wilkinson*
875 Third Avenue
New York, NY 10022
T. (212) 918-3000
F. (212) 918-3100
phoebe.wilkinson@hoganlovells.com

Peter H. Walsh (MN No. 388672)
Alicia J. Paller (MN No. 0397780)
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com
alicia.paller@hoganlovells.com

Robert B. Wolinsky*
555 Thirteenth Street NW
Washington, DC 20004
T. (202) 637-5600
F. (202) 637-5910
robert.wolinsky@hoganlovells.com

*pro hac vice*

*Counsel for Defendants LG Electronics USA, Inc., Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC*