# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

BREANN HUDOCK, IVAN VILLA
LARA, EUGENE MANNACIO, and
BRIAN FLEISHMAN,

*individually and on behalf of all others
similarly situated,*

Plaintiffs,

v.

LG ELECTRONICS U.S.A., INC., BEST
BUY CO., INC., BEST BUY STORES,
L.P., and BESTBUY.COM, LLC,

Defendants.

Civil No. 16-1220 (JRT/KMM)

**ORDER ON DEFENDANTS'
MOTION TO DISMISS
CONSOLIDATED CLASS
ACTION COMPLAINT**

---

Alyssa J. Leary and David M. Cialkowski, **ZIMMERMAN REED LLP**, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Hart L. Robinovitch, **ZIMMERMAN REED LLP**, 14646 North Kierland Boulevard, Suite 145, Scottsdale, AZ 85254; Daniel C. Hedlund, Raina C. Borrelli, and Brittany N. Resch, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; and Luke P. Hudock, **HUDOCK LAW GROUP, S.C.**, P.O. Box 83, Muskego, WI 53150; and Samuel J. Strauss, **TURKE & STRAUSS LLP**, 613 Williamson Street, Suite 201, Madison, WI 53703, for plaintiffs.

Phoebe A. Wilkinson, **HOGAN LOVELLS US LLP**, 875 Third Avenue, New York, NY 10022; Alicia J. Paller and Peter H. Walsh, **HOGAN LOVELLS US LLP**, 80 South Eighth Street, Suite 1225, Minneapolis, MN 55402; and Robert B. Wolinsky, **HOGAN LOVELLS US LLP**, 555 Thirteenth Street NW, Washington, DC 20004, for defendants.

This case arises from Plaintiffs' purchases of LG-brand televisions advertised to have higher refresh rates than they actually did. The present case is a consolidation of two

purported class action cases: the Hudock Case (Civil No. 16-1220) and the Villa Lara Case (Civil No. 17-5222). Plaintiffs filed these purported class actions against LG Electronics U.S.A., Inc. ("LG") and Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC (collectively "Best Buy").

The Court has before it Defendants' fourth motion to dismiss filed in these two cases (the "Motion"). The Motion consists mainly of arguments that the Court ruled on in deciding the earlier motions to dismiss. Consistent with the Court's prior opinions, the Court will grant the Motion in part and deny it in part.

## BACKGROUND

### I. THE HUDOCK CASE

The Court described the relevant factual background of the Hudock Case in its March 2017 Order. *See Hudock v. LG Elecs. U.S.A., Inc.* ("*Hudock I*"), No. CV 16-1220 (JRT/FLN), 2017 WL 1157098, at *1 (D. Minn. Mar. 27, 2017). In sum, Breann and Benjamin Hudock (Wisconsin residents) alleged that they purchased an LG television advertised to have a refresh rate of 120Hz when its actual refresh rate was 60Hz. *Id.*

On May 9, 2016, the Hudocks filed a purported class action against LG and Best Buy. *Id.* They alleged eight claims: (1) violation of Minnesota's Consumer Fraud Act ("MCFA"), Minn. Stat. § 325F.68, et seq.; (2) violation of Minnesota's Uniform Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.43, et seq.; (3) violation of Minnesota's Unlawful Trade Practices Act ("MUTPA"), Minn. Stat. § 325D.13; (4) violation of New Jersey's Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 54:8-1, et

seq.; (5) unjust enrichment; (6) breach of express warranty; (7) breach of implied warranty; and (8) breach of contract. *Id*.

Defendants moved to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6). *Id*. The Court dismissed the breach of contract claim against LG with prejudice. *Id.* at *10. It also found that Plaintiffs were limited to injunctive relief under the MDTPA. *Id.* at * 7. Finally, the Court dismissed the NJCFA claim without prejudice. *Id.*

The Hudocks—attempting to cure the NJCFA deficiencies—filed an amended complaint and added a new plaintiff, Gerold DeLoss. *Hudock v. LG Elecs. U.S.A., Inc.* ("*Hudock II*"), No. CV 16-1220 (JRT/FLN), 2018 WL 626527, at *1-*2 (D. Minn. Jan. 30, 2018). Defendants brought a renewed motion to dismiss the amended complaint, which the Court ultimately denied. *Id.*

## II.   THE VILLA LARA CASE

The Court described the relevant factual background of the Villa Lara Case in its August 2018 Order. *Villa Lara v. LG Elecs. U.S.A., Inc.*, No. CV 17-5222 (JRT/KMM), 2018 WL 3748177, at *1 (D. Minn. Aug. 7, 2018). In sum, Villa Lara (a California resident) purchased an LG television advertised as having a 120Hz refresh rate when its actual refresh rate was 60Hz. *Id.*

Villa Lara filed a putative class action, asserting ten claims: (1) violation of the MCFA; (2) violation of the MDTPA; (3) violation of the MUTPA; (4) violation of the NJCFA; (5) violation of the California Legal Remedies Act ("CLRA"); (6) violation of the

California Unfair Competition Law ("CUCL"); (7) breach of express warranty; (8) breach of implied warranty; (9) breach of contract; and (10) unjust enrichment. *Id.*

Defendants moved to dismiss. *Id.* at *2. The Court granted the motion as to Villa Lara's fraud-based claims and as to the MDTPA claim except to the extent it sought injunctive relief. *Id.* at *7.

