UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hudock et al.,

Plaintiff,

v.

LG Electronics U.S.A., Inc., et al.,

Defendants.

Case No. 0:16-cv-1220-JRT-KMM

**ORDER**

This document relates to:

All actions

      This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing. (ECF No. 367.) At issue are 136 documents filed under temporary seal in connection with the Plaintiffs' Motion for Class Certification. (ECF No. 223.) The parties agree that 7 documents should remain sealed and that another 43 should be unsealed. With respect to the remaining 86 documents, the defendants assert that their interests in maintaining confidentiality justify continued sealing, and the plaintiffs argue that the defendants have failed to meet their burden to justify nondislosure. Having reviewed the relevant documents and applying the legal standards articulated in *IDT Corp. v. eBay*, 709 F.3d 1220 (8th Cir. 2013), the Joint Motion is **GRANTED** as set forth below.

      Because the underlying motion is one for class certification and the contested issues there relate to Fed. R. Civ. P. 23's procedural requirements,[1] the documents at issue in the joint motion regarding continued sealing are not "judicial records." *Krueger v. Ameriprise Financial, Inc.*, Civ. No. 11-2781 (SRN/JSM), 2014 WL 12597948, at *9 n.8 (D. Minn. Oct. 14, 2014). Therefore, the "good cause" standard applies to the issue of sealing at this stage. *Id.* at *11 ("If

---

[1] The parties' legal arguments on the class-certification motion do not ask the District Court to exercise its Article III powers in adjudicating the merits of any claim that the defendants engaged in deceptive advertising. Pl.'s Class Certification Mem. at 41 ("The court should not resolve merits disputes at the class certification stage."), ECF No. 225. This case, like *Krueger*, is one where the "contested issues in plaintiffs' motion for class certification related … only tangentially to the underlying merits of plaintiffs' claims." 2014 WL 12597948, at *9 n.8 (citing *Rich v. Hewlett-Packard Co.*, No. C06-03361-JF, 2009 WL 2168688, at *1 (N.D. Cal. July 20, 2009).

the documents are not judicial records, the Court will order the documents to remain under seal because Ameriprise met its burden under Rule 26(c) to establish good cause to maintain the confidentiality of the documents."). Thus, the defendants must show, pursuant to Fed. R. Civ. P. 26(c), that continued sealing is needed to protect them from "annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c). The types of information the Court may choose to protect include "trade secrets or other confidential research, development, or commercial information…." *Id.* In light of the more lenient standard that the Court applies to the question at this stage, the Court finds that the defendants have satisfied their burden with respect to those docket entries about which the parties disagree.

However, based on the Court's review, a large number of the documents the defendants advocate sealing in this context are unlikely to meet the standard for continued sealing of "judicial records" if they should be relied upon in summary-judgment briefing or at trial. For example, there are numerous email chains that discuss the defendants' approach to marketing and advertising the refresh rates of high-definition televisions, which is a fundamental merits issue in this litigation. Should these emails be submitted later in connection with dispositive motions, the Court is not likely to find that the public's right of access to judicial records is outweighed by the defendants' interest in maintaining confidentiality. In other words, based on the showing provided by the defendants, the Court disagrees that they should remain sealed even if the documents were judicial records.

Accordingly, the Court enters the following **ORDER**.

1. The parties have agreed the documents at the following docket entries should be unsealed. Based on such agreement, **the Clerk is directed to unseal the documents at the following docket entries: 236, 237, 249, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 264, 267, 270, 271, 272, 273, 276, 279, 280, 299, 302, 303, 304, 309, 317, 317-1, 317-9, 317-17, 317-20, 317-22, 317-25, 317-26, 332, 340, 344, 346, 348, 349, 350, 351.**

2. The parties have agreed that the documents at the following docket entries should remain sealed, and the Court has reviewed these documents independently. Based on the parties' agreement and the Court's review, **the Clerk is directed to keep the documents at the following docket entries under seal: 307, 317-2, 325, 325-1, 327, 327-1, 332-1.**

3. The parties disagree about whether the documents at the following docket entries should remain under seal and the Court has reviewed these documents independently. Based on the Court's review, **the Clerk is directed to keep the documents at the following docket entries under seal: 225, 228, 229, 230, 231, 232, 233, 234, 235, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 250, 261, 262, 263, 265, 266, 268, 269, 274, 275, 277, 278, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 300, 301, 305, 306, 308, 315, 317-3, 317-4, 317-5, 317-6, 317-7, 317-8, 317-10, 317-11, 317-12, 317-13, 317-14, 317-15, 317-16, 317-18, 317-19, 317-21, 317-23, 317-24, 320, 320-1, 320-2, 320-3, 330, 330-1, 337, 341, 342, 343, 345, 347.**

4. In concluding that the documents listed in Paragraph 3 of this Order should remain sealed, the Court has specifically considered the proposed redactions submitted by the defendants in Exhibit 8 to the Declaration of Robert B. Wolinsky in Support of Defendant's Position in Joint Motion Regarding Continued Sealing. [ECF No. 369-4.] Within 21 days of this Order, the defendants shall publicly refile the documents incorporating the proposed redactions reflected in docket entry 369-4.

Date: January 2, 2020

                                                                *s/Katherine Menendez*
                                                                 Katherine Menendez
                                                                 United States Magistrate Judge