# EXHIBIT 7
# (FILED UNDER SEAL)

| | |
|---|---|
| **From:** | Wolinsky, Robert B. |
| **To:** | "Brittany Resch"; lphudock@law-hlg.com; Paller, Alicia; Behdad Sadeghi; David Cialkowski; Alyssa Leary; Dan Hedlund; Raina Borrelli |
| **Cc:** | Wilkinson, Phoebe A. |
| **Subject:** | RE: [Hudock et al. v. LG et al.] Search Terms |
| **Date:** | Thursday, October 11, 2018 9:20:50 PM |
| **Attachments:** | image001.jpg<br>image002.jpg |

Counsel,

I write to follow up on our telephone discussion yesterday.

<u>Productions.</u> You have asked us for additional information about the size of Defendants' production and the number of documents that include foreign language. At this time, we anticipate producing approximately 200,000 documents (excluding manual pull documents), which totals approximately 200 GB. We note that the final production size in GB may be different as we will be producing many of the documents in TIFF format, and that process is not yet completed.

Approximately 11,000 documents contain Korean, and approximately 500 documents contain a different foreign language.

<u>PII.</u> As we discussed via phone, we seek your agreement to redact limited types of personally identifiable information. There are approximately 300 documents out of more than 200,0000 to be produced where we have identified PII. Per your request, below please find the categories of information that we believe should be redacted:

- Financial and account information (e.g., credit card numbers, credit card security codes, PayPal account details, loyalty program details, banking information);
- Social security, license, and identification numbers;
- Personal photographic images which are not publically available (e.g., family pictures that appear in responsive email threads);
- Contact information (e.g., home addresses, personal phone numbers, fax numbers, and e-mail addresses);
- Birth dates;
- Customer names or signatures;
- Usernames and passwords.

We do not seek to redact the following categories, which are not PII:

- Names or publically available contact information for employees;
- Published documents (such as newspaper articles) containing customer or employee identifying information;
- Headings that inform readers of the nature of PII (e.g., "mobile number" or "credit card number").
- Dates of purchase, return, exchange, or replacement.

As you know, the Best Buy transaction-level data produced on June 22, 2018 includes the state of purchase for each transaction. To the extent any class is certified, you can seek to discover customer names or contact information at that time. However, you are not entitled to that information now. *Bird Hotel Corp. v. Super 8 Motels, Inc.*, Case No. 06-cv-4073, 2007 WL 404703 (D. S.D. Feb. 1, 2007).

<u>Privilege Log Exclusions.</u> We are in the process of creating a privilege log, and discussed with you Section VI.D of the ESI Protocol, regarding Documents Presumptively Excluded from Privilege Logs. There are currently two categories of documents which are presumptively excluded:

- Communications exclusively between a Party and its outside counsel regrading this litigation;

- Work product regarding this litigation and created after commencement of this Action.

Section VI.D further states: "In the interest of the Parties' time and to minimize litigation costs, the Parties shall in good faith negotiate the exclusion of any other categories of documents that, while technically responsive and privileged, are relatively irrelevant to the issues in the litigation."

We propose three additional categories of documents presumptively excluded from the privilege log, in the interest of time and efficiency, pursuant to the above paragraph:

1. Communications exclusively between a Party and its in-house counsel regrading this litigation;
2. Communications exclusively between a Party and its outside or in-house counsel regarding litigation that was ongoing at the time the communication was made;
3. Work product regarding other litigation, created after commencement of those Actions.

Please confirm your agreement to exclude categories 1-3 above from LG and Best Buy's privilege logs.

Best Buy website. In the context of discussing fact tags, Luke asked whether our evaluation of fact tags for production included the Best Buy website. We responded that we do not consider the website to be what is meant by fact tags but we would check whether Best Buy has any archived information from its website regarding LED TVs. Otherwise, as we noted, there are some fact tags in our current production queue. There is no other place to centrally gather fact tags and no way to know whether fact tags were final or ultimately used.

We look forward to hearing from you on these topics as soon as possible and to speaking with you further on October 18th.

Best regards,

Robert

**From:** Brittany Resch [mailto:BResch@gustafsongluek.com]
**Sent:** Tuesday, October 09, 2018 9:18 AM
**To:** Wolinsky, Robert B.; lphudock@law-hlg.com; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; Dan Hedlund; Raina Borrelli
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

That works for Plaintiffs. I will circulate a calendar invite.

