

April 6, 2020

DAVID M. CIALKOWSKI
Admitted in Minnesota and Illinois
David.Cialkowski@zimmreed.com

REPLY TO MINNEAPOLIS

*Via ECF*

The Honorable Kate M. Menendez
United States District Court
8E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

RE:   *Hudock et al. v. LG Electronics U.S.A., Inc.*
      No. 0:16-cv-01220-JRT-KMM

Dear Judge Menendez:

Plaintiffs write pursuant to paragraph 1.o. of the operative Scheduling Order, which states: "If either side believes that additional, narrowly tailored class-wide discovery is required in the event that the Court grants the Plaintiffs' motion to certify a class, that party must seek leave of Court through a letter-brief filed within seven days of class certification[,]" which is today. ECF No. 120 (June 8, 2018). Plaintiffs now submit this request for leave to seek narrowly-tailored class discovery.

Although the Order does not ask for a formal motion, Plaintiffs nonetheless contacted Defendants on April 2, 2020, to request a meet and confer regarding the narrowly-tailored class discovery that Plaintiffs are requesting permission to seek, but Defendants were unable to meet and confer prior to today. Defendants asked Plaintiffs to agree to jointly request to move the deadline to the end of April. In lieu of that, and given the circumstances the COVID-19 pandemic has imposed on all of us, we informed Defendants that Plaintiffs are happy to agree to additional time for Defendants to submit whatever they feel is appropriate under the Order.

Plaintiffs do not believe that paragraph 1.o. anticipates or requires anything more than the party seeking such leave to submit a letter describing the limited discovery sought, and the authority supporting it. Defense counsel's email this morning highlights that the Parties may have a different understanding as to how to interpret paragraph 1.o. In light of this Court's Order today, April 6, 2020 [ECF No. 562], Plaintiffs anticipate Defendants' submission on April 17, 2020, and would request a teleconference with the Court thereafter. Should the Court grant leave to seek this limited discovery, we would also request a reasonable schedule to meet and confer over the information that may be available, and to establish an appropriate timeline for production of any discovery, or if necessary, motion practice (whether formal or informal).

By way of background, on March 30, 2020, Judge Tunheim preliminarily granted certification of two classes in this case:

> All persons in the United States who purchased an LG LED television between May 9, 2010 and the present, labeled as having a "Hz"-rating that was twice the native refresh rate of its panel.

MINNEAPOLIS | LOS ANGELES | PHOENIX
1100 IDS Center  80 South 8th Street  Minneapolis, Minnesota 55402  T 612.341.0400  F 612.341.0844  ZIMMREED.COM

> All persons in the United States who purchased an LG LED television from a Best Buy store or from Best Buy's website between May 9, 2010 and the present, labeled as having a "Hz"-rating that was twice the native refresh rate of its panel.

Order, ECF No. 548 at 7.

Because of this Court's certification order, Class counsel will be required to propose a notice plan to provide the best practicable notice under the circumstances pursuant to Fed. R. Civ. P. 23(c)(2)[1] and, as part of those efforts, now seek permission to conduct narrowly-tailored, class-based discovery regarding any potential contact information that may exist for class members. *See, e.g.*, *Amaraut v. Sprint/United Mgmt. Co.*, No. 3:19-cv-411-WQH-AHG, 2020 WL 1433281, at *15 (S.D. Cal. Mar. 23, 2020) ("The Court ORDERS Defendant to produce all personal email addresses within its possession, custody, or control."); *Hernandez v. J. C. Penney Co., Inc.*, No. 18-CV-05759, 2020 WL 898190, at *3 (S.D.N.Y. Feb. 25, 2020) (court holding email only best practicable notice and ordering that "Defendant will make all reasonable efforts to ensure that the Claims Administrator receives, within twenty-one (21) calendar days of the date of entry of this Order, the Class List specified in the Settlement Agreement."); *Rael v. Children's Place, Inc.*, No. 3:16-cv-00370-GPC-LL, 2020 WL 434482, at *4 (S.D. Cal. Jan. 28, 2020) ("the Claims Administrator will use reasonable efforts to identify those TCP customers who may be Class Members for whom it has a valid email address and provide e-mail notice to those addresses. [] These e-mails will come, in part, from Defendant's e-mail records of its rewards club members.") (internal quotes omitted); *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-2800-TWT, 2020 WL 256132, at *28 (N.D. Ga. Jan. 13, 2020) ("But courts have increasingly approved utilizing email to notify class members of proposed class settlements, and such notice was appropriate in this case."); *Carlotti v. ASUS Computer Int'l*, No. 18-cv-03369-DMR, 2019 WL 6134910, at *15 (N.D. Cal. Nov. 19, 2019) ("[t]he notice distribution plan should rely on U.S. mail, email, and/or social media as appropriate to achieve the best notice that is practicable under the circumstances, consistent with Federal Rule of Civil Procedure 23(c)(2).); *In re Domestic Airline Travel Antitrust Litig.*, 322 F. Supp. 3d 64, 72 (D.D.C. 2018) ("Accordingly, taking into account that the majority of class members use the Internet to book their flights, as well as the large size of the class and the disproportionately higher cost of providing notification by direct mail as opposed to e-mail, and considering that the e-mail notification will be supplemented by publication through print and media outlets and numerous websites, databases and online services, the Court finds that the notice proposed in the Settlement Notice Program constitutes the "best notice practicable" under the circumstances of this case.").

