# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Hudock et al.,

        Plaintiff,

v.

LG Electronics U.S.A., Inc., et al.,

        Defendants.

This document relates to:

All actions

Case No. 0:16-cv-1220-JRT-KMM

**ORDER**

---

      This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing for documents filed under temporary seal in connection with the Defendants' motion to exclude the opinions and testimony of the Plaintiffs' damages experts, Steven Gaskin and Colin Weir. (Joint Mot., ECF No. 471; Defs.' Mot. to Exclude, ECF No. 373.) Having reviewed the relevant documents and applying the legal standards articulated in *IDT Corp. v. eBay*, 709 F.3d 1220 (8th Cir. 2013), the Joint Motion is **GRANTED IN PART and DENIED IN PART** as set forth in this Order.

## I.    Agreement to Unseal

      First, the Court notes that the parties have agreed that several documents filed under temporary seal in connection with the Defendants' motion to exclude should be unsealed. These include: (1) Ms. Wilkinson's Declaration submitted in support of the motion (ECF 377); (2) excerpts of Gaskin's deposition transcript (ECF 377-1, 387, 392-1); (3) excerpts of Weir's deposition transcript (ECF 377-4, 387-1); (4) excerpts of the deposition of Ronald Wilcox (ECF 387-2); (5) excerpts of the deposition of Keith Ugone (ECF 387-3); and (6) Ms. Wilkinson's Reply Declaration (ECF 392). Based on the parties' agreement that these documents should be unsealed, **the Clerk of Court is directed to unseal the documents at the following docket entries: 377-1, 377-4, 387, 387-1, 387-2, 387-3, 392, 392-1**.

## II.      Remaining Documents

The parties disagree as to the remaining documents at issue. The Defendants argue that the following documents should remain under seal, and the Plaintiffs disagree: (1) the Defendants' unredacted memorandum of law in support of the motion to exclude (ECF 375); (2) the Declaration of Dr. Ronald Wilcox and supporting exhibits (ECF 377-2); (3) the Declaration of Colin Weir and exhibits (ECF 377-3); (4) the Declaration of Keith Ugone, Ph. D., and exhibits (ECF 377-5); (5) the Plaintiffs' unredacted opposition memorandum (ECF 384); and (6) the Defendants' unredacted reply memorandum (ECF 390).[1]

### A.  Legal Standard

The parties dispute the applicable legal standard. As previously noted by this Court, the standard governing requests to seal documents depends on whether the documents constitute "judicial records." If they do, then there is a presumption of public access. *IDT Corp. v. eBay*, 709 F.3d 1220 (8th Cir. 2013); *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013). Courts must weigh competing interests when determining whether judicial records should be sealed or made publicly available. *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Courts consider the degree to which "sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. This balancing must take into account "the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224; *see also Krueger v. Ameriprise Fin., Inc.*, Civ. No. 11-2781 (SRN/JSM), 2014 WL 12597948, at *8–9 (D. Minn. Oct. 14, 2014) (discussing information submitted in connection with a motion for summary judgment and its impact on the adjudicatory process). The party seeking to have the information sealed must show that there is a "compelling reason" to overcome the public's right to access judicial records.

If the documents at issue are not "judicial records," then the Court applies a "good cause" standard to determine whether the material should be sealed. *Krueger*, 2014 WL 12597948, at *11 ("If the documents are not judicial records, the Court will order the documents to remain

---

[1]      The Defendants have also submitted proposed redactions that would allow the document to be unsealed and publicly filed. (*See* ECF 472-2.) However, the Plaintiffs argue that the proposed redactions are not appropriate under the circumstances.

under seal because Ameriprise met its burden under Rule 26(c) to establish good cause to maintain the confidentiality of the documents."). The party seeking to seal such documents must demonstrate, pursuant to Fed. R. Civ. P. 26(c), that continued sealing is needed to protect it from "annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. civ. P. 26(c). The types of information the Court may choose to protect include "trade secrets or other confidential research, development, or commercial information…." *Id.*

