UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HUDOCK et al.,<br><br>                Plaintiffs,<br>v.<br><br>LG ELECTRONICS U.S.A., INC. et al.,<br><br>                Defendants.<br><br>This document relates to:<br><br>All actions | Lead Case No. 0:16-cv-01220-JRT-KMM<br><br>**DEFENDANTS' MOTION TO STAY PROCEEDINGS DURING RULE 23(f) APPEAL** |

      Defendants LG Electronics U.S.A., Inc.; Best Buy Co., Inc.; Best Buy Stores L.P.; and BestBuy.com, LLC (collectively, "Defendants") request that the Court stay all proceedings in light of the pending Rule 23(f) appeal in the Eighth Circuit. Plaintiffs agree with this motion in part: They have stated through counsel that a stay of litigation deadlines is appropriate pending review of the Court's class-certification order by the Eighth Circuit.

## BACKGROUND

      1.    Plaintiffs Breann Hudock, Eugene Mannacio, and Brian Fleishman ("Plaintiffs" or, together with Defendants, the "Parties") filed their Motion for Class Certification in this case on August 6, 2019. ECF No. 223. Defendants filed their Opposition to that motion on September 18, 2019. ECF No. 316. Plaintiffs filed their Reply in support of that motion on October 23, 2019. ECF No. 338.

2. The Court granted in part and denied in part Plaintiffs' Motion for Class Certification on March 30, 2020, ECF No. 548, preliminarily certifying a class and subclass.

3. Defendants sought permission to appeal the Court's class-certification order in the Eighth Circuit pursuant to Federal Rule of Civil Procedure 23(f) on April 13, 2020. The Eighth Circuit granted that petition on June 29, 2020, setting the appeal for full briefing and argument.

4. Following the Court's order on class certification, the Parties filed a Joint Stipulation Regarding Class-wide Discovery on May 27, 2020.  ECF No. 574.  Consistent with that stipulation, the Court on June 1, 2020 entered an order setting October 30, 2020 as the deadline to complete class-wide discovery, and November 30, 2020 as the deadline for Plaintiffs to propose a Notice Plan to the Court.  ECF No. 578.  Class-wide discovery is not yet complete and Plaintiffs have not yet proposed a Notice Plan to the Court.

5. The Parties have worked diligently to fulfill their outstanding obligations prior to the deadlines noted above.  The pending Rule 23(f) appeal, however, will not be complete until after those deadlines pass.

## REASONS FOR GRANTING THE STAY

6. The Court should stay further proceedings pending the disposition of the Rule 23(f) appeal.  The pending Rule 23(f) appeal raises significant questions regarding the proper application of Rule 23 to this case.  The appeal will resolve whether this Court correctly determined that class certification was appropriate.  And it may affect the need for additional class-wide discovery and the issues to be addressed at trial.

7. The Eighth Circuit has now granted Defendants' Rule 23(f) petition and set the case on a briefing schedule. As a statistical matter, defendants whose Rule 23(f) petitions are granted are generally likely to succeed on appeal from an order granting class certification. *See, e.g.,* John H. Beisner et al., *Study Reveals US Courts of Appeal Are Less Receptive to Reviewing Class Certification Rulings* (Apr. 29, 2014), https://www.jdsupra.com/legalnews/study-reveals-us-courts-of-appeal-are-l-52418/ (noting that, in the seven years covered by the study, Courts of Appeals "ruled against class certification . . . 70 percent of the time" when a Rule 23(f) petition was granted to review a district court order granting class certification).

8. Absent a stay, the Parties are also likely to suffer irreparable harm. The Parties will be forced to litigate a case that may change substantially as a result of the Rule 23(f) appeal. And they will be required to complete any remaining class-wide discovery and may be required to participate in a trial, even though such proceedings may be altered by the Eighth Circuit's ruling. This district has held that such harms weigh in favor of a stay when a Rule 23(f) appeal is pending. *See IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, No. 11–429 (DWF/FLN), 2014 WL 4540228, at *3 (D. Minn. Sept. 11, 2014) ("Defendants also argue that they will suffer irreparable harm absent a stay, relying primarily on the fact that they would be forced to engage in costly discovery and motion practice pending the Eighth Circuit's decision. This factor weighs in favor of a stay.").

9. Granting a stay would not substantially injure either party. A stay would allow the Parties to focus on the Rule 23(f) appeal, and would ensure that the Parties do

not waste resources on class-related proceedings that may be obviated by the Eighth Circuit's decision in the pending appeal.

10. A stay would also serve the public interest. A stay would conserve judicial resources and avoid potentially unnecessary filings pending resolution of the Rule 23(f) appeal. That is particularly important in light of the ongoing COVID-19 pandemic.

11. Thus, as set forth in the proposed order to be submitted with this Motion, Defendants request a stay of all proceedings before this Court pending the Eighth Circuit's decision in the Rule 23(f) appeal.

12. Defendants have conferred with Plaintiffs. Plaintiffs agree with the motion only in part: They have stated through counsel that a stay of litigation deadlines is appropriate pending review of the class-certification order by the Eighth Circuit. Defendants' position, by contrast, is that a stay of all proceedings is appropriate in light of the potential for the Eighth Circuit's ruling to alter the future proceedings in this case.

13. If the Court grants this stay, Defendants propose to meet and confer with Plaintiffs within 21 days after the Eighth Circuit rules on the Rule 23(f) appeal to discuss a proposed new schedule for proceedings before this Court.

14. If the Court grants this stay, Defendants propose to submit to the Court a new proposed scheduling order within 30 days after the Eighth Circuit rules on the Rule 23(f) appeal.

WHEREFORE, Defendants ask the Court to grant this requested stay, and enter the proposed order provided to this Court.

Dated: July 2, 2020                **HOGAN LOVELLS US LLP**

/s/ *Phoebe A. Wilkinson*
Phoebe A. Wilkinson*
Marisa H. Lenok*
Samuel L. Zimmerman*
390 Madison Avenue
New York, NY 10017
T. (212) 918-3000
F. (212) 918-3100
phoebe.wilkinson@hoganlovells.com
marisa.lenok@hoganlovells.com
samuel.zimmerman@hoganlovells.com


Peter H. Walsh (MN No. 388672)
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com


Robert B. Wolinsky*
555 Thirteenth Street NW
Washington, DC 20004
T. (202) 637-5600
F. (202) 637-5910
robert.wolinsky@hoganlovells.com


*pro hac vice*

*Counsel for Defendants LG Electronics USA, Inc., Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC*