# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| HUDOCK et al.,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>LG ELECTRONICS U.S.A., INC. et al.,<br><br>　　　　　　　　Defendants.<br><br>This document relates to:<br><br>All actions | Lead Case No. 0:16-cv-01220-JRT-KMM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS LG ELECTRONICS U.S.A., INC., BEST BUY CO., INC., BEST BUY STORES, L.P., and BESTBUY.COM, LLC'S MOTION FOR A PROTECTIVE ORDER FOR REDACTION OF INFORMATION FROM THE JUNE 29, 2020 HEARING TRANSCRIPT** |

**INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 5.2 and 26(c)(1)(G), Local Rule 5.5, the Protective Order (ECF No. 113), and the Court's June 1, 2020 and June 2, 2020 Orders (ECF Nos. 576, 579), Defendants LG Electronics U.S.A., Inc., Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.Com, LLC (collectively the "Defendants") respectfully submit this Memorandum of Law in Support of Defendants' Motion for a Protective Order for Redaction of Information from the June 29, 2020 Hearing Transcript. Defendants seek only very limited redactions that are consistent with the Court's prior orders with respect to confidentiality and keep Defendants' commercially and competitively sensitive information protected.

**BACKGROUND**

**I.     PRIOR FILINGS AND SEALING DISPUTES**

On May 4, 2018, the Protective Order was entered in this case based on the parties' agreed stipulation. ECF Nos. 108, 113. Although the Protective Order provides a procedure for designating documents "Confidential" and "Confidential – Attorneys' Eyes Only" (collectively "Confidential Information") and filing such documents with the Court, ECF No. 113 at 3-7, it does not provide a procedure for redacting the same type of Confidential Information from Court transcripts.

On June 29, 2020, the Parties had a telephonic hearing on the Parties' *Daubert* Motions to Exclude Expert Testimony, Defendants' Motion for Summary Judgment, and Plaintiffs' Motion to Exclude the Declaration of Taylor Vander Aarde (the "June 29

Hearing").[1]  The briefing of each of these motions made reference to, and attached as exhibits, documents that had been designated as Confidential Information during discovery.  All of the briefs, and 171 documents, were filed under seal, in compliance with Local Rule 5.6.

Pursuant to Local Rule 5.6, the Parties submitted Joint Motions Regarding Continued Sealing for each of these motions.  ECF Nos. 471, 534, 553, 556, 560 (the "Joint Motions").  The Joint Motions included briefing from both parties regarding the confidential nature of the documents at issue.  Defendants' briefing relied on declarations from senior officers at Best Buy and LG, previously submitted in connection with a prior Joint Motion Regarding Continued Sealing.  *See* ECF Nos. 369-2, 369-3 (the "Alessi and Motschenbacher Declarations").  On May 26, 2020 the Court granted the Parties' Joint Motion Regarding Continued Sealing for the documents filed in Connection with Plaintiffs' Motion to Exclude the Declaration of Taylor Vander Aarde, ECF No. 573, and on June 2, 2020, granted in part the Parties' Joint Motion Regarding Continued Sealing for the documents filed in Connection with Defendants' *Daubert* motion.[2]  The remaining Joint Motions are still pending.

---

[1]  Both Parties filed *Daubert* motions to exclude expert testimony, Defendants on December 2, 2019, ECF No. 373, and Plaintiffs on January 10, 2020. ECF Nos. 397, 406. In addition, Defendants moved for Summary Judgment on January 10, 2020.  ECF No. 429.  Plaintiffs filed their opposition on February 5, 2020, ECF No. 485, along with a motion to exclude the declaration of Taylor Vander Aarde. ECF No. 478.

[2]  At issue in this motion were certain proposed redactions to the Parties' expert reports and memoranda of law filed in support of Defendants' *Daubert* Motion to Exclude Expert Testimony.  *See* ECF No. 579.  Applying the same "compelling reason" standard which is applicable here, the Court found all of the proposed redactions to the expert reports were appropriate, as those redactions were necessary to protect confidential,

2

On March 27, 2020, Defendants filed a motion for a protective order seeking certain redactions to the transcript from the hearing on class certification.  ECF No. 543.  Plaintiffs opposed this motion on April 3, 2020.  ECF No. 550.  Defendants filed their reply in support of this motion on April 13, 2020.  ECF No. 565.  The Court issued its order granting Defendants' motion on June 1, 2020.  ECF No. 576.  In that order, the Court explained limited redactions were appropriate for portions of the class certification hearing transcript which "contain direct quotations from documents that this Court has already determined were properly entitled to continued sealing in an Order granting the Joint Motion for Continued Sealing of documents filed under temporary seal in connection with the Plaintiffs' class-certification motion," ECF No. 576 at 2, as well as other similar categories of documents.   ECF No. 579.   Citing to the Alessi and Motschenbacher Declarations, the Court explained Defendants had carried their burden of showing a "compelling countervailing reason" why these redactions should be applied, despite the qualified right of public access to "judicial records."  ECF No. 579 at 1-2.

