UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BREANN HUDOCK, EUGENE MANNACIO, and BRIAN FLEISHMAN, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

LG ELECTRONICS U.S.A., INC., BEST BUY CO., INC., BEST BUY STORES, L.P., and BESTBUY.COM, LLC,

Defendants.

Civil No. 16-1220 (JRT/KMM)

**MEMORANDUM OPINION AND ORDER**

---

Alex Phillips and Samuel J. Strauss, **TURKE & STRAUSS LLP**, 613 Williamson Street, Suite 201, Madison, WI 53703; Alyssa Leary and David M. Cialkowski, **ZIMMERMAN REED, PLLP**, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Hart L. Robinovitch, **ZIMMERMAN REED, PLLP**, 14646 North Kierland Boulevard, Suite 145, Scottsdale, AZ 85254; Brittany N. Resch, Daniel C. Hedlund & Raina Borrelli, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; and Luke Hudock, **HUDOCK LAW GROUP, SC**, PO Box 83, Muskego, WI 53150, for plaintiffs.

Alicia Paller and Robert Benjamin Wolinsky, **HOGAN LOVELLS US LLP**, 555 Thirteenth Street Northwest, Washington, D.C. 20004; Phoebe Anne Wilkinson and Samuel Lee Zimmerman, **HOGAN LOVELLS US LLP**, 390 Madison Avenue, New York, NY 10017; and Peter H. Walsh, **HOGAN LOVELLS US LLP**, 80 South Eighth Street, Suite 1225, Minneapolis, MN 55402, for defendants.

Defendants move the Court to stay further proceedings in this action until the Eighth Circuit issues a decision regarding the Court's grant of class certification on Plaintiffs' consumer protection and unjust enrichment claims against LG Electronics U.S.A., Inc., Best Buy, Co., Inc., Best Buy Stores, LP, and BestBuy.com, LLC (collectively, "Defendants").  Because the Eighth Circuit's decision may affect the need for additional class-wide discovery and the issues to be litigated at trial, the Court will grant Defendants' Motion to Stay Proceedings.

## BACKGROUND

Plaintiffs, Breann Hudock, Eugene Mannacio, and Brian Fleishman allege that Defendants inaccurately labeled televisions with a 60Hz or 120Hz refresh rate as having a refresh rate of 120Hz or 240Hz, respectively.  Plaintiffs moved for class certification of all persons in the United States who had purchased LG LED televisions labeled as having a Hz rating twice the native refresh rate of its panel between May 9, 2010 and the present, and a subclass of all persons in the United States who purchased such an LG LED television from a Best Buy store or from Best Buy's website between May 9, 2010 and the present. (Mot. to Certify Class at 1, Aug. 6, 2019, Docket No. 223.)  The Court granted Plaintiffs' motion with respect to the consumer-protection and unjust-enrichment claims against Defendants.  (Mem. Op & Order, Mar. 30, 2020, Docket No. 548.)

Defendants then petitioned the Eighth Circuit for permission to appeal the Court's class certification under Federal Rule of Civil Procedure 23(f), and the Eighth Circuit

granted permission.  (USCA Judgment, June 29, 2020, Docket No. 594.)  Defendants now move the Court to stay all proceedings in light of the pending appeal.  (Mot. to Stay Proceedings, July 2, 2020, Docket No. 585.)

**DISCUSSION**

Under Rule 23(f), "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders."  Fed. R. Civ. P. 23(f).  "The Court has the inherent power to stay proceedings of an action to control its docket, to conserve judicial resources, and to ensure that each matter is handled 'with economy of time and effort for itself, for counsel, and for litigants.'"  *4Brava, LLC v. Sachs*, No. 15-CIV-2744 (JRT/DTS), 2018 WL 2254568, at *2 (D. Minn. May 17, 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The Court will weigh the competing interests of the parties, including the hardship or inequity a party may suffer if a stay is granted or denied.  *See 4Brava*, 2018 WL 2254568, at *2 (quotation omitted).

When Defendants' Motion to Stay Proceedings was initially filed, Plaintiffs agreed that class discovery and attendant litigation should be stayed, but they did not agree that all proceedings should be stayed, because ten motions before the Court remained unresolved.  Since then, the Court has determined seven of the motions and the remaining three are joint motions.  As such, the parties no longer have competing interests.  Further, granting a stay will not impose hardship on either party, as it will save both parties potentially unnecessary class-related litigation costs and resources.

Accordingly, the Court will stay all proceedings in this action and suspend all deadlines until a decision is reached by the Eighth Circuit on the now-pending appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay Proceedings [Docket No. 585] is **GRANTED,** that all deadlines in this action are hereby **SUSPENDED** until further order of this Court.

DATED: October 1, 2020  
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM  
                                              Chief Judge  
                                        United States District Court