### III. THE CONSOLIDATED CASE

In February of this year, Plaintiffs filed a Consolidated Class Action Complaint, which consolidated the Hudock Case and the Villa Lara Case. (Consolidated Compl., Feb. 7, 2019, Docket No. 148.) The Consolidated Complaint also added two class representatives: Scott Poppen (an Illinois resident) and Eugene Mannacio (a California resident), and new claims under the Illinois Consumer Fraud Act ("ICFA"), 815 Ill. Comp. Stat. 505/1. (*Id*. ¶¶ 8, 12, 180-190.)

Defendants' present motion seeks to dismiss all claims by Poppen and Mannacio, as well as new ICFA claims, for lack of standing and failure to state a claim. (Defs.' Mem. Supp. at 1, Feb. 28, 2019, Docket No. 153.) Defendants also note that they "are compelled to renew their prior arguments for dismissal . . . to preserve their appellate rights" given Plaintiffs have since filed a single consolidated complaint; however, they clarify that they are not seeking reconsideration of the Court's prior rulings on their motions to dismiss. (*Id.* at n.2.)

### A. 2d Consolidated Complaint

After the briefing was complete on the present Motion to Dismiss, Plaintiffs filed their Amended Consolidated Class Action Complaint ("2d Consolidated Complaint"). (2d Consolidated Compl., May 1, 2019, Docket No. 175.) According to the parties, the 2d Consolidated Complaint did not materially change the arguments at issue in this Motion; it merely added two proposed class representatives (Piakanae Carpenter and Brian Fleishman), whose claims are not at issue in the Motion to Dismiss. (*See* Stip., Apr. 30, 2019, Docket No. 163.)

### B. Dismissal of Several Plaintiffs

After Defendants filed the Motion and the 2d Consolidated Complaint, the Court dismissed plaintiffs Benjamin Hudock, Gerald DeLoss, Scott Poppen, and Piakanae Carpenter pursuant to the parties' stipulations. (*See* Order, May 10, 2019, Docket No. 176; Order, May 10, 2019, Docket No. 177; Order, May 10, 2019, Docket No. 178; Order, May 31, 2019, Docket No. 198.)

### C. Claims by Eugene Mannacio

Around February 2016, Mannacio purchased a television manufactured by LG at a Best Buy in California. (2d Consolidated Compl. ¶ 123.) "[I]mage quality and refresh rate were important qualities" to him in selecting a television, and he reviewed different models for their advertised refresh rates and image qualities. (*Id.* ¶ 124.) The refresh rate of the television Mannacio purchased was advertised online and in store as 240Hz. (*Id.* ¶ 125.) He purchased the television relying on this representation but later learned that the refresh

rate was 120Hz. (*Id.* ¶¶ 125-26.) Had Mannacio known that the television did not have the advertised refresh rate, he either would not have purchased it or would not have been willing to pay as much as he did. (*Id.* ¶ 127.) Plaintiffs claim that the television Mannacio purchased was worth 15-20% less than the 240Hz version he thought he was buying. (*Id.*)

## IV. FURTHER PROCEDURAL CONSIDERATIONS

The day before the Court's scheduled hearing on the Motion, Defendants filed a letter with the Court to inform the Court that the parties agreed that the Motion could be decided on the parties' written submissions. (Letter at 1, May 16, 2019, Docket No. 184.) The Letter also clarified that numerous arguments originally presented were moot and stated that the only remaining issues for the Court to resolve consisted of "arguments that the Court ha[d] ruled on previously in deciding prior motions to dismiss." (*Id.* at 2.)

## DISCUSSION

### I. STANDING

Defendants renew their prior arguments regarding standing and make them for the first time as to Mannacio and all new claims brought by the remaining Plaintiffs. The Court previously held that it would "exercise its discretion to defer consideration of the standing issues until after class certification" because "class certification is 'logically antecedent' to the standing issues raised by Defendants." *Hudock I*, 2017 WL 1157098, at *2. The Court stated that it "can determine during the class certification process whether Plaintiffs can bring claims under the laws of states in which no currently-named plaintiff resides or whether Plaintiffs' injuries are sufficiently similar to those of the proposed class to permit

claims for a broader range of LG products." *Id.* Because Defendants offer no new grounds to dispute Plaintiffs' standing and the Court has already ruled on the issue, the Court will deny Defendants' Motion to dismiss on standing grounds.