We can use this dial-in information:

(866) 453-5550

7323255#

**Brittany N. Resch** (profile)

**Gustafson Gluek PLLC**

Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Phone: (612) 333-8844

website | vCard | map

*committed to the protection of fair competition ...*

**From:** Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Sent:** Monday, October 8, 2018 6:24 PM
**To:** Brittany Resch <BResch@gustafsongluek.com>; lphudock@law-hlg.com; Paller, Alicia <alicia.paller@hoganlovells.com>; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; Dan Hedlund <DHedlund@gustafsongluek.com>; Raina Borrelli <RBorrelli@gustafsongluek.com>

**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** Re: [Hudock et al. v. LG et al.] Search Terms

How about Wednesday at 9 CT?

Sent from my BlackBerry 10 smartphone.

---

**From:** Brittany Resch
**Sent:** Monday, October 8, 2018 12:57 PM
**To:** Wolinsky, Robert B.; lphudock@law-hlg.com; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; Dan Hedlund; Raina Borrelli
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Thanks Robert.

Plaintiffs are able to discuss anytime tomorrow before 10 am CST or Wednesday before 11 am CST.

**Brittany N. Resch** (profile)

**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Phone: (612) 333-8844

website | vCard | map

---

*committed to the protection of fair competition …*

**From:** Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Sent:** Friday, October 5, 2018 11:21 PM
**To:** Brittany Resch <BResch@gustafsongluek.com>; lphudock@law-hlg.com; Paller, Alicia <alicia.paller@hoganlovells.com>; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; Dan Hedlund <DHedlund@gustafsongluek.com>; Raina Borrelli <RBorrelli@gustafsongluek.com>
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Brittany,

We have run into some unexpected delays relating to some logistical issues. We now expect our first production to occur on or about October 15. There are a couple things that it would be happy to discuss relating to the privilege log we are preparing, the redaction of PII and fact tags. Is there a time on Tuesday or Wednesday of next week we can discuss?

Thanks,

Robert

**Robert Wolinsky**
Partner

**Hogan Lovells US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Tel:     +1 202 637 5600
Direct:  +1 202 637 8895
Fax:     +1 202 637 5910
Email:   robert.wolinsky@hoganlovells.com
         www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

GAR_30_Email Signature


**From:** Brittany Resch [mailto:BResch@gustafsongluek.com]
**Sent:** Thursday, October 04, 2018 1:07 PM
**To:** Wolinsky, Robert B.; lphudock@law-hlg.com; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; Dan Hedlund; Raina Borrelli
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Hello Robert –

Do you have an update on when we can expect Defendants' first productions?

Thanks

**Brittany N. Resch** (profile)

**Gustafson Gluek PLLC**

Canadian Pacific Plaza

120 South Sixth Street, Suite 2600

Minneapolis, MN 55402

Phone: (612) 333-8844

website | vCard | map

*committed to the protection of fair competition …*

**From:** Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Sent:** Thursday, September 20, 2018 4:05 PM
**To:** Brittany Resch <BResch@gustafsongluek.com>; lphudock@law-hlg.com; Paller, Alicia <alicia.paller@hoganlovells.com>; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; Dan Hedlund <DHedlund@gustafsongluek.com>
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** Re: [Hudock et al. v. LG et al.] Search Terms

Brittany,

We are planning to make our first production next week and it will be approximately 20,000 documents. I do not have the GB count yet. We will then continue with rolling productions over the next several weeks.

Best regards,

Robert

Sent from my BlackBerry 10 smartphone.

**From:** Brittany Resch
**Sent:** Thursday, September 20, 2018 12:40 PM
**To:** Wolinsky, Robert B.; lphudock@law-hlg.com; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; Dan Hedlund
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Hi Robert –

As it has been over 10 days, I have been asked to inquire about an estimate of when you expect to be making your first production and approximately how many GBs it will be. We don't expect specifics, but we want to be ready when it comes.