To that end, courts routinely order narrowly-tailored discovery related to identifying class members after a class is certified. *See, e.g.*, *Hussein v. Capital Bldg. Servs. Grp., Inc.*, 152 F. Supp. 3d 1182, 1199 (D. Minn. 2015) ("Courts in this Circuit have frequently ordered the production of similar information [a list of names and contact information in order to facilitate notice] when granting conditional certification.") (collecting cases); *Jennings v. Cellco P'ship*, No. 12-cv-00293 SRN/TN, 2012 WL 2568146, at *7 (D. Minn. July 2, 2012) ("The Court grants Plaintiffs request [*sic*] for Defendant to produce—within 10 days from the date of the Order—an electronic list of all Representatives employed by Defendant at the Mankato Call Center from February 2009, to the present, with their first and last names, last known address, and dates of employment. If, however, the Notice sent by Plaintiffs' counsel is returned

---

[1] "For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

to them by mail as undeliverable, Defendant, within 5 days of written notice by Plaintiffs' counsel, shall provide for any such putative class member their most recent telephone number and date of birth."); *Hamilton v. Capex Oilfield Servs., Inc.*, No. 1:16-cv-063, 2016 WL 9506025, at *4 (D.N.D. Oct. 24, 2016) ("As part of the good faith effort to stipulate to a notice procedure, the Court will grant the Plaintiff's request and order Capex to produce the necessary contact information, including full name, last known mailing address, email address, . . ."); *Israsena v. Chalak M&M AR1 LLC*, No. 415CV00038 JLH, 2015 WL 13648567, at *5 (E.D. Ark. Oct. 14, 2015) ("The defendants must produce the names and addresses of potential class members within ten days, so that the plaintiffs can mail notice."); *Am. Maxwell v. Tyson Foods, Inc.*, No. 1:08-cv-0017-JAJ, 2009 WL 10637245, at *6 (S.D. Iowa Nov. 6, 2009) ("Defendant shall produce to plaintiff's counsel, within 10 business days of the date of this order, a computer readable database containing the names and last known addresses of the putative class, as defined above.").

Plaintiffs initially sought some of this information during the discovery period by requesting production of the following (RFP No. 5 for Best Buy and RFP No. 3 for LG):

> **REQUEST NO. 5:**
>
> Your transaction-level electronically stored sales information and data (in machine-readable format such as *.csv, *.txt, or other native flat file format) during the period May 9, 2010 through the present, for all sales of LED televisions in the United States or to U.S. customers publicly labeled with a Motion Clarity Claim of 60 or higher, including:
>
> (a)   Customer identification information, including but not limited to name, address, and customer number; ...

\*\*\*

> **REQUEST NO. 3:**
>
> Your transaction-level electronically stored retail and wholesale sales information and data (in machine-readable format such as *.csv, *.txt, or other native flat file format) during the period May 9, 2010 through the present, for sales of all LG LED televisions in the United States or to U.S. customers, including:
>
> (a)   Customer identification information, including but not limited to name, address, and customer number; ...

During the meet and confer process, however, Defendants took the position that identifying absent putative class members and providing their contact information was premature and would not be appropriate unless a class were certified. Subpoenaed third parties—Sears, Amazon, and Target—took the same position.

Thus, while the Parties were negotiating a new scheduling order in the summer of 2018, Plaintiffs requested a period of class discovery. In lieu of that, this Court created the provision in paragraph 1.o., allowing Plaintiffs to seek leave to re-open class discovery for narrowly-tailored requests. As noted above, Plaintiffs acknowledge the

challenges that the Parties and the Court are facing at this time, and now seek to begin the conversation on this issue with the Court's assistance.

We all hope you are well and safe.

Respectfully submitted,

ZIMMERMAN REED LLP

David M. Cialkowski
DMC/hsc

cc:     All Counsel of Record *(via ECF)*