The Court has not located any controlling precedent indicating whether documents filed in connection with *Daubert* motions are subject to the "compelling reason" standard for remaining sealed or the more lenient "good cause" standard. However, several courts apply the stricter standard when documents at issue are "more than tangentially related to the merits of a case…." *See Sumotext Corp. v. Zoove, Inc.*, Case No. 16-cv-01370-BLF, 2019 WL 6841259, at *1 (N.D. Cal. Dec. 1, 2019) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016)); *Krueger*, 2014 WL 12597948, at *9 n.8 (considering whether the issues in the underlying class-certification motion were "related … only tangentially to the underlying merits of plaintiffs' claims"). Where the documents are filed in the context of *Daubert* motions that are intertwined with the ultimate merits of the claims, courts will require a showing sufficient to overcome the presumption of public access. *Sumotext Corp.*, 2019 WL 6841259, at *1 (finding that the "compelling reasons standard applies" to sealing motions related to "expert opinions relevant to the motion for summary judgment"); *GoDaddy.com LLC v. RPost Comm'ns Ltd.*, 2016 WL 1158851, at *3 (D. Ariz. Mar. 24, 2016) (applying "compelling reasons" standard to request to seal documents filed in connection with plaintiff's *Daubert* motion to exclude defendant's damages expert where plaintiff also sought summary judgment on the question of lack of evidence of damages) (citing *In re Midland Nat'l Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012)); *see also Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1255–56, 1258 (S.D. Fla. 2019) (providing that the public right of access attaches to documents filed in connection with motions asking the court to invoke its powers and finding that unsealing papers relating to *Daubert* motions was "critical for the public to be able to understand the reasoning and substantive effect of the Court's orders herein").

Against this legal landscape, the Court concludes that the Defendants are required to provide compelling reasons to overcome the public's right of access to the documents filed in connection with their *Daubert* motion. Here, the Defendants suggest that the more lenient standard should apply because their *Daubert* motion "turns on the admissibility of [the Plaintiffs' experts'] testimony … and not the merits of Plaintiffs' claims…." (Joint Mot. at 3–4.) However,

the Defendants understate the degree to which their efforts to exclude the opinions and testimony of Plaintiffs' damages experts are intertwined with the issues raised in the summary-judgment motion. The Defendants have argued that they are entitled to summary judgment on all of the Plaintiffs' claims because they have provided insufficient evidence of damages. (Defs.' Mem. in Supp. of Summ. J. at 19–29, ECF 436.) More specifically, Defendants ask the District Court to exclude the evidence provided by Plaintiffs' damages experts in their *Daubert* motion, and if those motions are successful, they suggest the Plaintiffs' claims should be dismissed because they have no admissible damages evidence. (*Id.* at 20–21.) Further, Defendants assert that they are entitled to summary judgment because, even if the Plaintiffs' expert reports are admissible, such evidence is inadequate to prove damages. (*Id.* at 21–29.) Because the *Daubert* motion is more than tangentially related to the substantive merits of the case, the documents related to the *Daubert* motion are judicial records to which the presumption of public access applies.

### B.  Analysis

In support of their requests that the six documents listed above remain under seal, the Defendants have offered the Declaration of Timothy Alessi (ECF 369-2), who is a Senior Director of Product Marketing with LG, and the Declaration of Luke Motschenbacher (ECF 369-2), a Vice President with Best Buy. Defendants rely on these Declarations to show that they maintain confidentiality of certain information and that its public disclosure would cause significant and undue harm to their businesses. (*See, e.g.*, Joint Mot. at 5.) Both Mr. Alessi and Mr. Motschenbacher describe how their respective companies are involved in competitive industries, and Defendants rely on maintaining certain trade secrets and confidential strategies in conducting their business. These include strategies for television pricing, maintenance of sales data, results of consumer research and consumer surveys, strategies for developing online and in-store marketing, and practices for responding to customer complaints. The Defendants argue that revealing such information could cause both companies competitive harm. Below, the Court considers these assertions of competitive harm in the context of the specific documents at issue.

### 1.  Defendants' Unredacted Supporting Memorandum

The Defendants filed the *Daubert* motion's supporting memorandum in both redacted and unredacted form, the latter being under temporary seal. The redacted version of the memorandum removes a substantial amount of information the Defendants ask the District Court to consider in support of their request to exclude the testimony of the Plaintiffs' experts, Gaskins and Weir. (ECF 374.)