---

competitive information as discussed in the Alessi and Motschenbacher Declarations. *See* ECF No. 579 at 7 ("Although the proposed redactions to the Ugone Declaration and the accompanying exhibits are substantial, they would maintain the confidentiality of the specific results of consumer research and surveys conducted by LG and Best Buy, pricing and sales data, and similar information. It is reasonable to infer the possibility of competitive harm from the type of information covered by the proposed redactions in Dr. Ugone's Declaration. The possibility of competitive harm aligns with the justifications discussed in the Declarations of Mr. Alessi and Mr. Mostchenbacher"). On the other hand, the Court found that more general information regarding the conclusions of the parties' experts, which Defendants proposed redacting from the memoranda, were not appropriate to redact. *See id.*

## II.    REDACTIONS TO THE JUNE 29 HEARING TRANSCRIPT

The instant motion concerns certain limited redactions to the transcript of the June 29 hearing.  Before argument began in that hearing, counsel for Defendants took affirmative steps to protect the confidentiality of the information they now seek to redact. Specifically, counsel for Defendants brought to the Court's attention that the Parties were likely to discuss confidential materials, and requested the Court verify there were no callers on the public line not associated with the Court or the Parties.  ECF No. 599 5:17-23 (". . . in looking at Mr. Cialkowski's slides and also knowing what myself and Ms. Wilkinson are going to say, there are some confidential documents that are going to be discussed. I know there is a public line that can be accessed for the hearing. I don't know if anyone is on it. I don't know if there is a way of finding that out.").  The Court did so, and confirmed that only individuals associated with the Court and the Parties had dialed-in.  ECF No. 599 at 5:24-6:13.

On July 15, 2020, the Court issued a docket entry notifying the parties of the availability of the transcript of the June 29, 2020 hearing.  Defendants' counsel conferred with Plaintiffs' counsel prior to filing this motion to see whether the parties could reach agreement.  Plaintiffs' position is they will not agree to Defendants' proposed redactions for the same reasons detailed in Plaintiffs' opposition to Defendants' motion seeking redactions of the class certification hearing transcript even though those arguments were not accepted by the Court in connection with the prior motion.  *See* ECF No. 550.

## ARGUMENT

### I.   LEGAL STANDARD

Federal Rule of Civil Procedure 5.2(e)(1) provides that "[f]or good cause, the court may by order in a case … require redaction of additional information." Fed. R. Civ. P. 5.2(e)(1).  Relatedly, Federal Rule of Civil Procedure 26(c)(1)(G) permits the court to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

Consistent with these Rules, the Protective Order in this case permits the parties to designate as "Confidential" any document "that it in good faith contends to constitute or contain trade secret or other confidential information protectable under Rule 26(c)." ECF No. 113 ¶ 2.1.  The parties may also designate as "Confidential – Attorneys' Eyes Only" any documents that "contain sensitive information, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means." *Id.* ¶ 2.3.  Thus, although the Protective Order does not itself authorize the filing of any document under seal (*id.* ¶ 3.2), the standards for validly designating documents under the Protective Order are coextensive with the standards for the Court to issue an order directing the sealing of documents.

The public has a qualified right of access to "judicial records" like the transcript at issue here.  *See Krueger v. Ameriprise Fin., Inc.*, CIV NO. 11-2781 (SRN/JSM), 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014), *aff'd*, No. 11-cv-02781 (SRN/JSM),

2015 WL 224705 (D. Minn. Jan. 15, 2015).  This presumption of public access may be overcome if the Court finds the interests of the public in accessing these judicial records is outweighed by the "salutary interests served by maintaining confidentiality of the information sought to be sealed."  *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).  Regardless of the strength of the public interest, it may be overcome by a sufficient "countervailing reason" justifying sealing.  *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, MDL No. 15–2666 (JNE/FLN), 2018 WL 2135016, at *3 (D. Minn. May 9, 2018).