## II. FAILURE TO STATE A CLAIM

Defendants also seek to dismiss the 2d Consolidated Complaint under Rule 12(b)(6) as implausible, arguing that the complaint includes only labels and conclusions and is insufficient to withstand Rule 12(b)(6) pleading requirements.

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, the Court views a complaint in "the light most favorable to the nonmoving party." *Longaker v. Boston Sci. Corp.*, 872 F. Supp. 2d 816, 819 (D. Minn. 2012). The Court considers all facts alleged in the complaint as true to determine whether the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility[,]'" and therefore must be dismissed. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550

U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Therefore, to survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B.  MDTPA Claim

Defendants again argue that Plaintiffs' MDTPA claim should be dismissed to the extent that it seeks a remedy beyond injunctive relief. The Court previously held as much in both the Hudock Case and the Villa Lara Case . *Hudock I*, 2017 WL 1157098, at *7; *Villa Lara*, 2018 WL 3748177, at *7. Plaintiffs present no new arguments on this issue. Consistent with its prior orders, the Court will grant Defendants' Motion as to this issue.

### C.  Breach of Contract Claim

#### 1.  Against LG

Defendants argue, and Plaintiffs agree, that no breach of contract claim can be made against LG because they did not make an offer for sale. The Court will thus grant the Motion as to this issue.

#### 2.  Plaintiffs Mannacio and Breann Hudock

Defendants argue that Mannacio and Breann Hudock have failed to allege an offer made by Best Buy, as required to form a contract. Plaintiffs acknowledge that the "Breach of Contract" section of the 2d Consolidated Complaint only states that Best Buy "offered to sell **Villa Lara** a '120Hz' television." (2d Consolidated Compl. ¶ 238 (emphasis added).) But Plaintiffs also realleged all foregoing paragraphs in the 2d Consolidated

Complaint, which include an allegation that Breann Hudock viewed advertisements and specifications of the television she purchased on Best Buy's website and that Mannacio reviewed specifications of the television he purchased both in store and online. (*Id*. ¶¶ 114, 125.) Reading the Complaint as a whole, Mannacio and Breann Hudock have sufficiently alleged an offer. Thus, the Court will deny Defendants' Motion as to this issue.

### D. NJCFA Claims

Defendants argue that Plaintiffs' NJCFA claims should be dismissed because Plaintiffs have not pled ascertainable loss. They argue that there are three problems with Plaintiffs' allegations: (1) Plaintiffs' allegations of loss of 15-20% of the purchase price, or loss based on future expert testimony using hedonic regression analysis, conjoint analysis, or manufacturer cost data are insufficient; (2) Plaintiffs' replacement-cost theory fails because they do not provide price information about televisions with 120Hz or 60Hz refresh rates that are comparable to their LG televisions; and (3) Poppen, Villa Lara, and the Hudocks fail to plead ascertainable loss because they purchased their televisions at a steep discount.

The Court has already ruled on these arguments. *See Hudock II*, 2018 WL 626527, at *3-*4 (Plaintiffs "plausibly [pled] ascertainable loss using expert testimony and analysis."); *Villa Lara*, 2018 WL 3748177, at *4. Consistent with its prior rulings, the Court will deny Defendants' Motion as to the NJCFA claim.

### E. ICFA Claims

Because no Illinois plaintiffs remain, the Court will grant Defendants' Motion as to the ICFA Claim.

### F. Breann Hudock's California Claims

Plaintiffs agree with Defendants that, contrary to the language of the Complaint, Breann Hudock cannot assert California claims. As such, the Court will grant Defendants' Motion as to Hudock's CLRA and CUCL claims.

### G. Villa Lara's California Claims

Defendants argue that Villa Lara's claims arose when he bought the television in November 2013, more than five years before the Consolidated Complaint was filed on February 7, 2019. They argue that Villa Lara's California claims are thus time-barred.

The Court previously ruled that Villa Lara's CLRA claim was not time-barred because it was subject to equitable tolling under California law. *Villa Lara*, 2018 WL 3748177, at *4-5. Consistent with its prior opinion, the Court will deny Defendants' Motion as to Villa Lara's California claims.

### H. "Numerous Additional Reasons"

Defendants also re-assert all arguments that the Court rejected in considering their previous motions to dismiss in order to preserve their appellate rights. Consistent with its prior opinions, the Court will deny Defendants' Motion on these additional grounds.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint [Docket No. 151] is **GRANTED in part and DENIED in part as described herein;**

2. Plaintiffs' MDTPA claim is **DISMISSED** to the extent it seeks relief beyond injunctive relief;

3. Plaintiffs' breach of contract claim is **DISMISSED** as against LG;

4. Plaintiff Breann Hudock's CLRA and CUCL claims are **DISMISSED**; and

5. Plaintiffs' ICFA claims are **DISMISSED**.

DATED: July 17, 2019                         _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                         Chief Judge
                                          United States District Court