Thank you

**Brittany N. Resch** (profile)
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Phone: (612) 333-8844

website | vCard | map

*committed to the protection of fair competition ...*

**From:** Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Sent:** Saturday, August 11, 2018 12:27 PM
**To:** lphudock@law-hlg.com; Paller, Alicia <alicia.paller@hoganlovells.com>; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; Brittany Resch <BResch@gustafsongluek.com>; Dan Hedlund <DHedlund@gustafsongluek.com>; Joe Bourne <jbourne@gustafsongluek.com>
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** Re: [Hudock et al. v. LG et al.] Search Terms

Luke,

I apologize for the delayed response as I was traveling outside the country. I do not yet know when we will begin our rolling production. I expect we will make a production in September. Currently, we are reviewing in excess of 500,000 documents though not all of them will be responsive and produced. My current expectation is that we will produce in excess of 100,000 documents but it could be less or significantly more. I suggest we touch base in about ten days as I think I will have a better sense by then.

Best regards,

Robert

Sent from my BlackBerry 10 smartphone.

**From:** lphudock@law-hlg.com
**Sent:** Wednesday, August 8, 2018 11:50 AM
**To:** Wolinsky, Robert B.; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Robert,
This email is a follow-up to my 7/30 email regarding the anticipated start to rolling production of documents. Can you give us any indication when rolling production is expected to begin?
In addition, can you provide us with a ballpark figure of the number of documents that have been captured by the search terms and are subject to document review? Obviously, we will not be holding you to this number as this information is requested simply for logistical purposes.
Sincerely,
Luke Hudock
HUDOCK LAW GROUP, S.C.
P.O. Box 83
MUSKEGO, WI 53150
P: 414/526-4906
F: 262/436-2400
E: lphudock@law-hlg.com

**From:** lphudock@law-hlg.com <lphudock@law-hlg.com>
**Sent:** Monday, July 30, 2018 9:43 AM
**To:** 'Wolinsky, Robert B.' <robert.wolinsky@hoganlovells.com>; 'Paller, Alicia' <alicia.paller@hoganlovells.com>; 'behdad.sadeghi@zimmreed.com' <behdad.sadeghi@zimmreed.com>; 'david.cialkowski@zimmreed.com' <david.cialkowski@zimmreed.com>; 'alyssa.leary@zimmreed.com' <alyssa.leary@zimmreed.com>; 'bresch@gustafsongluek.com' <bresch@gustafsongluek.com>; 'dhedlund@gustafsongluek.com' <dhedlund@gustafsongluek.com>; 'jbourne@gustafsongluek.com' <jbourne@gustafsongluek.com>
**Cc:** 'Wilkinson, Phoebe A.' <phoebe.wilkinson@hoganlovells.com>
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Thanks, Robert.
Do you have any indication when you expect to begin rolling production of documents?
Sincerely,
Luke Hudock
Hudock Law Group, S.C.
P.O. Box 83
Muskego, WI 53150
P: 414/526-4906
F: 262/436-2400
E: lphudock@law-hlg.com

**From:** Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Sent:** Friday, July 27, 2018 11:22 AM
**To:** lphudock@law-hlg.com; Paller, Alicia <alicia.paller@hoganlovells.com>; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Yes, we did. We expect to start the review very shortly.

**From:** lphudock@law-hlg.com [mailto:lphudock@law-hlg.com]
**Sent:** Friday, July 27, 2018 12:19 PM
**To:** Wolinsky, Robert B.; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Robert,
Did you receive final approval on search terms from your clients?
Sincerely,
Luke Hudock
Hudock Law Group, S.C.
P.O. Box 83
Muskego, WI 53150
P: 414/526-4906
F: 262/436-2400
E: lphudock@law-hlg.com

**From:** Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Sent:** Wednesday, July 18, 2018 10:56 PM
**To:** 'lphudock@law-hlg.com' <lphudock@law-hlg.com>; Paller, Alicia <alicia.paller@hoganlovells.com>; behdad.sadeghi@zimmreed.com;

david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com

**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Luke,

Thanks for the note below. It looks like we are very close to an agreement. We are testing your suggested changes as to LG. One last question: are you okay with a date cut-off of May 31, 2017 which would coincide with the date cut off for transactional data that we have agreed to?

Thanks,

Robert

---

**From:** lphudock@law-hlg.com [mailto:lphudock@law-hlg.com]
**Sent:** Wednesday, July 18, 2018 10:48 AM
**To:** Paller, Alicia; Wolinsky, Robert B.; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Alicia,

We are in general agreement that the terms for Best Buy as presented in you email (our 6/22 terms with the changes to the strings identified in your email) are acceptable.