Having reviewed both versions of the memorandum in the context of the asserted justifications for continued sealing found in the Declarations of Mr. Alessi and Mr. Motschenbacher, the Court concludes that the memorandum in support of the *Daubert* motion should be unsealed. A number of the redactions bear no relationship to the reasons the Defendants claim continued sealing is justified. Specifically, the redactions on several pages in the memorandum shield information that is not clearly related to any of the reasons given by the Defendants for continued sealing. (*See* ECF 374 at 1–4, 6, 7, 9–12, 14 (line 4), 15–16, 16 (lines 19–20), 17, 19 (lines 5–6), 24 (Heading A), 30 (lines 1–2), 32–35.) These redactions do not conceal proprietary technical information regarding LG's televisions, pricing strategies, either of the Defendants' own sales data, results of the Defendants' consumer surveys, their marketing strategies, or their approaches to addressing customer complaints. Instead, the redacted material includes discussion of the Plaintiffs' experts' relationship to one another, alleged flaws in their analyses, and perceived limitations of their expert reports. There is no indication in the record that the public disclosure of such information would cause competitive harm to either Defendant.

The redaction on page 14 of a reference to Mr. Gaskin's deposition (ECF 377-1) is unsupported as the Defendants have agreed that the relevant excerpts of his deposition filed in connection with the *Daubert* motion may be unsealed. The same is true for the information redacted on page 23 and the final seven lines of page 24.

There is also no compelling reason that the information redacted from the final four lines on page 19 through the end of the first full paragraph on page 20 must remain under seal. Although the discussion in the Defendants' memorandum involves Plaintiffs' expert's analysis of market data, historical facts about LG's advertising, and the expert's consideration of sales data and pricing, no confidential details regarding the Defendants' businesses are disclosed. Therefore, there has been an insufficient showing that removing these redactions would cause the Defendants competitive harm.

The redactions on page 25 must go as well. These redactions are based on references to a portion of the Defendants' rebuttal expert's report that the Defendants have proposed can be publicly filed. (*See* ECF 472-2, Wilcox Decl. ¶¶ 87–88.) The same is true for the redactions on pages 26 through 27, 28 through 29, and 30 through 31, which include references to similar portions of the rebuttal report for which continued sealing is no longer requested, and to Mr. Gaskins' own report, which was publicly filed. (*Id.*, Wilcox Decl. ¶¶ 87–93, 95, 99–102, 104; ECF 376-1.) Again, there has been an insufficient showing that revealing this information in the memorandum would cause the Defendants' competitive harm.

Finally, the Court notes that the Defendants' memorandum in support of their *Daubert* motion discusses opinions offered by their expert Dr. Keith Ugone at pages 33–34, in a passage that is redacted. (ECF 375 at 33–34.) The Court concludes below that the Defendants' proposed redactions to Dr. Ugone's report, which include paragraphs cited in the Defendants' brief, are appropriate. However, the discussion of Dr. Ugone's opinions in the Defendants' memorandum is not so detailed or otherwise revelatory of the types of strategic or other competitive information that would expose the Defendants' to competitive harm if it were publicly filed. Therefore, there is no compelling reason to keep this portion of the brief under seal.

Accordingly, the Court concludes that the memorandum in support of the Defendants' *Daubert* motion should be unsealed in its entirety, and **the Clerk of Court is instructed to unseal the document at docket entry ECF 375.**

### 2. Dr. Wilcox's Rebuttal Report

Though it was originally filed entirely under seal, the Defendants have proposed filing Dr. Wilcox's rebuttal report in a redacted form. (ECF 472-2.) The Court has reviewed the Defendants' proposed redactions to this report, and concludes that the redactions would maintain the confidentiality of information that the Defendants have a legitimate competitive interest in keeping under seal. The Defendants have, therefore, carried their burden to demonstrate a compelling reason for continued sealing, and **the Clerk of Court is directed to keep the document at ECF 377-2 under seal**. **However, Defendants must refile the document in the proposed redacted form**. **Alternatively, if this document has been elsewhere made part of the publicly available record in the same redacted form, the Defendants shall so inform the Court and such refiling will be considered unnecessary**.

### 3. Declaration of Colin Weir and Exhibits

The Court concludes that the Declaration of Colin Weir should be unsealed, but this should occur subject to the Defendants' proposed redactions in document number 472-2. In their proposed redactions, the Defendants would only redact two tables reflecting Mr. Weir's analysis that is based on sales data. The Declarations of Mr. Alessi and Mr. Motschenbacher adequately support the Defendants' interests in maintaining the confidentiality of sales data, and this information may properly be subject to continued sealing. Accordingly, **the Clerk of Court is directed to keep ECF No. 377-3 under seal**. **However, Defendants must refile the document in the proposed redacted form**. **Alternatively, if this document has been elsewhere made part of the publicly available record in the same redacted form, the Defendants shall so inform the Court and such refiling will be considered unnecessary**.