## II.   LIMITED REDACTIONS ARE WARRANTED AND CONSISTENT WITH THE COURT'S PRIOR ORDERS

The present motion relates to specific documents and categories of information the Court has twice already determined meet the elevated "compelling countervailing reason."  *See* ECF Nos. 576 at 1, 579 at 3, 7.  In both instances the Court found the Defendants carried their burden in showing their interest in protecting the underlying information outweighed the public's interest in disclosure of that information.  *See* ECF No. 576 at 2 ("Having reviewed these declarations, the underlying documents that are referenced in the class-certification hearing transcript, and the material to be redacted from the transcript itself, the Court finds that the Defendants have, at this stage, satisfied their burden to show that the information may be redacted."); ECF No. 579 at 6-8.  The same justification supports sealing here.

 As explained in the table accompanying Defendants' motion, Defendants are seeking only limited redactions to twenty-five portions of the transcript (which is

6

seventy-five pages long). Of those twenty-five portions, twenty-one disclose the contents

of specific documents the Court ordered be kept under seal or redacted from the class

certification hearing transcript. The other four portions (nine lines) disclose the same

type of information relating to pricing strategy, sales data, and the strategy and

development of marketing materials the Court previously found warranted continued

sealing. Defendants carried their burden of showing such information warranted

protection in connection with the prior Joint Motions Regarding Continued Sealing (ECF

Nos. 389, 579) and the prior Motion for Protective Order, ECF No. 576, and maintained

the confidentiality during the hearing by alerting the Court to the fact the parties would

be discussing Confidential Information. ECF No. 599 at 5:24-6:13.

Applying the limited redactions, Defendants request is consistent not only with the

Court's prior rulings regarding the same information in this case, but similar rulings in

other cases as well. *See Krueger*, 2014 WL 12597948, at *10 (holding that "[j]udicial

orders and hearing transcripts reflect the everyday business of the courts and clearly

amount to judicial records," yet granting redactions to hearing transcripts). In *Krueger*,

"the [c]ourt considered the bedrock principle that judicial proceedings, with rare

exceptions, are public." 2014 WL 12597948, at *25. Nevertheless, the court found

redactions were warranted because they disclosed the contents of documents the court

had previously found to deserve protection. *Id.* In conducting its balancing, the court

observed "[t]he redactions were minimal, and minimally impact the public's right to

access court proceedings." *Id.* Notably, the court found it significant that "the public has

not previously had access to these documents or the information disclosed in the

7

documents," and that the parties seeking redactions had "adequately explained how they would be prejudiced by the release of this information." *Id.* Other courts have similarly permitted redactions where the parties made efforts to maintain confidentiality of documents used in hearings. *See, e.g.*, *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 342 (S.D. Iowa 1993) (permitting party to "mark the pages of the trial transcript relating to the sealed exhibits" for sealing where party took steps to maintain confidentiality of documents used at trial).

Indeed, it is well settled the protection of trade secrets, commercially sensitive information, and confidential research is "good cause" and "countervailing reasons" that justifies sealing. *See IDT Corp.*, 709 F.3d at 1223-24; *Graphic Commc'ns Local 1B Health & Welfare Fund v. CVS Caremark Corp.*, Civil No. 09-2203 (JMR/JSM), 2009 WL 10678536, at *2 (D. Minn. Aug. 30, 2009). This includes redacting transcripts. For example, in *Schwendimann v. Arkwright Advanced Coating, Inc.*, Civil No. 11-820 (JRT/HB), 2018 WL 2230920 (D. Minn. May 16, 2018), this Court granted requests to redact dozens of portions of a trial transcript. The type of information for which redaction was granted included confidential commercial information such as:

- Commercial strategy;

- Information regarding manufacturing and capacity;

- Substance of commercial negotiations;

- Information regarding profitability;

- Identification of customers; and

- Communications with customers and potential customers.

ECF No. 546-2.

The limited information Defendants seek to redact here is substantially similar to the information this Court allowed to be redacted in *Schwendimann*, and redaction is justified for the same reasons, as previously explained in connection with the Joint Motions. This Court has time-and-again determined the documents and information at issue here merit sealing. It should do so again.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request the Court grant this Motion for a Protective Order for Redaction of Information from the June 29, 2020 Hearing Transcript.

Dated: August 13, 2020

**HOGAN LOVELLS US LLP**

*/s/ Robert B. Wolinsky*
Robert B. Wolinsky*
555 Thirteenth Street NW
Washington, DC 20004
T. (202) 637-5600
F. (202) 637-5910
robert.wolinsky@hoganlovells.com

Peter H. Walsh (MN No. 388672)
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

Phoebe A. Wilkinson*
Samuel L. Zimmerman*
390 Madison Avenue
New York, NY 10017
T. (212) 918-3000
F. (212) 918-3100
phoebe.wilkinson@hoganlovells.com
samuel.zimmerman@hoganlovells.com

*pro hac vice

*Counsel for Defendants LG Electronics USA, Inc., Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC*

10