For the LG search terms, as with Best Buy, we would request each proximity connector for your proposed revised terms that is currently w/25 or w/100 to be increased to w/250. If that change is acceptable to you, we can approve and attempt to finalize these terms as well.

Please respond at your earliest convenience.

Sincerely,

Luke Hudock
Hudock Law Group, S.C.
P.O. Box 83
Muskego, WI 53150
P: 414/526-4906
F: 262/436-2400
E: lphudock@law-hlg.com

---

**From:** Paller, Alicia <alicia.paller@hoganlovells.com>
**Sent:** Monday, July 16, 2018 4:15 PM
**To:** lphudock@law-hlg.com; Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Luke,

Following up on our call this afternoon, here is how we propose to proceed.

**For Best Buy**

You provided Best Buy-specific search terms on June 22. We provided proposed revisions on July 6 (attached for reference). You and Robert discussed the 7/6 terms via phone, and we agreed to test those search terms using "LG w/250" instead of "LG w/25."

After further testing and internal discussion, we are willing to drop most of our proposed changes and revert to the 6/22 terms you proposed except with respect to the following four rows where we propose to go with our 7/6 revised terms with your requested modification:

| Plaintiffs' 6.22.18 Terms | Plaintiffs' 7.6.18 (Edits + w/250) Revisions |
|---|---|

| | |
|---|---|
| ("LG" AND (LED OR tv OR television) AND (sal* OR market* OR label* OR promo* OR ad*)) AND NOT (cell* OR phone) | ("LG" w/250 (LED OR tv OR television) AND (sale* OR market* OR label* OR promo* OR advert*) AND (Hertz OR Hz OR "refresh rate") AND (120 OR 240)) NOT (cell* OR phone) |
| "TM" AND "LG" | (("TM" w/5 (120 OR 240)) w/25 (Hz OR Hertz OR "refresh rate")) AND "LG" |
| ((market* OR label* OR promo* OR ad*) AND "LG" AND (LED OR tv OR television OR sale* OR price)) AND NOT (cell* OR phone OR Samsung OR Sony OR Vizio OR Panasonic OR Sharp OR Toshiba) | (market* OR label* OR promo* OR ad* OR sale* OR price) AND ("LG" w/250 (LED OR tv OR television)) AND ((Hz OR Hertz OR TruMotion) AND (120 OR 240)) and NOT (cell* OR phone OR Samsung OR Sony OR Vizio OR Panasonic OR Sharp OR Toshiba) |
| ("consumer" OR "conjoint" w/5 (survey OR perception OR influence)) AND (LED OR tv OR television OR panel) AND (Hertz OR Hz OR mot* OR blur* OR ghost OR refresh OR rate*) | (("consumer" OR "conjoint") w/5 (survey OR perception OR influence)) AND ((LED OR tv OR television OR panel) w/50 (Hertz OR Hz OR motion* OR blur* OR ghost OR "refresh rate*")) |

**For LG**

You provided LG-specific search terms on June 22. We provided proposed revisions on July 5 (attached for reference). You responded via email that we should test the 7/5 LG terms, but change the PWM search string to: "PWM" w/50 (LED OR tv OR television OR panel OR backlight).

Please confirm that Plaintiffs will agree on the 7/5 terms so long as we include Plaintiffs' proposed change to the PWM search string.

On both of these, we will still need to get final client approval but we need to know where we stand with you and your team before doing so.

Thank you,

Alicia

**Alicia J. Paller**

Associate

**Hogan Lovells US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Tel:     +1 202 637 5600
Direct:  +1 202 637 6404
         +1 612 402 3028
Fax:     +1 202 637 5910
Email:   alicia.paller@hoganlovells.com
         www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

**From:** lphudock@law-hlg.com [mailto:lphudock@law-hlg.com]
**Sent:** Monday, July 16, 2018 12:27 PM
**To:** Wolinsky, Robert B.; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

That works for me.
Sincerely,
Luke Hudock

Hudock Law Group, S.C.
P.O. Box 83
Muskego, WI 53150
P: 414/526-4906
F: 262/436-2400
E: lphudock@law-hlg.com

**From:** Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Sent:** Monday, July 16, 2018 11:10 AM
**To:** 'lphudock@law-hlg.com' <lphudock@law-hlg.com>; Paller, Alicia <alicia.paller@hoganlovells.com>; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

How about 4 PM ET?

**From:** lphudock@law-hlg.com [mailto:lphudock@law-hlg.com]
**Sent:** Monday, July 16, 2018 11:59 AM
**To:** Wolinsky, Robert B.; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Robert,
I am free this afternoon for a call.
Sincerely,
Luke Hudock
Hudock Law Group, S.C.
P.O. Box 83
Muskego, WI 53150
P: 414/526-4906
F: 262/436-2400
E: lphudock@law-hlg.com

**From:** Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Sent:** Friday, July 13, 2018 6:23 PM
**To:** lphudock@law-hlg.com; Paller, Alicia <alicia.paller@hoganlovells.com>; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** Re: [Hudock et al. v. LG et al.] Search Terms

Luke,
Sorry we did not connect. Can we set a time on Monday afternoon to speak? I have gotten some new hit results and think I will have some good news.
Thanks and have a nice weekend.
Robert
Sent from my BlackBerry 10 smartphone.

**From:** lphudock@law-hlg.com
**Sent:** Wednesday, July 11, 2018 5:35 PM
**To:** Wolinsky, Robert B.; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com

**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Robert,

I am just circling back on search terms and the interrogatory issue. It was my hope to have made some additional progress on the search terms by now. As our letter to the Magistrate details, we expected to have this wrapped up by the end of the week. Please advise.

Sincerely,
Luke Hudock
HUDOCK LAW GROUP, S.C.
P.O. BOX 83
MUSKEGO, WI 53150
P: 414/526-4906
F: 262/436-2400
E: lphudock@law-hlg.com

**From:** Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Sent:** Tuesday, July 10, 2018 9:16 AM
**To:** 'lphudock@law-hlg.com' <lphudock@law-hlg.com>; Paller, Alicia <alicia.paller@hoganlovells.com>; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Luke – there are two issues in the below that I think you may consider outstanding. One is the interrogatory where you sent a later email that I will respond to. The other is data about rebates. I wanted to let you know that we are investigating this and will be back in touch.

**From:** lphudock@law-hlg.com [mailto:lphudock@law-hlg.com]
**Sent:** Thursday, July 05, 2018 6:17 PM
**To:** Wolinsky, Robert B.; Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Robert,

Please see my comments added below in RED

Robert and Alicia,

In addition to discussing the results of the revised search terms provided on Tuesday, I would like to discuss a few items related to your letter of July 3 vis a vis Topic 7 ("go-get" searches) and an unaddressed item from Behdad's June 21 letter to Elizabeth. I set forth the issues below in hopes you have some time to consider them prior to the call.

**Topic 7 ("go-get" searches)**

a. <u>Production numbers</u>. In our first meet and confer with Elizabeth, we clarified "production numbers" referred to the number of units for each model that were manufactured. This request was beyond sales data as that request was clearly encompassed in a separate request. Production numbers of each model could not be captured by search terms and we consider this a "go-get" search.

RBW: This is different from my understanding of the prior communications. It is my understanding that Elizabeth Korchin memorialized our understanding of the status on February 20, 2018 as follow: **Plaintiffs agreed that the request for "production numbers" in RFP No. 1 (as to both LG and Best Buy) was unnecessary and that Plaintiffs instead were seeking sales numbers, which is already covered by RFP No. 3 as to LG and RFP No. 5 as to Best Buy**. In any event, why would production

numbers be relevant and needed here given the sales information you are receiving?
LPH: We have conferred internally and have concluded the production to date is satisfactory regarding this RFP.
    b. <u>Display panels</u>. Elizabeth indicated Defendant LG was in possession of display panel specs/information and to the extent they are, this should also be a "go-get" search as it would be difficult to formulate search terms to capture panel specifications without exploding the number of documents produced. Each display panel used in these televisions has a specification/data sheet that can be produced as a "go-get" search.

RBW: As noted in my letter. LG does not have these documents in its possession, custody or control. If Elizabeth stated otherwise, she misspoke or we have gotten updated information on this point.
LPH: We understand your position to be that Defs do not have these requested documents. You can likely expect a follow up interrogatory on this subject asking, at minimum, to identify the component display panel by model number and manufacturer for each Suspect TV.
    c. <u>Trx data (rebates)</u>. This RFP addressed transactional data as to rebates and rebate payments. The data produced to date is sales data with no discernible rebate or rebate payment information. This should also be produced via "go-get" as the sales data has been.

RBW: Please specify which RFP you are referring to.
LPH: RFP No. 5 for LG and No. 9 for Best Buy
    d. <u>Pricing.</u> Elizabeth agreed Best Buy's value equations (retail pricing considerations/formulations/determinations) for LED televisions and LG's equivalent (MSRP pricing considerations/formulations/determinations) for LED televisions would be produced. Again, we feel this is also a "go-get" search as this information is likely contained within specific documents and any search terms that would capture this information would need to be broad enough as to increase the document count exponentially.

RBW: Our view is that Plaintiffs are entitled to this information only as it relates to the feature in dispute in this litigation. We believe that such documents will be captured by the existing search terms we have proposed.
LPH: We intend to pursue full pricing valuation for LED televisions from both LG and Best Buy as Defs have stated that many different aspects go into the pricing of televisions. As such, we intend to pursue that information.

**Interrogatories**
The interrogatories seek model identification of specific televisions and it has been indicated responsive documents would be produced to sufficiently answer. We feel these are "go-get" searches as search terms would be unable to capture the models we ask be identified. This was in our June 21 letter to Elizabeth and has not been addressed.
RBW: Model information has been included with the transactional data.
LPH: As discussed on the phone, the trx data provided to date only satisfies part of these interrogatories. While we have the models, for the vast majority of the Best Buy data and all of the LG data we do not have whether they were "presented labeled, promoted, marketed. advertised, or otherwise presented by You to the public during the Relevant Period as 'TruMotion 120Hz' or '120Hz'" (or 'TruMotion 240Hz' or '240Hz') or those models advertised with the Remedial Verbiage.
It is also worth noting that we did not draft or contemplate search terms with these areas in mind and if any of these areas are not "go-get" searches additional (and likely broad) search terms will be necessarily required.
Sincerely,
Luke Hudock
Hudock Law Group, S.C.
P.O. Box 83
Muskego, WI 53150
P: 414/526-4906

F: 262/436-2400
E: lphudock@law-hlg.com

**From:** Paller, Alicia <alicia.paller@hoganlovells.com>
**Sent:** Tuesday, July 3, 2018 4:29 PM
**To:** lphudock@law-hlg.com; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>; Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Luke,

Thank you for the revised search terms. We will re-run the LG list using the replacement strings, below.

10:30 CST works for us on Thursday. I will circulate a call-in number.

Have a nice 4th of July,

Alicia

**From:** lphudock@law-hlg.com [mailto:lphudock@law-hlg.com]
**Sent:** Tuesday, July 03, 2018 4:11 PM
**To:** Paller, Alicia; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A.; Wolinsky, Robert B.
**Subject:** RE: [Hudock et al. v. LG et al.] Search Terms

Alicia,

Below you will find the re-worked search term strings discussed during today's phone call.

We can discuss these further on Thursday during our phone call. Does 10:30cst/11:30est work for you and Robert?

| |
|---|
| "Best Buy" w/25 (LED OR tv OR television OR panel) AND (sal* OR marketing OR label* OR promo* OR ad*) WITHOUT (cell* OR phone) |
| "bestbuy.com" w/25 (LED OR tv OR television) AND (sal* OR marketing OR label* OR promo* OR ad*) WITHOUT (cell* OR phone) |
| "display" w/5 tech* AND (LED OR tv OR television) WITHOUT (cell* or phone) |
| "panel" w/25 (LED OR tv OR television) WITHOUT (cell* OR phone) |
| "panels" w/25 (LED OR tv OR television) WITHOUT (cell* OR phone) |
| "TM" w/5 (120 OR 240) AND (Hz OR hertz OR refresh rate) |
| (market* OR label* OR promo* OR ad*) AND (LED OR tv OR television OR sale* OR price) WITHOUT (cell* OR phone) |

Sincerely,
Luke Hudock
HUDOCK LAW GROUP, S.C.
P.O. BOX 83
MUSKEGO, WI 53150
P: 414/526-4906

F: 262/436-2400
E: lphudock@law-hlg.com

**From:** Paller, Alicia <alicia.paller@hoganlovells.com>
**Sent:** Tuesday, July 3, 2018 10:56 AM
**To:** lphudock@law-hlg.com; behdad.sadeghi@zimmreed.com; david.cialkowski@zimmreed.com; alyssa.leary@zimmreed.com; bresch@gustafsongluek.com; dhedlund@gustafsongluek.com; jbourne@gustafsongluek.com
**Cc:** Wilkinson, Phoebe A. <phoebe.wilkinson@hoganlovells.com>; Wolinsky, Robert B. <robert.wolinsky@hoganlovells.com>
**Subject:** [Hudock et al. v. LG et al.] Search Terms

Luke,

As we noted via phone last week, we've been working to gather hit reports based on your most recent lists of proposed search terms (attached). We appreciate that you attempted to "decrease the noise" by separating the search terms into two sets – one for LG and one for Best Buy. Unfortunately, many of the search strings still are formulated too broadly and not narrowly tailored to the issues in dispute in this case.

The LG hit reports indicate that a handful of search strings are returning a very large number of documents:

| Excerpt From Proposed LG Search Terms From Plaintiffs 6/21/18 |
|---|
| "Best Buy" AND (LED OR tv OR television OR panel) AND (sal* OR marketing OR label* OR promo* OR ad*) |
| "bestbuy.com" AND (LED OR tv OR television) AND (sal* OR marketing OR label* OR promo* OR ad*) |
| "display" w/5 tech* |
| "panel" AND (LED OR tv OR television) |
| "panels" AND (LED OR tv OR television) |
| "TM" |
| (market* OR label* OR promo* OR ad*) AND (LED OR tv OR television OR sale* OR price) |

In addition to not being targeted specifically at the issues in dispute, the formulations are extremely broad. For that reason, we re-ran the search terms using revised search syntax (see below), but this did not solve the problem:

| Revised Search Terms – v.1 |
|---|
| "Best Buy" AND (LED OR tv OR television) AND (sale* OR marketing OR label* OR promo* OR ad*) |
| "panel" AND "LED" AND (tv OR television) |
| "TM" AND (Hz OR Hertz OR refresh rate) |
| (market* OR label* OR promo* OR ad*) AND (LED OR tv OR television) AND (sale* OR price) |

| Revised Search Terms – v.2 |
|---|
| "Best Buy" w/25 (LED OR tv OR television) w/25 (sale* OR marketing OR label* OR promo* OR ad*) |
| "panel" w/25 "LED" w/25 (tv OR television) |
| "TM" w/25 (Hz OR Hertz OR refresh rate) |
| (market* OR label* OR promo* OR ad*) w/25 (LED OR tv OR television) w/25 (sale* OR price) |

We therefore propose removing these seven search term strings:

| Defendants Proposed Removals |
| --- |
| "Best Buy" AND (LED OR tv OR television OR panel) AND (sal* OR marketing OR label* OR promo* OR ad*) |
| "bestbuy.com" AND (LED OR tv OR television) AND (sal* OR marketing OR label* OR promo* OR ad*) |
| "display" w/5 tech* |
| "panel" AND (LED OR tv OR television) |
| "panels" AND (LED OR tv OR television) |
| "TM" |
| (market* OR label* OR promo* OR ad*) AND (LED OR tv OR television OR sale* OR price) |

We believe that to the extent these strings were capturing relevant documents they are likely to be captured by your other proposed terms. If Plaintiffs agree to removing these seven search term strings, Defendants likely are in a position to agree to the remainder of the LG search terms. Of course, we are willing to retest these search terms we propose to remove with additional limitations in order to make them more closely related to the issues in dispute.

Lastly, we are waiting for updated hit reports from Best Buy, and will be in touch with Best Buy-specific comments as soon as possible.

Best regards,

Alicia

**Alicia J. Paller**

Associate

**Hogan Lovells US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Tel:     +1 202 637 5600
Direct:  +1 202 637 6404
Fax:     +1 202 637 5910
Email:   alicia.paller@hoganlovells.com
         www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

03875 Pro bono email signature block 01 CW



**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.