### 4.  Declaration of Dr. Keith Ugone

Dr. Ugone is an economist and a retained rebuttal expert for the defense. He offered a rebuttal report, which was originally filed under temporary seal, in support of the Defendants' *Daubert* motion. (ECF 377-5.) Much as they did with the Wilcox Declaration discussed above, the Defendants have proposed publicly filing Dr. Ugone's Declaration with redactions. (ECF 472-2, Ugone Decl.) Although the proposed redactions to the Ugone Declaration and the accompanying exhibits are substantial, they would maintain the confidentiality of the specific results of consumer research and surveys conducted by LG and Best Buy, pricing and sales data, and similar information. It is reasonable to infer the possibility of competitive harm from the type of information covered by the proposed redactions in Dr. Ugone's Declaration. The possibility of competitive harm aligns with the justifications discussed in the Declarations of Mr. Alessi and Mr. Mostchenbacher. For these reasons, **the Clerk of Court is directed to keep the document at ECF 377-5 under seal**. **However, Defendants must refile the document in the proposed redacted form**. **Alternatively, if this document has been elsewhere made part of the publicly available record in the same redacted form, the Defendants shall so inform the Court and such refiling will be considered unnecessary**.

### 5.  Plaintiffs' Unredacted Opposition Memorandum

The Plaintiffs filed both an unredacted version of their memorandum opposing the Defendants' *Daubert* motion (ECF 384) and a redacted version (ECF 385). For many of the same reasons discussed above in the context of the Defendants' memorandum supporting the *Daubert* motion, the Court finds that much of the information in this memorandum need not be redacted to protect the Defendants' legitimate interests in avoiding competitive harm.

There is one sentence in the Plaintiffs' opposition brief that merits continued sealing. On page 6 of their brief, the Plaintiffs reference Table 1 in the Declaration of Mr. Weir. The Court has already determined that Table 1 may be properly redacted from a publicly filed version of Weir's Declaration, and the sentence immediately preceding the citation to Table 1 should be redacted from the Plaintiffs' opposition brief. The Defendants have not shown, however, that the other redactions in the first six pages of the Plaintiffs' opposition brief involve information that would cause them undue harm if publicly disclosed. A redacted version of the opposition should be refiled with those redactions removed. Accordingly, **the Clerk of Court is directed to keep the document at ECF 385 under seal**. **However, the Plaintiffs must refile the document in a redacted form that corresponds to this Order**.

### 6.  Defendants' Unredacted Reply Memorandum

The Defendants publicly filed a reply memorandum in support of their *Daubert* motion in redacted form (ECF 391) and an unredacted version under temporary seal (ECF 390). As with their opening memorandum, the Defendants redacted information from their reply brief unrelated

to the competitive harm that Mr. Alessi and Mr. Motschenbacher suggest would be caused by public revelation. The redactions to the publicly-filed reply include: criticism of the information Mr. Gaskin did or did not consider and his analysis (Reply at 3–4 & n.2; *id.* at 4–5, 7 (lines 4–6); *id.* at 8 (lines 3–6, and 10–11); *id.* at 11); references to portions of Professor Wilcox's own analysis that Defendants have proposed to unseal (*id.* at 6; *id.* at 8–9); references to Mr. Gaskin's deposition, which the parties have agreed may be unsealed (*id.* at 6; *id.* at 7 (line 15)); a footnote characterizing a portion of Professor Wilcox's deposition testimony (*id.* at 9 n.5); discussion of considerations that influenced the individual Plaintiffs' own buying decisions (*id.* at 10–11 (lines 3–7)); and argument about the significance of Dr. Ugone's analysis (*id.* at 11 (lines 13–18)).

These redactions do not maintain confidential details about the Defendants' own proprietary marketing strategies, pricing decisions, sales data, consumer research, or approach to addressing consumer complaints. As such, the Defendants have failed to demonstrate compelling reasons for keeping the unredacted reply memorandum under seal, and **the Clerk of Court is directed to unseal the document at ECF No. 390**.

## III.   Conclusion

For the reasons discussed, the Joint Motion Regarding Continued Sealing **(ECF No. 471)** is **GRANTED IN PART and DENIED IN PART** as stated in this Order.

**IT IS SO ORDERED.**

Date: June 2, 2020

 *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge